1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel: +1.213.612.2500
Fax 1.213.612.2501

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Attorneys for Defendant
TESLA, INC.

Brian M. Ercole
(*pro hac vice* motion forthcoming)
brian.ercole@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL  33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY YEH on behalf of himself, all others
similarly situated, and the general public,

Plaintiff,

vs.

TESLA, INC.,

Defendant.

Case No. 3:23-cv-01704-JCS

**DEFENDANT TESLA INC.'S NOTICE
OF MOTION AND MOTION TO
COMPEL ARBITRATION OF
PLAINTIFF'S CLAIMS ON AN
INDIVIDUAL BASIS  AND TO
DISMISS THE ACTION;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
THEREOF**

[Declarations of David L. Schrader, Jasjit
Ahluwalia, and Minu Sinha, and Proposed
Order submitted concurrently herewith]

Hearing Date:     July 7, 2023
Time:              9:30 a.m.
Ctrm:              F, 15th Floor
Judge:             Hon. Joseph C. Spero

Compl. Filed:     April 7, 2023

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT TESLA INC.'S NOTICE OF MOTION, MOTION TO COMPEL ARBITRATION OF
PLAINTIFF'S CLAIMS ON AN INDIVIDUAL BASIS AND TO DISMISS THE ACTION, AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1    **NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OF**

2    **PLAINTIFF'S CLAIMS ON AN INDIVIDUAL BASIS AND TO DISMISS THE ACTION**

3    PLEASE TAKE NOTICE that on July 7, 2023, at 9:30 a.m. or as soon thereafter as the

4    matter may be heard before the Honorable Joseph C. Spero, Courtroom F, of the above-entitled

5    Court, located at 450 Golden Gate Avenue San Francisco, CA 94102, Tesla, Inc. ("Tesla") moves

6    this Court to compel Plaintiff Henry Yeh ("Plaintiff") to submit his claims to individual, non-

7    class arbitration per the terms of Plaintiff's agreements with Tesla and to dismiss the case.

8    Alternatively, Tesla seeks a stay of the action pending the outcome of individual, non-class

9    arbitration.

10   Tesla makes this Motion under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, on the

11   ground that Plaintiff entered into enforceable arbitration agreements that forego class claims and

12   require arbitration of his causes of action against Tesla in the Complaint on an individual, non-

13   class basis.

14   This Motion is based on this Notice of Motion and Motion, the accompanying

15   Memorandum of Points and Authorities, the concurrently filed declarations of Minu Sinha and

16   Jasjit Ahluwalia, and all exhibits thereto, all pleadings and files in this action, and any written or

17   oral argument presented to the Court at or prior to the hearing on this Motion.

18   Dated: June 2, 2023          MORGAN, LEWIS & BOCKIUS LLP
                                    David L. Schrader
19                                  Brian M. Ercole
                                    Mark A. Feller
20

21                                  By   /s/ David L. Schrader
22                                       David L. Schrader

23                                  *Attorneys for Defendant Tesla, Inc.*

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1

II.  SUMMARY OF ARGUMENT .......................................................................... 2

III.  RELEVANT FACTS AND ALLEGATIONS ..................................................... 4

    A.  Mr. Yeh First Agreed To Arbitrate Any Disputes With Tesla When He Ordered His Model Y Vehicle And Entered Into The Order Agreement. ............. 4

    B.  Mr. Yeh Again Agreed To Arbitrate Any Disputes With Tesla When He Took Delivery Of His New Model Y Vehicle And Signed The Sale Agreement. ..................................................................................................... 6

    C.  Ignoring These Agreements, Mr. Yeh Filed This Putative Class Action Lawsuit Based On An Inaccurate News Article. ......................................... 8

IV.  LEGAL ARGUMENT ...................................................................................... 9

    A.  Mr. Yeh Entered Into Two Separate Agreements To Arbitrate His Disputes With Tesla. ................................................................................... 11

        1.  Sale Agreement ...................................................................... 11

        2.  Order Agreement..................................................................... 12

    B.  Each Agreement Delegates The Arbitrability Of Mr. Yeh's Claims To The Arbitrator To Decide. ................................................................................. 14

        1.  Sale Agreement ...................................................................... 15

        2.  Order Agreement..................................................................... 16

    C.  Mr. Yeh's Claims Clearly Fall Within Scope Of The Arbitration Provisions In The Agreements. ................................................................................... 17

        1.  The Sale Agreement ............................................................... 17

        2.  Order Agreement..................................................................... 18

    D.  Arbitration Must Be Conducted On An Individual, Non-Class Basis. ................. 18

    E.  The Court Should Dismiss This Action. ..................................................... 19

V.  CONCLUSION ............................................................................................... 20

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Am. Exp. Co. v. Italian Colors Rest.*,
5
    570 U.S. 228 (2013) ................................................................................................. 3, 9, 18

6

*Arab v. BMW of N. Am., LLC*,
7
    No. SACV191303DOCJDEX, 2019 WL 8011713 (C.D. Cal. Sept. 10, 2019) ...................... 15

8

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 ................................................................................................................. 18

9

*Ball v. Tesla Motors, Inc.*,
10
    No. 22-C-0005, 2022 WL 1433646 (E.D. Wis. Mar. 31, 2022), *appeal
    dismissed*, No. 22-1782, 2022 WL 16627493 (7th Cir. Oct. 17, 2022) ................................... 2

11

*Brennan v. Opus Bank*,
12
    796 F.3d 1125 (9th Circ. 2015) ............................................................................... 3, 9, 16

13

*Cap. Grp. Commc'ns Inc v. Xedar Corp.*,
14
    No. C -13-01793 EDL, 2013 WL 4013711 (N.D. Cal. Aug. 5, 2013) ................................... 10

15

*Chatman v. Jimmy Gray Chevrolet, Inc.*,
    No. 3:16CV009-NBB-SAA, 2016 WL 5745697 (N.D. Miss. Sept. 30, 2016) ...................... 15

16

*Chavez v. Bank of Am.*,
17
    No. C 10-653 JCS, 2011 WL 4712204 (N.D. Cal. Oct. 7, 2011) ........................................ 12

18

*Chien v. Bumble Inc.*,
19
    No. 322CV00020GPCNLS, 2022 WL 17069842 (S.D. Cal. Nov. 17, 2022) ....................... 17

20

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
    207 F.3d 1126 (9th Cir. 2000) ................................................................................................ 9

21

*Dohrmann v. Intuit, Inc.*,
22
    823 F. App'x 482 (9th Cir. 2020) ...................................................................................... 13

23

*Epic Sys. Corp. v. Lewis*,
24
    138 S. Ct. 1612 (2018) ........................................................................................................ 18

25

*First Options of Chicago, Inc. v. Kaplan*,
    514 U.S. 938 (1995) ..................................................................................................... 2, 9, 10

26

*Fish v. Tesla, Inc.*,
27
    No. SACV 21-060 PSG (JDEx) 2022 WL 1552137 (C.D. Cal. May 12, 2022) ........... 2, 13, 18

28

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

*Fontana v. Chef's Warehouse Inc.*,
  No. 16-CV-06521-HSG, 2017 WL 2591872 (N.D. Cal. June 15, 2017)................................ 10

*Forrest v. Spizzirri*,
  62 F.4th 1201 (9th Cir. 2023)........................................................................................... 3, 19

*Gabriella v. Recology Inc.*,
  2022 WL 6271866 (N.D. Cal. Sept. 9, 2022) ....................................................................... 14

*Gala v. Tesla Motors TN, Inc.*,
  No. 2:20-CV-2265-SHM-TMP, 2020 WL 7061764 (W.D. Tenn. Dec. 2, 2020).............. 2, 13

*Garcia v. Dell, Inc.*,
  905 F. Supp. 2d 1174 (S.D. Cal. 2012) ................................................................................ 17

*Gravillis v. Coldwell Banker Residential Brokerage Co.*,
  143 Cal. App. 4th 761 (Cal. Ct. App. 2000) ........................................................................ 10

*Harris v. Pac. Gas & Elec. Co.*,
  No. 21-CV-04096-JCS, 2022 WL 16637987 (N.D. Cal. Nov. 2, 2022)........................... *passim*

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
  139 S. Ct. 524 (2019) ........................................................................................... 2, 9, 10, 14

*Hiatt v. Tesla Inc.*,
  No. CV 21-00198 LEK-KJM, 2021 WL 6052266 (D. Haw. Dec. 21, 2021) .............. 2, 13, 16

*Johnmohammadi v. Bloomingdale's, Inc.*,
  755 F.3d 1072 (9th Cir. 2014)....................................................................................... 10, 19

*Kamineni v. Tesla, Inc.*,
  No. CV1914288RBKKMW, 2020 WL 57867 (D.N.J. Jan. 6, 2020) ........................ 2, 12, 17

*Karobkoff v. Nissan Motor Acceptance Co. LLC*,
  No. 221CV09570MEMFPDX, 2022 WL 2124901 (C.D. Cal. Mar. 22, 2022)..................... 15

*Kim v. Tinder, Inc.*,
  No. CV 18-03093 JFW (AS), 2018 WL 6694923 (C.D. Cal. July 12, 2018)....................... 9

*Lamps Plus, Inc. v. Varela*,
  139 S. Ct. 1407 (2019) .................................................................................................... 3, 18

*Lee v. Postmates Inc.*,
  No. 18-CV-03421-JCS, 2018 WL 4961802 (N.D. Cal. Oct. 15, 2018)........................... 14, 18

*Lee v. Tesla, Inc.*,
  No. SACV2000570JVSKESX, 2020 WL 10573281 (C.D. Cal. Oct. 1, 2020) ................. 2, 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

*Lee v. Ticketmaster*,
 817 Fed. App'x. 393 (9th Cir. 2020) ..................................................................... 13

*Lira v. Nat'l Distribution Centers, LLC*,
 No. EDCV21672JGBKKX, 2021 WL 6693934 (C.D. Cal. Dec. 22, 2021) ........................... 11

*Lowden v. T-Mobile USA, Inc.*,
 512 F.3d 1213 (9th Cir. 2008) ............................................................................ 9

*Lyman v. Ford Motor Co.*,
 No. 21-10024, 2023 WL 2667736 (E.D. Mich. Mar. 28, 2023) ............................... 15

*Marselian v. Wells Fargo & Co.*,
 514 F. Supp. 3d 1166 (N.D. Cal. 2021) ................................................................ 16

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
 460 U.S. 1 (1983) ........................................................................................... 9

*Ngo v. PMGI Fin., LLC*,
 No. 18-CV-05401-JCS, 2018 WL 6618316 (N.D. Cal. Dec. 18, 2018) ( ................... 9, 11

*Nguyen v. Barnes & Noble Inc.*,
 763 F.3d 1171 (9th Cir. 2014) ........................................................................... 10

*Nguyen v. Tesla, Inc.*,
 No. 8:19-cv-01422-JLS-JDE, 2020 WL 2114937 (N.D. Cal. Apr. 6, 2020),
 *appeal dismissed*, 2020 WL 6875203 (9th Cir. Nov. 20, 2020) ........................... 2, 13

*Perei v. Arrigo DCJ Sawgrass, Inc.*,
 No. 18-CV-60091, 2018 WL 1182570 (S.D. Fla. Mar. 7, 2018) ............................. 15

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*,
 55 Cal. 4th 223 (2012) .................................................................................... 10

*Poublon v. C.H. Robinson Co.*,
 846 F.3d 1251 (9th Cir. 2017) ........................................................................... 10

*Raebel v. Tesla, Inc.*,
 451 F. Supp. 3d 1183 (D. Nev. 2020) (Nevada law) ................................... 2, 13, 18

*Rent-A-Center, West, Inc. v. Jackson*,
 561 U.S. 63 (2010) ......................................................................................... 14

*Rizvi v. BMW of N. Am. LLC*,
 No. 5:20-CV-00229-EJD, 2020 WL 2992859 (N.D. Cal. June 4, 2020) .................... 17

*Saperstein v. Thomas P. Gohagan & Co.*,
 476 F. Supp. 3d 965 (N.D. Cal. 2020) ................................................................ 18

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

*Skiles v. Tesla, Inc.*,
  No. 17-cv-05434-WHO (N.D. Cal.) ............................................................................ 2, 12, 15

*Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*,
  559 U.S. 662 (2010) ............................................................................................................ 3, 19

*Tompkins v. 23andMe, Inc.*,
  840 F.3d 1016 (9th Cir. 2016) ................................................................................................. 10

*U.S. v. Sutcliffe*,
  505 F.3d 944 (9th Cir. 2007) ..................................................................................................... 9

*Weiss Surkhabi v. Tesla, Inc.*,
  No. SACV221315JVSDFMX, 2022 WL 19569540 (C.D. Cal. Oct. 27, 2022) ................. 2, 12

*Wiseman v. Tesla, Inc.*,
  No. CV1704798JFWAGR, 2017 WL 7058142 (C.D. Cal. Sept. 12, 2017) ...................... 2, 12

**Statutes**

2 U.S.C. § 9 ...................................................................................................................................... 9

9 U.S.C. § 2 ...................................................................................................................................... 9

9 U.S.C. § 3 ................................................................................................................................. 3, 19

9 U.S.C. § 4 .................................................................................................................................... 18

Cal. Civ. Code § 1550 ................................................................................................................... 11

Cal. Civ. Code § 1633.9(a) ........................................................................................................... 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3    Within less than 24 hours of publication of an inaccurate news article about the use of

4   camera recordings from Tesla vehicles, Plaintiff Yeh ("Plaintiff" or "Mr. Yeh") hastily filed this

5   putative class action purportedly on behalf of every single person who leased or purchased a

6   Tesla vehicle at any time since 2019.  Mr. Yeh essentially copies and pastes the article.  He

7   claims that the camera system in his Model Y vehicle is "defective," that Tesla allowed

8   unidentified employees to improperly access certain unidentified camera recordings, and that

9   Tesla made alleged misrepresentations about customer privacy.  Tesla takes the privacy of its

10   customer's data seriously and has implemented robust controls to protect that data.  Plaintiff's

11   claims to the contrary are fundamentally flawed.

12    Mr. Yeh does not allege that any Tesla employee ever improperly accessed or shared any

13   data from his vehicle, how he sustained any injury that might give him standing to bring this

14   lawsuit, or any facts to support the core elements of his claims.  But more importantly for this

15   motion, Mr. Yeh neglects to mention that he promised to arbitrate any dispute with Tesla on an

16   individual basis and to forego class claims.  And he did so twice.  In November 2021, when he

17   ordered his Model Y vehicle, Mr. Yeh agreed to Tesla's Motor Vehicle Order Agreement ("Order

18   Agreement"), which requires arbitration of any "dispute arising out of relating to any aspect of

19   the relationship between [him] and Tesla" and precludes him from bringing "any class or

20   representative action."  Declaration of Jasjit Ahluwalia ("Ahluwalia Decl."), ¶ 3, Exhibit 1 (Order

21   Agreement) at 3.  Then, when Mr. Yeh took possession of his Tesla vehicle in February 2022, he

22   signed a Retail Installment Sale Contract ("Sale Agreement").  *Id.* ¶ 9, Exhibit 2 (Sale

23   Agreement).  The Sale Agreement also contains a broad arbitration provision requiring arbitration

24   "on an individual basis" of any dispute arising out of or relating to the "purchase or condition of

25   [his] vehicle . . . or any resulting transaction or relationship" with Tesla.  *Id.*, Exhibit 2 at 7.

26    Pursuant to the Federal Arbitration Act ("FAA"), California law, controlling Supreme

27   Court and Ninth Circuit precedent, this Court's prior rulings, and at least ten other decisions

28

1

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

1   enforcing the arbitration provisions in the same Agreements at issue here, the Court should

2   compel arbitration of Mr. Yeh's claims on an individual basis and dismiss this action.

3   **II.    SUMMARY OF ARGUMENT**

4          Under controlling law, the Court should compel arbitration for the following reasons:

5          *First*, two valid arbitration agreements exist.  Mr. Yeh willingly entered into both the Sale

6   Agreement and the Order Agreement (collectively, the "Agreements") with Tesla.  Each

7   Agreement contains a clear, conspicuous, and broad arbitration provision requiring the arbitration

8   of disputes between the parties on an individual basis.  As numerous courts have recognized, each

9   Agreement is valid and enforceable under the FAA and California law.  *See, e.g., Fish v. Tesla,*

10  *Inc.*, No. SACV 21-060 PSG (JDEx) 2022 WL 1552137, at *4 (C.D. Cal. May 12, 2022)

11  (California law); *Weiss Surkhabi v. Tesla, Inc.*, No. SACV221315JVSDFMX, 2022 WL

12  19569540, at *5 (C.D. Cal. Oct. 27, 2022) (California law); *Nguyen v. Tesla, Inc.*, No. 8:19-cv-

13  01422-JLS-JDE, 2020 WL 2114937, at *3 (N.D. Cal. Apr. 6, 2020), *appeal dismissed*, 2020 WL

14  6875203 (9th Cir. Nov. 20, 2020) (California law); *Lee v. Tesla, Inc.*, No.

15  SACV2000570JVSKESX, 2020 WL 10573281, at *6 (C.D. Cal. Oct. 1, 2020) (California law);

16  May 16, 2018 Order, *Skiles v. Tesla, Inc.*, No. 17-cv-05434-WHO (N.D. Cal.), at ECF No. 76

17  (California law); *Wiseman v. Tesla, Inc.*, No. CV1704798JFWAGR, 2017 WL 7058142, at *3

18  (C.D. Cal. Sept. 12, 2017) (California law).[1]

19         *Second,* each Agreement clearly and unmistakably delegates the issue of arbitrability to an

20  arbitrator.  The Sale Agreement's arbitration provision requires that the arbitrator resolve any

21  issues pertaining to the "interpretation and scope of this Arbitration Provision, and the

22  arbitrability of the claim or dispute."  Ahluwalia Decl., ¶ 9, Exhibit 2 at 7; *see, e.g., Henry Schein,*

23  *Inc. v. Archer & White Sales, Inc.,* 139 S. Ct. 524, 530 (2019) (delegation clause requires

24  _____

25  [1]      *See also Ball v. Tesla Motors, Inc.*, No. 22-C-0005, 2022 WL 1433646, at *2 (E.D. Wis.
    Mar. 31, 2022) (Wisconsin law), *appeal dismissed*, No. 22-1782, 2022 WL 16627493 (7th Cir.
26  Oct. 17, 2022); *Hiatt v. Tesla Inc.*, No. CV 21-00198 LEK-KJM, 2021 WL 6052266, at *4 (D.
    Haw. Dec. 21, 2021) (Hawaii law); *Raebel v. Tesla, Inc.*, 451 F. Supp. 3d 1183, 1189 (D. Nev.
27  2020) (Nevada law); *Gala v. Tesla Motors TN, Inc.*, No. 2:20-CV-2265-SHM-TMP, 2020 WL
    7061764, at *4 (W.D. Tenn. Dec. 2, 2020) (Tennessee law); *Kamineni v. Tesla, Inc.*, No.
28  CV1914288RBKKMW, 2020 WL 57867, at *1 (D.N.J. Jan. 6, 2020) (New Jersey law).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES
                                                    2
                DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
                                          TO COMPEL ARBITRATION

arbitrator to decide issues of arbitrability).  This language cannot be clearer.  Moreover, the Order

Agreement incorporates the AAA's Consumer Arbitration Rules, which give the arbitrator the

power to address any questions as to the existence, scope, or validity of the arbitration agreement

or the arbitrability of any claim.  Ahluwalia Decl., ¶ 3, Exhibit 1 at 3; *see, e.g., Brennan v. Opus

Bank*, 796 F.3d 1125, 1130 (9th Circ. 2015) ("incorporation of the AAA rules constitutes clear

and unmistakable evidence that contracting parties agreed to arbitrate arbitrability").

Nonetheless, even if this Court were to decide whether Mr. Yeh's claims are arbitrable

(and it should not), his claims clearly fall within the broad scope of the arbitration provisions in

the Agreements.  Each Agreement requires arbitration of any dispute arising of or relating to any

aspect of the "relationship" between Mr. Yeh and Tesla.  Ahluwalia Decl., ¶ 3, Exhibit 1 at 3;

Ahluwalia Decl., ¶ 9, Exhibit 2 at 7.  All of Mr. Yeh's claims arise out of or relate to his

relationship with Tesla, including his purchase of his Tesla vehicle (and its allegedly defective

camera system), Tesla's alleged access to and use of camera data collected from his vehicle, and

alleged misstatements by Tesla about customer privacy.

*Third*, consistent with controlling Supreme Court law, all claims must be arbitrated on an

individual basis, because each Agreement contains a class waiver.  Ahluwalia Decl., ¶ 3, Exhibit

1 at 3 ("In other words, you and Tesla may bring claims against the other only in your or its

individual capacity and not as a plaintiff or class member in any class or representative action.");

*id.*, ¶ 9, Exhibit 2 at 7 ("Any claim or dispute is to be arbitrated by a single arbitrator on an

individual basis and not as a class action.")  *See, e.g., Lamps Plus, Inc. v. Varela*, 139 S. Ct.

1407, 1419 (2019); *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 238 (2013); *Stolt-Nielsen

S.A. v. Animalfeeds Int'l Corp.*, 559 U.S. 662, 683 (2010).

*Lastly*, this case should be dismissed because "all claims are subject to arbitration."

*Forrest v. Spizzirri*, 62 F.4th 1201, 1203, 1205 (9th Cir. 2023).  Alternatively, the Court should

stay this case pending the outcome of any arbitration proceeding.  9 U.S.C. § 3.[2]

---

[2]   Tesla is also filing an alternative motion to dismiss Mr. Yeh's claims under Rule 12(b)
and Rule 9(b).  Tesla respectfully submits that the Court must first resolve this motion and
address whether Mr. Yeh's claims must be compelled to individual arbitration under the FAA.  If
so, the Court will not need to resolve Tesla's alternative Rule 12(b) motion to dismiss.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3
DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

1

2

3

III.     **RELEVANT FACTS AND ALLEGATIONS**

     A.     **Mr. Yeh First Agreed To Arbitrate Any Disputes With Tesla When He Ordered His Model Y Vehicle And Entered Into The Order Agreement.**

Mr. Yeh alleges that he ordered a Tesla Model Y vehicle in November 2021 and took delivery of that vehicle in February 2022.  Compl. ¶ 9.  Tesla sells and leases its vehicles on its website.  Ahluwalia Decl., ¶ 5; Declaration of Minu Sinha ("Sinha Decl.") ¶ 3.  Customers who want to buy or lease a vehicle from Tesla can start the process by placing an order online through either the desktop or mobile version of Tesla's website.  Ahluwalia Decl., ¶ 5; Sinha Decl. ¶¶ 3-4.  At the end of the online order process (at the right side of the screen), customers view the below screen:



Sinha Decl., ¶¶ 4, 8, Exhibits. 1 and 2.  A customer must click the "PLACE ORDER" button to complete the process of ordering a Tesla vehicle.  *Id.*

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

As indicated on the screen depicted above, by clicking the "PLACE ORDER" button for a Model Y Tesla vehicle, Tesla purchasers "agree to the Model Y Order Agreement" (along with the Terms of Use and Privacy Notice). *Id.* ¶ 4, Exhibit 1.  When Mr. Yeh ordered his Model Y vehicle (and at all relevant times), the blue "Model Y Order Agreement" language operated as a direct hyperlink to an online copy of the Order Agreement—as shown by the colored font. *Id.*  It was positioned directly over the "PLACE ORDER" button.

On November 6, 2021, Mr. Yeh placed an online order for a Model Y vehicle for $72,440 through the process described above.  Sinha Decl. ¶ 8, Ex. 1; Compl. ¶ 9.  In doing so, he clicked "PLACE ORDER" and accepted the Order Agreement as part of his purchase.  *See* Sinha Decl. ¶¶ 4, 8.  The first page of the Order Agreement—right under Mr. Yeh's customer information, his Order Number, and his Order Fee—states that his "Order [was] placed with electronically accepted terms."  Ahluwalia Decl. ¶ 3, Ex. 1 at 1.[3]

The Order Agreement contains an "Agreement to Arbitrate" that is prominently displayed in a standalone text box.  The arbitration provision includes the following language:

> **Agreement to Arbitrate.** Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together "Tesla").
>
> \*\*\*
>
> [Y]ou agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.
>
> We will pay all AAA fees for any arbitration, which will be held in the city or county of your residence.
>
> \*\*\*
>
> The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitrator cannot hear clear or representative claims or request for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action. If a court or arbitrator decides that any part of

---

[3]     The Order Agreement incorporates Tesla's Customer Privacy Policy under a bolded heading and provided a link where it could be viewed.  Ahluwalia Decl. ¶ 3, Ex. 1 at 3.

this agreement to arbitrate cannot be enforced as to a particular claim or relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court.

You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to [Tesla's designated address].

*Id.* at 3.

Mr. Yeh was given the ability to "opt out of arbitration" within 30 days after entering into the Order Agreement; however, he did not do so.  Ahluwalia Decl. ¶ 8.

### B. <u>Mr. Yeh Again Agreed To Arbitrate Any Disputes With Tesla When He Took Delivery Of His New Model Y Vehicle And Signed The Sale Agreement.</u>

Mr. Yeh financed and took delivery of his Model Y vehicle in February 2022.  Compl. ¶ 9; Ahluwalia Decl. ¶¶ 9-10.  On February 26, 2022, as part of this process, Mr. Yeh (and a co-buyer) entered into the Sale Agreement with Tesla.  *See* Ahluwalia Decl. ¶¶ 9-10, Ex. 2 at 1.  The title of this contract—RETAIL INSTALLMENT SALES CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)—makes clear that it contains an arbitration provision.  Ahluwalia Decl. ¶ 9, Ex. 2 at 1.

On the first page of the Sale Agreement, Mr. Yeh placed his electronic signature in a box that reads:

**Agreement to Arbitrate**: By signing below, you agree that, pursuant to the Arbitration Provision on page 7 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

*Id.*  Page 7 of the Sale Agreement contains the "Arbitration Provision."  To signal the importance of this provision, the top of this page contains the following bold and capitalized terms:

**ARBITRATION PROVISION**
**PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS**

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL**

2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR**

**CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**

3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Ahluwalia Decl. ¶ 9, Ex. 2 at 7.

The language of the "ARBITRATION PROVISION" immediately follows the above-referenced request to consumers to carefully review its language.  It states:

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship … shall, at your or our election, be resolved by neutral binding arbitration and not by a court action.

***

Any claim or disputed is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action.  You may choose [AAA] or any other organization to conduct the arbitration subject to our approval.

***

The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed.

We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization requires us to pay more…

*Id.*

By signing the Sale Agreement, Mr. Yeh (and his co-buyer) agreed that Tesla gave the Sale Agreement to him and that he was free to review it.  Ahluwalia Decl. ¶ 9, Ex. 2 at 6.  Mr. Yeh also "ACKNOWLEDGED THAT [HE] HA[D] READ ALL PAGES OF THE CONTRACT, **INCLUDING THE ARBITRATION PROVISION ON PAGE 7 OF THE CONTRACT**, BEFORE SIGNING BELOW.**"  *Id.* (emphasis added).  Mr. Yeh further agreed that his electronic

signature reflected his intent to enter the Sale Agreement, and that the contract was legally valid and enforceable.  Ahluwalia Decl. ¶ 9, Ex. 2 at 3.

**C.**     **Ignoring These Agreements, Mr. Yeh Filed This Putative Class Action Lawsuit Based On An Inaccurate News Article.**

On April 7, 2023, within just a day of the publication of an inaccurate *Reuters* article concerning the alleged internal sharing of camera recordings by Tesla employees, Mr. Yeh filed this lawsuit in violation of his agreements to arbitrate his claims against Tesla.  Mr. Yeh lifts his flawed allegations straight from that article.

As Tesla discloses to its customers, Tesla vehicles come with state-of-the-art autopilot technology that relies on a supporting camera system.  Compl. ¶ 12; Privacy Policy, ECF No. 1-1, at 1, 5.  The individual cameras monitor areas around the vehicle, enhance driver and passenger safety, and support autopilot technology.  *Id.*  Despite failing to allege facts to show that Tesla ever improperly accessed or shared any data from his vehicle or that he sustained any injury, Mr. Yeh claims that his vehicle camera system is defective, that unidentified Tesla employees accessed and improperly shared images and recordings captured by cameras in Tesla vehicles, and that Tesla made misrepresentations about privacy protections for customers.  Compl. ¶¶ 1-4, 11-22, 26-29.  Based upon these allegations, Mr. Yeh brings nine causes of action.[4]  Mr. Yeh purports to bring those claims on behalf of a broad putative class of every person in the United States who owned or leased a Tesla vehicle at any time since April 7, 2019, as well as a subclass of California owners and lessees.  Compl. ¶ 30.

Each of Mr. Yeh's claims arises out of Mr. Yeh's relationship with Tesla and falls squarely within the scope of the arbitration provisions in the Order Agreement and the Sales Agreement.  On May 12, 2023, Tesla's counsel informed Mr. Yeh's counsel in writing that Mr.

---

[4]     Mr. Yeh's causes of action include:  (1) intrusion upon seclusion (Compl. ¶¶ 39-44); (2) violation of California's Constitutional Right to Privacy (Compl. ¶¶ 45-52); (3) Violation of the California Unfair Competition Law (Compl. ¶¶ 53-63); (4) Violation of the California Consumer Legal Remedies Act (Compl. ¶¶ 64-71); (5) negligence (Compl. ¶¶ 72-74); (6) breach of contract (Compl. ¶¶ 75-77); (7) negligent misrepresentation (Compl. ¶¶ 78-85); (8) intentional misrepresentation (Compl. ¶¶ 86-91); and (9) unjust enrichment (Compl. ¶¶ 92-96).

1   Yeh was obligated to arbitrate his claims against Tesla on an individual basis, that Tesla was

2   exercising its right to arbitrate any such disputes, and that Mr. Yeh should withdraw his lawsuit

3   and submit any claim he believes he may have to arbitration.  Declaration of David L. Schrader

4   ("Schrader Decl.") ¶ 3. Exhibit B.  Mr. Yeh has refused to withdraw his lawsuit.  Accordingly,

5   Tesla was forced to bring this Motion.

6   **IV.**   **LEGAL ARGUMENT**

7        The Federal Arbitration Act ("FAA")[5] makes the arbitration provisions in both the Sale

8   Agreement and Order Agreement "valid, irrevocable, and enforceable, save upon such grounds as

9   exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Consistent with the

10  text of the FAA, "courts must 'rigorously enforce' arbitration agreements according to their terms

11  . . . ."  *Am. Exp. Co.*, 570 U.S. at 228.  The FAA creates a heavy presumption in favor of

12  arbitrability, requiring that "any doubts concerning the scope of arbitrable issues should be

13  resolved in favor of arbitration, whether the problem at hand is the construction of the contract

14  language itself or an allegation of waiver, delay, or a like defense to arbitrability."  *Moses H.*

15  *Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25; *Ngo v. PMGI Fin., LLC*, No. 18-

16  CV-05401-JCS, 2018 WL 6618316, at *3 (N.D. Cal. Dec. 18, 2018) (Spero, J.)

17       Where a party attempts to litigate claims covered by a contract "containing an arbitration

18  agreement subject to the FAA, the court must determine '(1) whether a valid agreement to

19  arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'"

20  *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008) (quoting *Chiron Corp. v.*

21  *Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).  However, where an arbitration

22  clause delegates questions of arbitrability to the arbitrator by "clear and unmistakable" evidence,

23  the Court must refer the matter to arbitration, without addressing whether the claim is, in fact,

24

---

25  [5]     There can be no question that the FAA governs the Sale Agreement and the Order
    Agreement, because both include a "FAA choice of law" clause.  *See Kim v. Tinder, Inc.*, No. CV
26  18-03093 JFW (AS), 2018 WL 6694923, at *2 (C.D. Cal. July 12, 2018) (citing *Brennan*, 796
    F.3d at 1129-1131 (9th Cir. 2015)).  Further, "the Internet is an instrumentality and channel of
27  interstate commerce"  (*U.S. v. Sutcliffe*, 505 F.3d 944, 952-53 (9th Cir. 2007) [citation omitted]),
    bringing the Agreements within the gambit of the FAA.  2 U.S.C. § 9.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

arbitrable.  *See, e.g., Henry Schein, Inc.*, 139 S. Ct. at 530 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  In such circumstances, the Court may not override the contract … [and] ***possesses no power to decide the arbitrability issue.***"  *Henry Schein, Inc.*, 139 S. Ct. at 529 (emphasis added); *see also Harris v. Pac. Gas & Elec. Co.*, No. 21-CV-04096-JCS, 2022 WL 16637987, at *8 (N.D. Cal. Nov. 2, 2022) (Spero, J.) (applying principle in compelling arbitration and dismissing action).

State law governs questions of contract formation and interpretation.  *See, e.g., First Options of Chicago, Inc.*, 514 U.S. at 944; *see also Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) ("In determining whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'").  California law, like federal law, "strongly favor[s] enforcement of arbitration provisions." *Cap. Grp. Commc'ns Inc v. Xedar Corp.*, No. C -13-01793 EDL, 2013 WL 4013711, at *3 (N.D. Cal. Aug. 5, 2013).  Under California law, "a heavy presumption weighs the scales in favor of arbitrability; an order directing arbitration should be granted unless it may be said with positive assurance that the arbitration provision is not susceptible of an interpretation that covers the asserted dispute." *Id.* (quoting *Gravillis v. Coldwell Banker Residential Brokerage Co.*, 143 Cal. App. 4th 761, 771 (Cal. Ct. App. 2000)).

Once a party establishes the existence of an arbitration agreement and that the dispute falls within its scope (or that arbitrability issues have been delegated to the arbitrator to decide), the burden shifts to the party opposing arbitration "to establish[] a defense to the agreement's enforcement by a preponderance of the evidence." *Fontana v. Chef's Warehouse Inc.*, No. 16-CV-06521-HSG, 2017 WL 2591872, at *2 (N.D. Cal. June 15, 2017); *see also Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1029 (9th Cir. 2016) ("plaintiffs have not met their burden of proving" arbitration agreement was unconscionable).  Under California law, "the party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (quoting *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012)).  If the party opposing arbitration

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    fails to meet his or her burden, the Court may dismiss the action or stay the matter pending the

2    outcome of the arbitration. *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74

3    (9th Cir. 2014) ("a district court may either stay the action or dismiss it outright when, as here, the

4    court determines that all of the claims raised in the action are subject to arbitration."); *Harris*,

5    2022 WL 16637987, at *14 (dismissing action).

6          Here, applying these principles, it is clear that:  (1) Mr. Yeh and Tesla entered into two

7    separate and independent agreements to arbitrate; (2) each Agreement delegates any questions

8    about the arbitrability of Mr. Yeh's claims to the arbitrator, and, even if they did not, the claims

9    clearly fall within the scope of the arbitration provisions in each Agreement; (3) any arbitration

10   must take place on an individual basis; and (4) this action should be dismissed without prejudice

11   to allow for arbitration, or, alternatively, stayed pending arbitration.

12   **A.**      **Mr. Yeh Entered Into Two Separate Agreements To Arbitrate His Disputes**

13            **With Tesla.**

14         Under California law,[6] a valid contract exists when (1) the parties are capable of

15   contracting, (2) there was mutual assent, (3) a lawful object, and (4) sufficient cause or

16   consideration.  Cal. Civ. Code § 1550.  Both the Sale Agreement and the Order Agreement meet

17   these requirements.  Mr. Yeh is an adult who entered into the Order Agreement with Tesla to

18   purchase a Tesla Model Y vehicle for $72,440.  He then entered into the Sale Agreement with

19   Tesla to finance that vehicle.  There was consideration for each Agreement.  Each Agreement

20   contains a mandatory arbitration provision.  And Mr. Yeh assented to each Agreement.

21            **1.**      **Sale Agreement**

22         On February 25, 2022, Mr. Yeh entered into the Sale Agreement, acknowledged he had an

23   opportunity to review it, and signed it with an electronic signature in no fewer than six places.

24

25   _____

     [6]      Mr. Yeh appears to have executed both Agreements in California, where he resides.

26   Compl. ¶ 9.  In addition, the Order Agreement calls for the application of the law of the state
     nearest to the address on his Vehicle Configuration—that is, California law.  Ahluwalia Decl., ¶

27   3, Exhibit 1, at 4 ("Governing Law").  The Sale Agreement also expressly calls for the application
     of California law.  *Id.* ¶ 9, Exhibit 2, at p. 5, ¶ 7 ("Federal law and California law apply to this

28   contract").

1   Ahluwalia Decl. ¶ 9-10, Ex. 2.  Electronic signatures are valid under California law.  Cal. Civ.

2   Code § 1633.9(a); *see, e.g.*, *Ngo*, 2018 WL 6618316, at *6 (enforcing arbitration agreement

3   which bore plaintiff's electronic signature); *Lira v. Nat'l Distribution Centers, LLC*, No.

4   EDCV21672JGBKKX, 2021 WL 6693934, at *3 (C.D. Cal. Dec. 22, 2021) (same).  The Sale

5   Agreement is binding.  *See Chavez v. Bank of Am.*, No. C 10-653 JCS, 2011 WL 4712204, at *6

6   (N.D. Cal. Oct. 7, 2011) (Spero, J.) ("The law is clear that a party entering a contract has

7   responsibility for learning its terms and that each and every term need not be explained orally to a

8   party." (citations omitted))

9        In fact, Mr. Yeh signed a provision titled "**Agreement To Arbitrate**" and expressly

10  agreed to the terms of the arbitration provision in the Sale Agreement: "By signing below, you

11  agree that, pursuant to the Arbitration Provision on page 7 of this contract, you or we may elect to

12  resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration

13  Provision for additional information concerning the agreement to arbitrate."  Ahluwalia Decl. ¶ 9-

14  10, Ex. 2 at 1.  As other courts have recognized, the Sale Agreement is a binding contract that

15  Tesla customers assent to when they finance their purchase of a Tesla vehicle.  *See, e.g.,*

16  *Kamineni*, 2020 WL 57867, at *3 (enforcing Sale Agreement and compelling arbitration of claims

17  that Tesla vehicle was allegedly defective under New Jersey law); *Skiles v. Tesla, Inc.*, No. 17-cv-

18  05434-WHO (N.D. Cal.), at ECF No. 76 (granting motion to compel arbitration based upon Sale

19  Agreement under California law); *Wiseman,* 2017 WL 7058142, at *3 (enforcing earlier version

20  of Sale Agreement under California law).  It is binding here, too.

21            **2.        Order Agreement**

22        On November 6, 2021, Mr. Yeh accepted the Order Agreement electronically on Tesla's

23  website.  He did so by clicking the "PLACE ORDER" button on a screen that directly linked to

24  the Order Agreement and advised that "By placing this order you agree to the Model Y, Terms Of

25  Use, and Privacy Notice."  Sinha Decl. ¶¶ 4, 8.  The Order Agreement expressly requires

26  arbitration of any dispute relating to Mr. Yeh's relationship with Tesla.  Ahluwalia Decl. ¶ 3, Ex.

27  1 at 3.  Moreover, while Mr. Yeh had the opportunity to opt out of the arbitration provision in the

28

12

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

Order Agreement within 30 days, he never did.  Ahluwalia Decl. ¶ 8.  As a matter of California law, Mr. Yeh assented to the Order Agreement and its terms.

Courts have routinely enforced Order Agreements between Tesla and its customers under California law (and other state laws), finding that a valid contract formed when the customer ordered the Tesla vehicle online by clicking the "PLACE ORDER" button.  *See, e.g., Weiss Surkhabi,* 2022 WL 19569540, at *2 (finding customer assented to Order Agreement because "before clicking the 'Place Order' button, there is an option to click an underlined hyperlink labeled 'Model X Order Agreement'" and plaintiff "had sufficient opportunity to see and review the arbitration agreement"); *Fish,* 2022 WL 1552137, at *4 (compelling arbitration of claims on an individual basis brought by consumers because "the fact that they could not have completed their online orders without clicking the 'Place Order' button is sufficient to establish their assent"); *Hiatt*, 2021 WL 6052266, at *4 (concluding that "all issues related to Hiatt's individual claims, including potentially dispositive gateway issues regarding arbitrability, must be arbitrated" under the Order Agreement); *Nguyen*, 2020 WL 2114937, at *3 (reaching same result and reasoning that "[w]hether or not he recalls having seen the agreement or signed it is of no moment, for Tesla presents sufficient evidence that the agreement was presented to Nguyen (and the other Plaintiffs, for that matter) and that he (and the other Plaintiffs) assented to it"); *Lee*, 2020 WL 10573281, at *2, 4 (finding Order Agreement to be valid and enforceable); *Gala*, 2020 WL 7061764, at *4 ("Plaintiff Visanji Gala had to agree to the Motor Vehicle Order Agreement, which included the arbitration agreement, to select the Place Order button on the Tesla website"); *Raebel*, 451 F. Supp. 3d at 1189 (same).

Likewise, the Ninth Circuit and this Court consistently have found that a binding contract is formed under California law where a customer has an opportunity to review the terms of an agreement in the form of a hyperlink on the website screen immediately above or below a button that must be clicked to affirmatively place an order or use a service.  *See, e.g., Dohrmann v. Intuit, Inc.*, 823 F. App'x 482, 484 (9th Cir. 2020) (agreement formed where user accessing a TurboTax account "was required to click a 'Sign In' button," where "directly under which the

following language appeared: 'By clicking Sign In, you agree to the Turbo Terms of Use, TurboTax Terms of Use, and have read and acknowledged our Privacy Statement,'" and where agreements "were each light blue hyperlinks which, if clicked, directed the user to a new webpage" with the terms); *Lee v. Ticketmaster*, 817 Fed. App'x. 393, 394-95 (9th Cir. 2020) (finding assent by customer to Ticketmaster's Terms of Use under California law where Ticketmaster provided notice of its Terms of Use adjacent to the "Place Order" button, included a hyperlink to the terms in a contrasting color, and informed the user that  placing an order would indicate assent to the terms); *Lee v. Postmates Inc.*, No. 18-CV-03421-JCS, 2018 WL 4961802, at *10 (N.D. Cal. Oct. 15, 2018) (Spero, J.) (compelling arbitration and finding formation of agreement because employee was presented with link to agreement during the process of signing up to make deliveries for Postmates, clicked "Agree" before moving to the next step, and did not opt out of the arbitration obligation within 30 days of signing the agreement).

In short, Mr. Yeh entered into two separate Agreements with Tesla in connection with the purchase and finance of his Model Y vehicle.  Each Agreement contains provisions mandating arbitration on an individual basis.  Accordingly, under each Agreement and the FAA, the Court must compel Mr. Yeh's claims to where they belong – individual, non-class arbitration.

**B.**      **Each Agreement Delegates The Arbitrability Of Mr. Yeh's Claims To The Arbitrator To Decide.**

It is well-settled that the "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular dispute or controversy."  *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010).  Where the parties' agreement contains a provision referring questions of arbitrability to the arbitrator, "the court's role is limited to determining whether there is clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."  *Gabriella v . Recology Inc.*, 2022 WL 6271866, at *1 (N.D. Cal. Sept. 9, 2022); *see also Henry Schein, Inc.*, 139 S.Ct. at 530 (same).  Both the Sale Agreement and the Order Agreement "clearly and unmistakably"

14

delegate any questions about the arbitrability of Mr. Yeh's claims to the arbitrator to decide, including whether his claims fall within the scope of the arbitration provisions.

### 1.    Sale Agreement

The Sale Agreement includes a clear delegation clause.  The arbitration provision states that "any claim or dispute . . . (***including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute***) . . . shall . . .  be resolved by neutral binding arbitration and not by a court action."  Ahluwalia Decl. ¶ 9-10, Ex. 2 at 7 (emphasis added).  As a result, the parties have clearly agreed to delegate the issue of whether the dispute falls within the scope of the arbitration provision to the arbitrator.

Indeed, Judge Orrick and others have held that identical delegation clauses require an arbitrator to decide the arbitrability of the claims at issue.  *See, e.g.*, *Skiles v. Tesla*, No. 17-cv-05434-WHO (N.D. Cal.), at ECF No. 76 (holding that "the controlling [Tesla] contract requires arbitration over arbitrability" and referring matter to arbitrator); *Karobkoff v. Nissan Motor Acceptance Co. LLC*, No. 221CV09570MEMFPDX, 2022 WL 2124901, at *3 (C.D. Cal. Mar. 22, 2022) (holding that parties who entered into purchase agreement for vehicle that requires arbitration of "[a]ny claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute)" delegated issues of arbitrability, including whether a dispute falls within the scope of the arbitration clause, to the arbitrator); *Arab v. BMW of N. Am., LLC*, No. SACV191303DOCJDEX,  2019 WL 8011713, at *3 (C.D. Cal. Sept. 10, 2019) (enforcing nearly identical delegation clause); *Lyman v. Ford Motor Co.*, No. 21-10024, 2023 WL 2667736, at *5 (E.D. Mich. Mar. 28, 2023) (finding under nearly identical purchase agreement that plaintiffs are "required to arbitrate their claims, and the arbitrator can determine any issues of arbitrability"); *Perei v. Arrigo DCJ Sawgrass, Inc.*, No. 18-CV-60091, 2018 WL 1182570, at *4 (S.D. Fla. Mar. 7, 2018) (same); *Chatman v. Jimmy Gray Chevrolet, Inc.*, No. 3:16CV009-NBB-SAA, 2016 WL 5745697, at *4 (N.D. Miss. Sept. 30, 2016) (same); *see also Harris*, 2022 WL 16637987, at *7 (finding that agreement which referred disputes "arising out of or relating to this

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1   Agreement, *including any question regarding its existence, validity or termination* to arbitration

2   under the American Arbitration Rules" delegated arbitrability of gateway questions).

3      The same result follows here, too.  Because the parties unambiguously agreed to delegate

4   arbitrability issues to the arbitrator in the Sale Agreement, the Court must enforce that agreement

5   and refer this matter to arbitration.

6                        **2.      Order Agreement**

7      The Order Agreement also delegates issues about the arbitrability of Mr. Yeh's claims to

8   the arbitrator.  It expressly incorporates AAA's Consumer Arbitration Rules, which provide that

9   the arbitrator "shall have the power to rule on his or her own jurisdiction, including any

10  objections with respect to the existence, scope, or validity of the arbitration agreement or to the

11  arbitrability of any claim or counterclaim."  *See* Schrader Decl. ¶ 4, Exhibit A (AAA Consumer

12  Arbitration Rules at R-14(a)).

13     The Ninth Circuit and courts within this District both have held that incorporation of these

14  rules is "clear and unmistakable evidence" that the parties intended the arbitrator to decide any

15  threshold issues concerning arbitrability.  *See, e.g., Brennan*, 796 F.3d at 1130 ("we hold that

16  incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting

17  parties agreed to arbitrate arbitrability");[7] *Harris*, 2022 WL 16637987, at *8 (compelling

18  arbitration of employment discrimination claims and finding issues of arbitrability were delegated

19  to the arbitrator in part because "the arbitration provision in this case incorporates the rules of the

20  American Arbitration Association"); *Marselian v. Wells Fargo & Co.*, 514 F. Supp. 3d 1166,

21  1175-76 (N.D. Cal. 2021) (applying principle).  Other courts have held that the specific Order

22  Agreement at issue here delegates issues of arbitrability by incorporating the AAA Consumer

23  Arbitration Rules.  *See Hiatt*, 2021 WL 6052266, at *4 (incorporation of AAA Consumer

---

[7]      The Ninth Circuit made clear that its "holding today should not be interpreted to require that the contracting parties be sophisticated or that the contract be 'commercial' before a court may conclude that incorporation of the AAA rules constitutes 'clear and unmistakable' evidence of the parties' intent."  *Brennan*, 796 F.3d at 1130.  It noted that "the vast majority of the circuits that hold that incorporation of the AAA rules constitutes clear and unmistakable evidence of the parties' intent do so without explicitly limiting that holding to sophisticated parties or to commercial contracts."  *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

1   Arbitration Rules constituted "clear and unmistakable evidence" that Tesla and vehicle purchaser

2   intended to delegate any gateway issues to the arbitrator.  Accordingly, an arbitrator must decide

3   any questions over the arbitrability of Mr. Yeh's claims under the Order Agreement, too.

4   **C.** **Mr. Yeh's Claims Clearly Fall Within Scope Of The Arbitration Provisions In**

5   **The Agreements.**

6   Through the Agreements, the parties delegated gateway issues of arbitrability to the

7   arbitrator.  Nonetheless, if the Court were to address this issue (and it should not), Mr. Yeh's

8   claims fall within the broad scope of the arbitration provision in each Agreement.

9   **1.** **The Sale Agreement**

10   The arbitration provision of the Sale Agreement covers "any claim or dispute," between

11   Mr. Yeh and Tesla "which arises out of or relates to your credit application, purchase or condition

12   of this vehicle, this contract or any resulting transaction or relationship."  Ahluwalia Decl. ¶ 9,

13   Ex. 2 at 7.  This language plainly covers the claims in this case.

14   All of Mr. Yeh's claims arise out of or relate to his relationship with Tesla.  Those claims

15   are based upon conclusory allegations that Tesla made alleged misrepresentations or omissions to

16   customers about its vehicles (*see* Compl. ¶¶ 13, 14, 55-59, 66, 79-91), that Tesla sold Mr. Yeh a

17   vehicle with a defective camera system (*id.* ¶¶ 2, 26-27, 82, 93-94), and that Tesla violated Mr.

18   Yeh's privacy and breached a contract with Mr. Yeh as a result of its employees internally

19   sharing unidentified recordings from those cameras (*id.* ¶¶ 1, 3, 15-29, 40-42, 46-52, 57, 59, 73,

20   76-77, 82, 87, 94).  All claims, therefore, must be arbitrated.  *See, e.g.*, *Kamineni*, 2020 WL

21   57867, at *1, 3 (claims based upon problems with Tesla vehicle and inability to repair or address

22   problems fall within "broad" scope of arbitration provision in Sale Agreement); *Chien v. Bumble*

23   *Inc.*, No. 322CV00020GPCNLS, 2022 WL 17069842, at *15 (S.D. Cal. Nov. 17, 2022)

24   (compelling privacy claims to arbitration where agreement to arbitrate included broad language

25   governing user's relationship with dating app company); *Garcia v. Dell, Inc.*, 905 F. Supp. 2d

26   1174, 1177 (S.D. Cal. 2012) (finding that similarly broad arbitration provision covered invasion

27   of privacy claims).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

Mr. Yeh's claims also arise out of or relate to the "purchase or condition" of his Model Y vehicle, including the recording of data from an allegedly "defective" camera system in his vehicle and Tesla's alleged use, storage, and sharing of that camera data. Indeed, Mr. Yeh repeatedly alleges that "had the correct facts been known, [he and other class members] would not have purchased or leased Tesla vehicles at the prices at which they were offered." Compl. ¶¶ 84, 91, 95. Accordingly, his claims must be arbitrated. *See, e.g.*, *Rizvi v. BMW of N. Am. LLC*, No. 5:20-CV-00229-EJD, 2020 WL 2992859, at *3 (N.D. Cal. June 4, 2020) (finding that similar language was broad and encompassed suit over defective fuel pump).

### 2. Order Agreement

In the Order Agreement, Mr. Yeh expressly agreed to arbitrate "any dispute arising out of or relating to ***any aspect*** of the relationship between [he] and Tesla." Ahluwalia Decl. ¶ 3, Ex. 1 at 3 (emphasis added). In addition, the arbitration provision in the Order Agreement specifically covers "claims arising before this Agreement, such as claims related to statements about our products." *Id.*

As detailed above, all of Mr. Yeh's claims relate to his "relationship" with Tesla. Accordingly, the claims at issue in this case also fall within the scope of the arbitration provision in the Order Agreement. *Fish*, 2022 WL 1552137, at *4 (Order Agreement requires individual arbitration of claims based upon alleged "defects in batteries and deficient battery performance"); *Raebel*, 451 F. Supp. 3d at 1189 (compelling acceleration defect claims to individual arbitration under Order Agreement).[8]

### D. Arbitration Must Be Conducted On An Individual, Non-Class Basis.

The Court must "enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018). The FAA authorizes the Court to enter an order "directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Consistent with these principles, the

---

[8]     As this Court has recognized in prior decisions, Mr. Yeh's request for injunctive relief is also subject to arbitration. *See, e.g.*, *Saperstein v. Thomas P. Gohagan & Co.*, 476 F. Supp. 3d 965, 977 (N.D. Cal. 2020) (Spero, J.) (compelling arbitration of claims seeking injunctive relief); *Lee*, 2018 WL 4961802, at *10 (same).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

1    Supreme Court has made clear that arbitration must proceed on an individual and non-class basis

2    where the agreement is silent or otherwise prohibits class claims.  *See, e.g., Lamps Plus, Inc.*, 139

3    S. Ct. at 1419 (reversing order compelling arbitration on class basis because "[c]ourts may not

4    infer from an ambiguous agreement that parties have consented to arbitrate on a classwide

5    basis"); *Am. Exp. Co.*, 570 U.S. at 238 (upholding contractual waiver of class-wide arbitration);

6    *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (FAA preempts state law barring class

7    waiver and reasoning that "[r]equiring the availability of classwide arbitration," contrary to

8    parties' agreement, "interferes with fundamental attributes of arbitration and thus creates a

9    scheme inconsistent with the FAA"); *Stolt-Nielsen S.A.*, 599 U.S. at 683 (court may not compel

10   arbitration on classwide basis when agreement is "silent" on availability of such arbitration).

11       Here, both the Sale Agreement and the Order Agreement contain class waivers and

12   require arbitration on an individual basis.  Ahluwalia Decl. ¶ 9, Ex. 2 (Sales Agreement) at 6

13   ("Any claim or disputed is to be arbitrated by a single arbitrator on an individual basis and not as

14   a class action. You expressly waive any right you may have to arbitrate a class action.");

15   Ahluwalia Decl. ¶ 9, Ex. 1 (Order Agreement) at 3 ("The arbitrator cannot hear class or

16   representative claims or request for relief on behalf of others purchasing or leasing Tesla vehicles.

17   In other words, you and Tesla may bring claims against the other only in your or its individual

18   capacity and not as a plaintiff or class member in any class or representative action.").

19   Accordingly, Plaintiff should be compelled to arbitrate his claims on an individual basis.

20       **E.    <u>The Court Should Dismiss This Action.</u>**

21       Under controlling Ninth Circuit law, this Court has the discretion to dismiss the action

22   when all of the claims are arbitrable.  *See, e.g.*, *Forrest v. Spizzirri*, 62 F.4th 1201, 1203, 1205

23   (9th Cir. 2023) (holding that "binding precedent establishes that district courts may dismiss suits

24   when, as here, all claims are subject to arbitration" and that the "district court's discretion to

25   dismiss extends to cases in which a stay is requested"); *Johnmohammadi*, 755 F.3d at 1073–74

26   (recognizing rule).  Indeed, it has done so in other cases.  *Harris*, 2022 WL 16637987, at *14

27

28

19

DEFENDANT TESLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO COMPEL ARBITRATION

1 (dismissing action because all claims were subject to arbitration).  Because all of Mr. Yeh's

2 claims are arbitrable, the Court should dismiss this action without prejudice.

3       In the alternative, the Court should stay this case pending the outcome of any arbitration

4 proceeding between the parties.  9 U.S.C. § 3 (allowing for stay until completion of arbitration).

5 **V.**     **CONCLUSION**

6       The Court should order Mr. Yeh to arbitrate all of his claims against Tesla on an

7 individual, non-class basis and dismiss this action without prejudice, or, alternatively, stay it

8 pending the outcome of arbitration.

9

10 Dated: June 2, 2023      MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader

11 Brian M. Ercole
Mark A. Feller

12

13

14 By  */s/ David L. Schrader*
    David L. Schrader

15 *Attorneys for Defendant Tesla, Inc.*