MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel: +1.213.612.2500
Fax 1.213.612.2501

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Brian M. Ercole
(*pro hac vice* motion forthcoming)
brian.ercole@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL  33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY YEH on behalf of himself, all others similarly situated, and the general public,

Plaintiff,

vs.

TESLA, INC.,

Defendant.

Case No. 3:23-cv-01704-JCS

**DEFENDANT TESLA, INC.'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(1), RULE 12(B)(6), AND RULE 9(B), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Hearing Date:      July 7, 2023
Time:              9:30 a.m.
Ctrm:              F, 15th Floor
Judge:             Hon. Joseph C. Spero

Compl. Filed:      April 7, 2023

1

2

**<u>NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO</u>**

**<u>RULE 12(b)(1), RULE 12(b)(6), AND RULE 9(b)</u>**

3   **PLEASE TAKE NOTICE** that on July 7, 2023, at 9:30 a.m. or as soon thereafter as the

4   matter may be heard before the Honorable Joseph C. Spero, Courtroom F, of the above-entitled

5   Court, located at 450 Golden Gate Avenue San Francisco, CA 94102, Tesla, Inc. ("Tesla") will and

6   hereby does move to dismiss the claims brought by Plaintiff Henry Yeh ("Plaintiff") pursuant to

7   Rule 12(b)(1), Rule 12(b)(6), and Rule 9(b) of the Federal Rules of Civil Procedure.  Tesla makes

8   this motion ("Motion") in the alternative to its pending motion to compel arbitration on an

9   individual basis under the Federal Arbitration Act ("Motion to Compel").

10   The Court should compel Plaintiff to arbitrate his claims on an individual, non-class basis

11   for the reasons set forth in Tesla's Motion to Compel.  In the alternative, the Court should dismiss

12   Plaintiff's Complaint under Rule 12(b)(1), Rule 12(b)(6), and Rule 9(b).  All of Plaintiff's claims

13   fail because Plaintiff does not allege facts to show that Tesla engaged in any actionable conduct as

14   to him or that he suffered a cognizable injury.  Plaintiff also cannot pursue injunctive relief, because

15   he does not allege any imminent risk of future harm.  Each of Plaintiff's claims also fail as a matter

16   of California law for additional independent claim-specific reasons, including because Plaintiff has

17   not pled and cannot plead the essential elements of those claims and cannot satisfy the heightened

18   pleading requirements of Rule 9(b) for those claims.

19   This Motion is based on this Notice of Motion and Motion, the accompanying

20   Memorandum of Points and Authorities, the exhibits attached to the declaration of David L.

21   Schrader, all pleadings and filings in this action, and on any written or oral argument presented to

22   the Court at or prior to the hearing on this Motion.

23   Dated: June 2, 2023

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader
24   Brian M. Ercole
Mark A. Feller

25

26   By  /s/ David L. Schrader

27   David L. Schrader

*Attorneys for Defendant Tesla, Inc.*

28

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION .................................................................................................. 1

II.   BACKGROUND .................................................................................................. 2

      A.   Plaintiff Ordered A Model Y Tesla Vehicle In November 2021. .......................... 2

      B.   Tesla's Privacy Policy Disclosed What Camera Data Would Be Collected
           And Continues To Give Plaintiff The Right Not To Have Data Collected. .......... 3

      C.   Reuters Published An Article About Unidentified Tesla Camera
           Recordings In Unidentified Vehicles On April 6, 2023........................................ 3

      D.   Plaintiff Filed This Putative Class Action Complaint One Day Later. .................. 4

III.  LEGAL STANDARD .......................................................................................... 5

      A.   All Of Plaintiff's Claims (Counts I-IX) Fail Because There Are No Facts
           To Show That Tesla Improperly Accessed Or Shared Any Camera Data
           From His Vehicle. ............................................................................................ 6

      B.   All Claims Fail (Counts I-IX) Because Plaintiff Does Not Allege That He
           Suffered Any Cognizable And Particularized Injury Or Harm............................ 7

      C.   Plaintiff's Request For Injunctive Relief Must Be Dismissed. .......................... 9

      D.   Plaintiff's Individual Claims Fail For Additional Reasons................................. 11

           1.   Plaintiff's Intrusion Upon Seclusion (Count I) And Constitutional
                Right To Privacy (Count II) Claims Are Fundamentally Flawed. .......... 11

           2.   Plaintiff's Equitable Claims (Counts III, IV, And IX) Fail Because
                Plaintiff Alleges An Adequate Remedy At Law. ................................... 14

           3.   Plaintiff's Intentional And Negligent Misrepresentation Claims
                (Counts VII-VIII) Fail For Several Reasons. ......................................... 15

           4.   Plaintiff's Negligence (Count V) And Negligent Misrepresentation
                (Count VII) Claims Are Barred By The Economic Loss Rule. ............... 18

           5.   Plaintiff's UCL And CLRA Claims (Counts III And IV) Are
                Flawed. ............................................................................................... 19

           6.   Plaintiff Has No Basis For His Unjust Enrichment Claim (Count
                IX). ...................................................................................................... 20

           7.   Plaintiff Does Not State A Breach Of Contract Claim (Count VI).......... 22

IV.   CONCLUSION .................................................................................................. 23

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Aguilera v. Pirelli Armstrong Tire Corp.*,
5
    223 F.3d 1010 (9th Cir. 2000)............................................................................................ 7, 22

6
*Aleksick v. 7-Eleven, Inc.*,
    205 Cal. App. 4th 1176 (2012)............................................................................................ 20
7

*Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*,
8
    158 Cal. App. 4th 226 (2007)................................................................................................ 7

9
*In re Apple Processor Litig.*,
10
    No. 18-CV-00147-EJD, 2022 WL 2064975 (N.D. Cal. June 8, 2022)........................... 17, 20

11
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................................... 5
12

13
*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015)............................................................................................... 21

14
*Avila v. Countrywide Home Loans*,
15
    No. 10-CV- 05485-LHK, 2011 WL 1192999 (N.D. Cal. Mar. 29, 2011) ............................ 20

16
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................................... 5
17

18
*Beyer v. Symantec Corp.*,
    No. 18-CV-02006-EMC, 2019 WL 935135 (N.D. Cal. Feb. 26, 2019) ............................. 8, 9

19
*Blanco v. Cnty. of Kings*,
20
    142 F. Supp. 3d 986 (E.D. Cal. 2015).................................................................................. 13

21
*Bongiovanni v. State Farm Fin. Servs., F.S.B.*,
    No. CV1500566MWFSSX, 2015 WL 13916261 (C.D. Cal. July 22, 2015)........................ 13
22

23
*Bowler v. Home Depot USA Inc.*,
    No. C-09-05523 JCS, 2010 WL 3619850 (N.D. Cal. Sept. 13, 2010)................................... 10

24
*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
25
    222 Cal. App. 3d 1371 (1990).............................................................................................. 17

26
*Chapman v. Skype, Inc.*,
    220 Cal. App. 4th 217 (2013).......................................................................................... 7, 15
27

28
*Christiansen v. Roddy*,
    186 Cal. App. 3d 780 (1986)................................................................................................ 15

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ........................................................................................................... 10

*Clausing v. San Francisco Unified Sch. Dist.*,
    221 Cal. App. 3d 1224 (1990) ........................................................................................ 13

*In re ConAgra Foods Inc.*,
    908 F. Supp. 2d 1090 (C.D. Cal. 2012) ......................................................................... 21

*Cooper v. Pickett*,
    137 F.3d 616 (9th Cir. 1997) .......................................................................................... 19

*Costa v. Reliance Vitamin Co.*,
    No. 3:22-CV-04679-WHO, 2023 WL 2989039 (N.D. Cal. Apr. 18, 2023) .................. 18

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006) ......................................................................................................... 5

*Damner v. Facebook Inc.*,
    No. 20-CV-05177-JCS, 2020 WL 7862706 (N.D. Cal. Dec. 31, 2020) .................. 17, 22

*De Havilland v. FX Networks, LLC*,
    21 Cal. App. 5th 845, 230 Cal. Rptr. 3d 625 (2018) ...................................................... 21

*Del Llano v. Vivint Solar Inc.*,
    No. 17-CV-1429-AJB-MDD, 2018 WL 656094 (S.D. Cal. Feb. 1, 2018) .................... 13

*Erlich v. Menezes*,
    21 Cal. 4th 543 (1999) .................................................................................................... 18

*In re Facebook Privacy Litig.*,
    791 F. Supp. 2d 705 (N.D. Cal. 2011), *aff'd,* 572 F. App'x 494 (9th Cir. 2014) .................. 22

*In re Facebook, Inc. Internet Tracking Litig.*,
    956 F.3d 589 (9th Cir. 2020) .................................................................................... 11, 13

*Fortyune v. Am. Multi-Cinema, Inc.*,
    364 F.3d 1075 (9th Cir. 2004) ........................................................................................ 10

*Frenzel v. AliphCom*,
    76 F. Supp. 3d 999 (N.D. Cal. 2014) ............................................................................. 19

*Freund v. HP, Inc.*,
    No. 22-CV-03794-BLF, 2023 WL 187506 (N.D. Cal. Jan. 13, 2023) .................. 14, 19, 22

*Gerlinger v. Amazon.Com, Inc.*,
    311 F. Supp. 2d 838 (N.D. Cal. 2004) ........................................................................... 21

*Gibson v. Jaguar Land Rover N. Am., LLC*,
    No. CV2000769CJCGJSX, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) .................... 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANT TESLA INC.'S MOTION TO DISMISS

*In re Google, Inc. Privacy Policy Litig.*,
　58 F. Supp. 3d 968 (N.D. Cal. 2014) ................................................................. 20

*In re Google, Inc. Privacy Policy Litig.*,
　No. C 12–01382 PSG, 2012 WL 6738343 (N.D. Cal. Dec. 28, 2012) ..................................... 8

*Hall v. Time Inc.*,
　158 Cal. App. 4th 847 (2008), *as modified* (Jan. 28, 2008) ....................................... 7

*Hamm v. Mercedes-Benz USA, LLC*,
　No. 5:16-CV-03370-EJD, 2022 WL 913192 (N.D. Cal. Mar. 29, 2022) ............................. 14

*Hammerling v. Google LLC*,
　615 F. Supp. 3d 1069 (N.D. Cal. 2022) ...................................................... 11, 13

*Hill v. Nat'l Collegiate Athletic Ass'n*,
　7 Cal. 4th 1 (1994) .......................................................................... 11, 12

*Holden v. Fluent, Inc.*,
　No. 20-CV-03816-JCS, 2020 WL 6822914 (N.D. Cal. Nov. 20, 2020) ..................... 5, 15, 16

*In re iPhone Application Litig.*,
　844 F. Supp. 2d 1040 (N.D. Cal. 2012) ...................................................... 12, 19

*Kearns v. Ford Motor Co.*,
　567 F.3d 1120 (9th Cir. 2009) ................................................................... 19

*Kwikset Corp. v. Superior Ct.*,
　51 Cal. 4th 310 (2011) ........................................................................... 20

*Lazar v. Superior Ct.*,
　12 Cal. 4th 631 (1996) ........................................................................... 15

*Lopez v. Apple, Inc.*,
　519 F. Supp. 3d 672 (N.D. Cal. 2021) .................................................. 6, 8, 9, 12

*Low v. LinkedIn Corp.*,
　900 F. Supp. 2d 1010 (N.D. Cal 2012) ........................................... 9, 11, 12, 21, 22

*Low v. LinkedIn Corp.*,
　No. 11–CV–01468–LHK, 2011 WL 5509848 (N.D. Cal. Nov. 11, 2011) ........................... 8, 9

*Lujan v. Defs. of Wildlife*,
　504 U.S. 555 (1992) .............................................................................. 7

*McNeary-Calloway v. JP Morgan Chase Bank, N.A.*,
　863 F. Supp. 2d 928 (N.D. Cal. 2012) ............................................................ 19

*Mendoza v. City of Los Angeles*,
　66 Cal. App. 4th 1333 (1998) .................................................................... 7

*Meyer v. Sprint Spectrum L.P.*,
    45 Cal. 4th 634 (2009) ........................................................................................ 7

*Missud v. Oakland Coliseum Joint Venture*,
    No. 12-02967 JCS, 2013 WL 812428 (N.D. Cal. Mar. 5, 2013) ..................................... 18, 19

*Moore v. Rodriguez*,
    No. 20-CV-01481-BAS-BGS, 2021 WL 2222590 (S.D. Cal. June 2, 2021) ....................... 13

*Moulton v. Gjerde*,
    No. 20-CV-02374-MMC, 2020 WL 3078182 (N.D. Cal. June 10, 2020) ........................... 10

*Najarian Holdings LLC v. Corevest Am. Fin. Lender LLC*,
    No. 20-CV-00799-PJH, 2020 WL 5993225 (N.D. Cal. Oct. 9, 2020) ................................ 16

*Opperman v. Path, Inc.*,
    87 F. Supp. 3d 1018 (N.D. Cal. 2014) .................................................................... 7

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
    96 F.3d 1151 (9th Cir. 1996)................................................................................ 21

*Peterson v. Cellco P'ship*,
    164 Cal. App. 4th 1583 ...................................................................................... 7

*Phillips v. Apple Inc.*,
    No. 15-CV-04879-LHK, 2016 WL 1579693 (N.D. Cal. Apr. 19, 2016)........................ 16, 20

*Pirozzi v. Apple Inc.*,
    913 F. Supp. 2d 840 (N.D. Cal. 2012) ................................................................ 7, 9

*Reade v. New York Times Co.*,
    No. 222CV00543WBSKJN, 2022 WL 2396083 (E.D. Cal. July 1, 2022),
    *appeal dismissed*, No. 22-16144, 2022 WL 18493987 (9th Cir. Sept. 13, 2022)................. 11

*Robinson Helicopter Co., v. Dana Corp.*,
    34 Cal. 4th 979 (2004) ...................................................................................... 18

*Ruiz v. Gap, Inc.*,
    540 F. Supp. 2d 1121 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010)................. 12

*San Diego Cnty. Gun Rts. Comm. v. Reno*,
    98 F.3d 1121 (9th Cir. 1996)................................................................................ 10

*San Francisco Bay Area Rapid Transit Dist. v. Spencer*,
    358 F. App'x 793 (9th Cir. 2009) .......................................................................... 7

*Sanders v. Brown*,
    504 F.3d 903 (9th Cir. 2007)................................................................................ 4

*Seely v. White Motor Co.*,
  63 Cal. 2d 9 (1965) ........................................................................... 18

*Sharma v. Volkswagen AG*,
  524 F. Supp. 3d 891 (N.D. Cal. 2021) ........................................... 14, 15

*Sheen v. Wells Fargo Bank, N.A.*,
  505 P.3d 625 (2022) ......................................................................... 18

*Shorter v. Cnty. of Los Angeles*,
  No. CV 21-3347-CJC (KK), 2022 WL 3636687 (C.D. Cal. July 12, 2022)........................ 13

*Shuman v. SquareTrade Inc.*,
  No. 20-CV-02725-JCS, 2020 WL 7458001 (N.D. Cal. Dec. 18, 2020) ................................ 21

*Sinatro v. Mrs. Gooch's Nat. Food Markets, Inc.*,
  No. 22-CV-03603-TLT, 2023 WL 2324291 (N.D. Cal. Feb. 16, 2023)................................. 18

*Snapkeys, Ltd. v. Google LLC*,
  442 F. Supp. 3d 1196 (N.D. Cal. 2020) ............................................ 17

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020)......................................................... 14, 15, 20

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016), *as revised* (May 24, 2016) ......................... 7

*Stark v. Patreon, Inc.*,
  No. 22-CV-03131-JCS, 2023 WL 2090979 (N.D. Cal. Feb. 17, 2023)................................. 20

*Stearns v. Select Comfort Retail Corp.*,
  No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ............................... 20

*Tabler v. Panera LLC*,
  No. 19-CV-01646-LHK, 2020 WL 3544988 (N.D. Cal. June 30, 2020) ............................. 19

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)......................................................... 5

*Watkins v. MGA Ent., Inc.*,
  550 F. Supp. 3d 815 (N.D. Cal. 2021) ......................................... 14, 15, 19, 20

*Whitaker v. Ramon Bravo, Inc.*,
  No. 21-CV-03714-JCS, 2021 WL 4133871 (N.D. Cal. Sept. 10, 2021) ............................. 10

*White v. Soc. Sec. Admin.*,
  111 F. Supp. 3d 1041 (N.D. Cal. 2015) ......................................... 11

*In re Yahoo Mail Litig.*,
  7 F. Supp. 3d 1016 (N.D. Cal. 2014) ......................................... 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

*Yarber v. Kia Am., Inc.*,
    No. 22-CV-03411-HSG, 2023 WL 2654186 (N.D. Cal. Mar. 27, 2023) ........................ 16, 17

*Yastrab v. Apple Inc.*,
    No. 5:14-CV-01974-EJD, 2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) ...................... 16, 20

*Yunker v. Pandora Media, Inc.*,
    No. 11–CV–03113 JSW, 2013 WL 1282980 (N.D. Cal. Mar. 26, 2013)............... 8, 11, 12, 22

*In re Zoom Video Commc'ns Inc. Priv. Litig.*,
    525 F. Supp. 3d 1017 (N.D. Cal. 2021) ................................................................. 18

**Statutes And Constititional Provisions**

Cal. Bus. & Prof. Code § 17204 ....................................................................... 20

Cal. Const., art. I, § 1 ....................................................................................... 13

**Federal Rules**

Fed. R. Evid. 201 ............................................................................................... 4

Fed. R. Civ. P. 9(b) ................................................................................... passim

Fed. R. Civ. P. 12(b)(1).............................................................................. passim

Fed. R. Civ. P. 12(b)(6).............................................................................. passim

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.   INTRODUCTION**

3  As shown in Tesla's motion to compel arbitration ("Motion to Compel"), this lawsuit never

4  should have been filed in this Court, because Plaintiff agreed in two separate contracts to arbitrate

5  his grievances with Tesla, such as this one, on an individual basis.  But there are many other reasons

6  why this case never should have been filed.  Plaintiff does not base his claims on any injury or harm

7  he experienced, but on a news article.  That article reported that some ***unidentified*** former Tesla

8  employees allegedly looked at ***unidentified*** camera recordings from ***unidentified*** Tesla vehicles.

9  The authors of the article themselves disclosed that they never saw any recordings, had no basis to

10  say such conduct was widespread, and had no evidence that it continues.  Instead, Plaintiff rushed

11  to court to file this putative class action the very next day.  Plaintiff's hastily-filed Complaint must

12  be dismissed for numerous reasons, in addition to those set forth in Tesla's pending Motion to

13  Compel.

14  ***First***, all of Plaintiff's claims fail because he does not allege facts to show that Tesla

15  improperly accessed or shared any data from ***his vehicle***—the entire basis for his claims.  Indeed,

16  Plaintiff does not allege that he turned on any data sharing for his vehicle, much less that any camera

17  recording from his vehicle was shared with anyone within or outside of Tesla.  Because there are

18  no facts alleged to support the crux of his lawsuit, it should be dismissed.

19  ***Second***, Plaintiff must allege that he (not others) personally suffered a cognizable injury—

20  both for Article III standing and as an element of his claims.  He does not.  Plaintiff alleges no facts

21  to show that Tesla collected data from his vehicle and shared it internally, does not allege that any

22  personal or sensitive images exist on any recordings from his vehicle, and does not allege that he

23  experienced any resulting non-economic harm.  Nor does Plaintiff allege facts to show that he

24  suffered any economic loss.  He does not and cannot allege that the vehicle he purchased is

25  somehow worth less than what he paid.

26  ***Third***, Plaintiff cannot pursue injunctive relief, because he does not allege any imminent

27  risk of future harm.  To the contrary, Plaintiff alleges that any alleged sharing of camera recordings

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT TESLA INC.'S MOTION TO DISMISS

1  took place "[b]etween 2019 and 2022." (Compl. ¶ 15.) Nor does Plaintiff dispute that, at any time,

2  he can turn off data sharing with Tesla and have any recordings destroyed, as set forth in Tesla's

3  Privacy Policy—a document upon which Plaintiff relies. (Privacy Policy, ECF No. 1-1, at 1, 5, 6.)

4  **Lastly**, Plaintiff's claims fail under California law for many additional independent reasons.

5  His constitutional privacy and intrusion upon seclusion claims fail because he alleges no violation

6  of his privacy, much less a "highly offensive" intrusion. His equitable claims must be dismissed

7  because he alleges that he has an adequate remedy at law. His misrepresentation and statutory

8  claims fail because he does not allege any misrepresentation by Tesla that he received and relied

9  upon at the time of his purchase, much less with the specificity required by Rule 9(b), or any other

10  basis for those claims. His negligence claim is barred by the economic loss doctrine. His unjust

11  enrichment claim is non-sensical and retreads his contract claim. And his breach of contract claim

12  fails because he does not identify any contractual provision that Tesla breached or any basis for

13  damages.

14  In short, Plaintiff's Complaint is lacking and incurably defective at every turn. It should be

15  dismissed.

16  **II.    BACKGROUND**

17  **A.    Plaintiff Ordered A Model Y Tesla Vehicle In November 2021.**

18  Tesla is a world leader in electric vehicles. (Compl. ¶ 11.) As Tesla discloses to customers

19  in its Customer Privacy Notice ("Privacy Policy"),[1] its vehicles are equipped with advanced driver

20  assistance and safety features, including Autopilot, that rely on a supporting camera system. (*Id.* ¶

21  12; Privacy Policy, ECF No. 1-1, at 1, 5.) The cameras monitor the areas around the vehicle,

22  enhance driver and passenger safety, and support Autopilot. (*Id.*)

23  Plaintiff ordered a Model Y vehicle in November 2011 and took delivery of that vehicle in

24  February 2022. (Compl. ¶ 9.) Plaintiff does not allege any other facts about his vehicle purchase,

25  his experience with it, or any data from his vehicle.

26

27  ───────────

[1]    The Privacy Policy is attached to the Complaint, referenced in the Complaint, and forms

28  the basis for Plaintiff's breach of contract claim. (Compl. ¶¶ 13, 14, 76.) Thus, it can be
considered in connection with Tesla's motion to dismiss.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT TESLA INC.'S MOTION TO DISMISS

**B.      Tesla's Privacy Policy Disclosed What Camera Data Would Be Collected And Continues To Give Plaintiff The Right Not To Have Data Collected.**

Tesla's Privacy Policy discloses to customers that Tesla vehicles "make use of a camera suite that provides advanced features such as Autopilot, Smart Summon, and Autopark." (Privacy Policy, ECF No. 1-1, at 1, 5.)  Tesla's camera system is designed to protect customer privacy.  (*Id.*) There are no "continuous recordings" and no "live-view functionality."  (*Id.* at 5.)

The cameras automatically capture serious safety events ("Safety Event Recording"), such as a vehicle collision or airbag deployment, to help provide emergency services and assistance to owners; those short clips are no longer than 30 seconds.  (*Id.* (describing Safety Event camera recordings).)  For any other camera recording data, Tesla owners must affirmatively "opt-in" and consent to share that data with Tesla and may "opt-out" at any time.  (*Id.*)  These "opt-in" recordings ("Fleet Learning Recordings") use the vehicles' "external cameras to learn how to recognize things like lane lines, street signs and traffic light positions" in order to help improve the self-driving ability of Tesla vehicles.  (*Id.* at 5 (describing Fleet Learning camera recordings).)  Fleet Learning Recordings are not associated with a particular user or vehicle.  (*Id.* at 1, 5-6.)  Safety Event Recordings and opt-in Fleet Learning Recordings are the ***only*** categories of camera recordings "eligible to be transmitted from [a customer's] vehicle to Tesla."  (*Id.*)

The Privacy Policy informs owners that "if you no longer wish for us to collect vehicle data or any other data from your Tesla vehicle, please contact us to deactivate connectivity." (Privacy Policy at 5 ("Opting out of vehicle data").)  Tesla owners also can disable the collection of camera data through a few easy steps via their vehicle's touchscreen.  (*Id.* at 4 ("Advanced features").) Moreover, once any data is collected, Tesla owners can have it restricted or deleted by submitting an online data privacy request to Tesla, sending Tesla an email, or simply accessing their Tesla customer account to update their preferences.  (*Id.* at 10 ("Rights and Choices").)

**C.      Reuters Published An Article About Unidentified Tesla Camera Recordings In Unidentified Vehicles On April 6, 2023.**

On April 6, *Reuters* published an article about the use of camera recordings within Tesla, based upon hearsay statements from anonymous ex-employees.  The article does not distinguish

between Safety Event Recordings or Fleet Learning Recordings.  Nor does it purport to identify how many camera recordings were supposedly shared between Tesla employees.  To the contrary, the article "discloses that Reuters wasn't able to obtain any of the shared videos or images, which ex-employees said they hadn't kept. The news agency also wasn't able to determine if the practice of sharing recordings, which occurred within some parts of Tesla as recently as last year, continues today or how widespread it was. Some former employees contacted said the only sharing they observed was for legitimate work purposes, such as seeking assistance from colleagues or supervisors."[2]  (*Reuters* Article, attached as Exhibit A to 6/2/2023 Decl. of David Schrader, Esq. ("Schrader Decl."), at 3.)

### D. **Plaintiff Filed This Putative Class Action Complaint One Day Later.**

Within 24 hours after the publication of the *Reuters* Article, Plaintiff filed this putative class action complaint.  Mr. Yeh does not allege that he ever contacted Tesla before bringing this lawsuit or even requested whether Tesla has any camera recordings from his vehicle.

Plaintiff lifts his allegations straight from the article.  He does not allege a single fact to show that Tesla improperly accessed or shared any of **his** camera recordings.  Nor does he allege any facts about his purchase or experience with **his** Tesla vehicle.  Instead, Plaintiff claims that unidentified Tesla employees accessed and improperly shared unidentified videos captured by cameras in unidentified vehicles, and then broadly accuses Tesla of making misrepresentations about privacy protections for customers and invading his privacy.  (Compl. ¶¶ 1-4, 11-22, 26-29.)  Based upon these conclusory allegations, Plaintiff brings nine claims:  (1) intrusion upon seclusion (*id.* ¶¶ 39-44); (2) violation of California's Constitutional Right to Privacy (*id.* ¶¶ 45-52); (3) violation of the California Unfair Competition Law ("UCL") (*id.* ¶¶ 53-63); (4) violation of the California Consumer Legal Remedies Act ("CLRA") (*id.* ¶¶ 64-71), (5) negligence (*id.* ¶¶ 72-74);

---

[2]     This article is central to Plaintiff's Complaint because he quotes nearly verbatim or lifts passages from it without any attribution, including in Paragraphs 15, 16, 17, 18, 20, and 21. Thus, it can and should be considered in connection with this motion to dismiss.  *See, e.g., Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  Moreover, the Court can take judicial notice of the article, since it was published in *Reuters*, is available online, and its existence cannot be disputed.  Fed. R. Evid. 201.

1  (6) breach of contract (*id.* ¶¶ 75-77); (7) negligent misrepresentation (*id.* ¶¶ 78-85); (8) intentional

2  misrepresentation (*id.* ¶¶ 86-91); and (9) unjust enrichment (*id.* ¶¶ 92-96).

3          In addition to himself, Plaintiff purports to bring his claims on behalf of a broad putative

4  class of every person in the United States who owned or leased a Tesla vehicle at any time point in

5  time since April 7, 2019, as well as a subclass of California owners and lessees.  (Compl. ¶ 30.)

6  Plaintiff seeks compensatory and punitive damages, restitution, injunctive relief, and declaratory

7  relief.  (*Id.* ¶¶ 44, 52, 63, 69, 74, 77, 85, 91, 96, 97.)  As described below, Plaintiff's claims are

8  fundamentally flawed, and they should be dismissed.

9  **III.**   **LEGAL STANDARD**

10         Plaintiff's standing to bring a claim is, of course, a threshold matter.  To have Article III

11  standing and survive a motion to dismiss under Rule 12(b)(1), Plaintiff "must allege personal injury

12  fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the

13  requested relief."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

14         To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must provide "more than

15  labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Instead, the factual

16  allegations must transcend the "speculative," "conceivable," and "possible," and must "state a

17  claim to relief that is plausible on its face."  *Id.* at 555–57, 566–67, 570.  In making this

18  determination, the Court must disregard "legal conclusions" and "conclusory statements," and must

19  scrutinize the well-pleaded factual allegations to ensure that they are more than "'merely consistent

20  with' a defendant's liability."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009).

21         Because many of Plaintiff's claims sound in fraud, Plaintiff also must satisfy Rule 9(b)'s

22  heightened pleading standard.  To do so, Plaintiff bears the heavy burden of pleading "'the who,

23  what, when, where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317

24  F.3d 1097, 1106 (9th Cir. 2003); *see also Holden v. Fluent, Inc.*, No. 20-CV-03816-JCS, 2020 WL

25  6822914, at *9 (N.D. Cal. Nov. 20, 2020) (Spero, J.).

26         Here, applying these standards, all of Mr. Yeh's claims fail under Rule 12(b)(1), Rule

27  12(b)(6), and Rule 9(b).  Accordingly, if the Court does not compel arbitration of Mr. Yeh's claims,

28  it should dismiss the action in its entirety.

A.    **All Of Plaintiff's Claims (Counts I-IX) Fail Because There Are No Facts To Show That Tesla Improperly Accessed Or Shared Any Camera Data From His Vehicle.**

All of Plaintiff's claims rest upon the premise that Tesla employees improperly accessed, used, and shared camera recordings without customer consent.[3]  But there is not a single fact pled to support this legal theory as to Mr. Yeh.

Plaintiff does not allege that Tesla has any camera recordings from his Tesla vehicle.  He does not describe the content of any recording, including whether his image is even in it (as opposed, for instance, to external images of roads or street signs).  He does not allege that any recording from his Tesla vehicle, even if taken and transmitted to Tesla, was shared among Tesla employees.  And there is not a single fact that Tesla shared any camera recording from his vehicle with any third party.  Thus, the entire foundation of Plaintiff's case lacks any supporting allegations. *See, e.g.*, *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 681 (N.D. Cal. 2021) (dismissing lawsuit brought after publication of *Guardian* article "reporting that Apple had intercepted and disclosed private conversations without any user consent" through voice-activated "Siri" software because "[p]laintiffs allege no facts to suggest that their own private communications were intercepted").

In fact, Plaintiff does not even ***attempt*** to explain how ***his*** privacy was violated.  Tesla's Privacy Policy discloses that there are "two types of camera recordings that are eligible to be transmitted from your vehicle to Tesla:  Safety Event and Fleet Learning camera recordings." (Privacy Policy, ECF No. 1-1, at 5.)  Plaintiff does not allege that he experienced a Safety Event or

---

[3]    Compl. ¶ 41 (Count I—alleging that Tesla "view[ed] and shar[ed] videos and images of customers and their activities"); *id.* ¶ 47 (Count II—basing claim on "intentionally and surreptitiously recording, reviewing, sharing, and/or retaining" customer "activities through the monitoring and recording activities described herein"); *id.* ¶ 55 (Count III—alleging fraudulent, unlawful, and unfair practices based upon privacy violations and misrepresentations about privacy); *id.* ¶ 66 (same); *id.* ¶ 73 (Count V—alleging unlawful storage and permitting access to video recordings and images); ¶ 76 (Count VI—alleging breach of Privacy Policy because of alleged privacy violations through camera recordings); ¶ 82 (Count VII—alleging that "system for protecting the privacy of customers whose video and images were taken by Tesla cameras was ineffective or defective"); ¶ 87 (Count VIII—alleging that Tesla made misrepresentations that data collected from cameras "would be protected and remain private"); ¶¶ 93, 94 (Count IX— alleging that vehicles had "defective camera control systems" due to "unauthorized access use, and leverage of customer's private and biometric data"). ¶

1    that he opted into Fleet Learning (or, if so, that any recording of his vehicle was used in any

2    improper way).

3        Because Plaintiff offers no facts to support his core legal theory, the Complaint fails as a

4    matter of law and should be dismissed.

5        **B.    All Claims Fail (Counts I-IX) Because Plaintiff Does Not Allege That He**

6        **Suffered Any Cognizable And Particularized Injury Or Harm.**

7        To have Article III standing, Plaintiff must allege, among other things, that he experienced

8    an "injury in fact" that is "traceable" to Tesla's conduct.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338

9    (2016), *as revised* (May 24, 2016).  To demonstrate an "injury in fact," Mr. Yeh must show that he

10   has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and

11   'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*,

12   504 U.S. 555, 560 (1992)).  Moreover, as an element of his claims, Plaintiff must allege facts to

13   show that ***he*** suffered either an injury or actual damages. (Compl. ¶¶ 42-43, 51-52, 61, 63, 70, 74,

14   77, 85, 91, 95.)[4]  Critically, "[i]n the class action context, the named plaintiff must show that []he

15   personally has suffered an injury, not just that other members of the putative class suffered the

16   injury."  *Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 846 (N.D. Cal. 2012); *see also Beyer v.*

17

18

_____

19   [4]    *See, e.g., Chapman v. Skype, Inc.*, 220 Cal. App. 4th 217, 230–31 (2013) (intentional
20   misrepresentation claim requires actual "damage"); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 849
     (2008), *as modified* (Jan. 28, 2008) ("plaintiff must have suffered an 'injury in fact' and have 'lost
21   money or property as a result of such unfair competition' to have standing to pursue either an
     individual or a representative claim under the California unfair competition law"); *Meyer v.*
22   *Sprint Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009) ("in order to bring a CLRA action, not only
     must a consumer be exposed to an unlawful practice, but some kind of damage must result");
23   *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998) (negligence claim requires
     proof of "plaintiff's injury"); *Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 158 Cal. App.
24   4th 226, 243 (2007) (misrepresentation claims require "justifiable reliance on the
     misrepresentation" and "resulting damage"); *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1061
25   (N.D. Cal. 2014) (intrusion upon seclusion claim requires some form of injury); *Aguilera v.*
     *Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) ("actual damage" required for
26   California breach of contract clam); *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, 358
     F. App'x 793, 795 (9th Cir. 2009) ("unjust enrichment claim fails for want of a loss"); *Peterson v.*
27   *Cellco P'ship*, 164 Cal. App. 4th 1583, 1594(2008) ("actual injury" required to bring unjust
28   enrichment claim).

*Symantec Corp.*, No. 18-CV-02006-EMC, 2019 WL 935135, at *4 (N.D. Cal. Feb. 26, 2019) (applying ruling to dismiss action).

Here, Plaintiff's theory of actual injury is not just unclear—it is non-existent.

Even if Plaintiff had alleged facts to show that Tesla collected and then internally shared camera data from his vehicle (and he has not), Plaintiff presents no factual allegations to show that he incurred any resulting injury.  Plaintiff does not allege that any camera data from his vehicle contains any personal or sensitive images of him, his family, or anyone else—as opposed to external images of roadways.  Moreover, courts regularly dismiss claims for lack of any cognizable injury where, as here, there are no factual allegations that a company (with a relationship with the plaintiff) disclosed any improperly-collected personal information to third parties.  *See, e.g., Lopez*, 519 F. Supp. 3d at 682 (plaintiffs failed to plead a cognizable injury despite *Guardian* article discussing recording of private conversations through "Siri" because article did not suggest that "all Apple's devices were subject to accidental [recording] triggers" and plaintiffs alleged no facts to show that any communications occurred in a private context and "were part of the 'small portion' of recordings sent to third party contractors"); *Yunker v. Pandora Media, Inc.*, No. 11–CV–03113 JSW, 2013 WL 1282980, at *1, *3 (N.D. Cal. Mar. 26, 2013) (no standing for claims based upon theory that plaintiff "consented to provide Pandora with PII based on the representations in the Privacy Policy that it would de-identify their PII and anonymize that data, when in fact it did not"); *In re Google, Inc. Privacy Policy Litig.*, No. C 12–01382 PSG, 2012 WL 6738343, at *6 (N.D. Cal. Dec. 28, 2012) (no standing for claims based upon Google's taking of personal information from one customer account and using it in a different context without customer authorization, where there were no allegations plaintiffs' personal information had been disseminated outside of Google); *Low v. LinkedIn Corp.*, No. 11–CV–01468–LHK, 2011 WL 5509848, at *3, 6 (N.D. Cal. Nov. 11, 2011) (no standing where plaintiff did not allege that highly personal information had been stolen and then exposed to the public).

In addition, Plaintiff does not and cannot allege facts to show that he suffered any economic harm.  Although Plaintiff makes conclusory assertions that Plaintiff and class members "would not have purchased or leased Tesla vehicles at the prices at which they were offered," had "the correct

1   facts been known" (Compl. ¶ 90), Plaintiff offers no plausible facts to support this theory.  Plaintiff

2   does not allege that his Tesla vehicle is worth less than what he paid for it.  Plaintiff does not allege

3   that he considered any statements about camera recordings when he purchased his Tesla vehicle.

4   And he does not dispute that at the time of purchase, Tesla informed him that his vehicle comes

5   with a camera system that records certain information automatically (in the event of a Safety Event)

6   and that he can disable the collection of data at any time.  (Privacy Policy, ECF No. 1-1, at 1, 5.)

7   Plaintiff cannot claim that he has suffered economic loss simply because he may have read an

8   article about the internal sharing within Tesla of a few unidentified camera recordings from

9   unidentified vehicles.  *See, e.g., Lopez*, 519 F. Supp. 3d at 682 (rejecting similar overpayment

10  theory based upon alleged privacy violations from voice-activated technology in phones); *Pirozzi*,

11  913 F. Supp. 2d at 847 (rejecting overpayment theory of harm in part because plaintiff "fails to

12  allege specifically which statements she found material to her decision to purchase an Apple Device

13  or App"); *Beyer*, 2019 WL 935135, at *4 (rejecting overpayment theory of harm where no factual

14  basis showing plaintiffs experienced any problems with product); *Low*, 2011 WL 5509848, at *4

15  ("unauthorized collection of personal information does not create an economic loss").

16          Plaintiff also alleges that "if Tesla drivers want to avoid future invasions of their privacy,

17  the value of their Tesla vehicles would almost certainly decrease, and substantially so."  (Compl. ¶

18  28.)  Plaintiff's speculation about what might happen in the future does not show he has suffered

19  an actual and particularized harm.  *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1028 (N.D. Cal

20  2012) ("Nominal damages, speculative harm, or threat of future harm do not suffice to show legally

21  cognizable injury").  Plaintiff also ignores the terms of the Privacy Policy, which allows him (and

22  others) to opt-out of camera recordings or destroy any existing recordings.  (Privacy Policy, ECF

23  No. 1-1, at 4, 5, 6.)  Plaintiff's theory of harm is entirely speculative, contrary to the evidence

24  Plaintiff cites, and does not give rise to Article III standing or any cognizable injury.

25          **C.      Plaintiff's Request For Injunctive Relief Must Be Dismissed.**

26          Perhaps recognizing that he has not experienced any damages, Plaintiff also seeks injunctive

27  relief.  (Compl. ¶¶ 43, 52, 63, 69, 97.)  A party seeking injunctive relief must allege "continuing,

28  present adverse effects" stemming from the defendant's actions; "[p]ast exposure to illegal conduct

does not in itself show a present case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  Indeed, Plaintiff must allege facts to show a  "real and immediate threat of repeated injury" by reason of the challenged conduct by Tesla.  *Whitaker v. Ramon Bravo, Inc.*, No. 21-CV-03714-JCS, 2021 WL 4133871, at *3 (N.D. Cal. Sept. 10, 2021) (Spero, J.) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)); *see also Bowler v. Home Depot USA Inc.*, No. C-09-05523 JCS, 2010 WL 3619850, at *3 (N.D. Cal. Sept. 13, 2010) (Spero, J.) (same).  "[I]t is insufficient for [Plaintiff] to demonstrate only a past injury."  *San Diego Cnty. Gun Rts. Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996); *see also Moulton v. Gjerde*, No. 20-CV-02374-MMC, 2020 WL 3078182, at *1 (N.D. Cal. June 10, 2020).

Plaintiff seeks injunctive relief in the form of preventing Tesla from "recording, viewing, and sharing videos and images in violation of state law" and "destruction of all personal data obtained in violation of state law."  (Compl. ¶¶ 43, 52, 63.)  But he alleges no facts to suggest any immediate threat of injury.  Instead, Plaintiff alleges that any videos were only shared "[b]etween 2019 and 2022."  (Compl. ¶ 15 ("Between 2019 and 2022, Tesla employees . . . viewed and shared sensitive images recorded by Tesla customers' vehicle cameras").)  The *Reuters* Article upon which Plaintiff bases his entire case makes clear it has no information about whether any such purported conduct "continues today."  (*Reuters* Article, Ex. A to Schrader Decl., at 3.)  This defeats any request for injunctive relief.  *See, e.g., Moulton*, 2020 WL 3078182, at *1 (dismissing request for injunctive relief because "complaint is silent as to whether, at the time it was filed, plaintiff was still unable to access defendant's Facebook page" and rejecting plaintiff's argument to infer that allegedly improper practice is still occurring "because her complaint 'alleges no facts implying that it has ceased,'" since court cannot just "assume" a fact has been pled).

Plaintiff faces no imminent harm necessary for injunctive relief for another reason.  As the Privacy Policy makes clear, Plaintiff can opt out of any data sharing whenever he chooses; indeed, he "may enable or disable the collection of this data at any time."  (Privacy Policy, ECF No. 1-1, at 4.)  Moreover, Plaintiff can "have the information," if collected, "restricted or deleted" by merely sending Tesla an email (*id.* at 10)—which would resolve any purported concerns he may have. There is no basis for injunctive relief.

1

      **D.**    <u>**Plaintiff's Individual Claims Fail For Additional Reasons**</u>.

2

          **1.**    **Plaintiff's Intrusion Upon Seclusion (Count I) And Constitutional**

3

                <u>**Right To Privacy (Count II) Claims Are Fundamentally Flawed**</u>.

4

      To state a claim for the violation of California's constitutional right to privacy, Plaintiff

5

"must allege facts showing: (1) a specific, legally protected privacy interest; (2) a reasonable

6

expectation of privacy; and (3) conduct that is 'sufficiently serious in [its] nature, scope, and actual

7

or potential impact to constitute an egregious breach of the social norms underlying the privacy

8

right.'" *Yunker*, 2013 WL 1282980, at *14 (quoting *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.

9

4th 1 (1994)).  The test for an "intrusion upon seclusion" claim is similar, and courts "consider

10

them together." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020);

11

*see also Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1088 (N.D. Cal. 2022).  California law

12

sets a very "high bar" to show conduct that is so "highly offensive" that it constitutes an "egregious

13

breach of the social norms." *Low*, 900 F. Supp. 2d at 1025 (quoting *Hill*, 7 Cal. 4th at 37); *see also*

14

*In Re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 601 (discussing standard).  There must

15

be a "serious invasion" of a privacy interest. *Id.*

16

      Applying these principles, courts have repeatedly held that "[e]ven disclosure of personal

17

]information, including social security numbers, does not constitute an 'egregious breach of the

18

social norms' to establish an invasion of privacy claim." *Low*, 900 F. Supp. 2d at 1025; *see Reade*

19

*v. New York Times Co.*, No. 222CV00543WBSKJN, 2022 WL 2396083, at *7 (E.D. Cal. July 1,

20

2022), *appeal dismissed*, No. 22-16144, 2022 WL 18493987 (9th Cir. Sept. 13, 2022) (dismissing

21

privacy violation claim under California law because publication of photograph with social security

22

number did not violate customer's privacy rights and citing cases); *White v. Soc. Sec. Admin.*, 111

23

F. Supp. 3d 1041, 1053 (N.D. Cal. 2015) (dismissing constitutional and common-law invasion of

24

privacy claims where employee of Social Security Administration improperly obtained personal

25

information and photocopied identification documents and plaintiff then became a victim of

26

identity theft, because no facts showing that defendant sold or distributed information); *In re Yahoo*

27

*Mail Litig.*, 7 F. Supp. 3d 1016, 1041–42 (N.D. Cal. 2014) (rejecting argument that "right to privacy

28

protects individuals from Yahoo's unauthorized scanning and storage of private email content for

1    their own financial gain" without more); *Yunker*, 2013 WL 1282980, at *15 (holding that

2    "obtain[ing]" plaintiff's personal identifying information and providing "that information to

3    advertising libraries for marketing purposes, in violation of the terms of Pandora's Privacy Policy"

4    is not "an egregious breach of social norms" as a matter of law); *Low*, 900 F. Supp. 2d at 1025

5    (dismissing constitutional invasion of privacy claim and intrusion on seclusion claim where

6    defendant allegedly improperly "disclosed to third parties the LinkedIn ID and the URL of the

7    LinkedIn profile page that the user viewed (which in the aggregate discloses a user's browsing

8    history among LinkedIn profiles)"); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063

9    (N.D. Cal. 2012) (dismissing constitutional privacy claim based upon disclosure to third parties of

10   unique device identifier number, personal data, and geolocation information of plaintiffs' iDevices

11   because conduct did not constitute an "egregious breach of social norms"); *Ruiz v. Gap, Inc.*, 540

12   F. Supp. 2d 1121, 1127–28 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (holding that

13   theft of laptop computers from Gap's recruiting vendor containing personal information, including

14   the social security numbers, of 800,000 job applicants did not constitute an egregious breach of

15   privacy sufficient to state constitutional claim).

16         Plaintiff does not come close to meeting this high standard.  As an initial matter, Plaintiff

17   does not allege a privacy violation.  To do so, Plaintiff must allege the "dissemination or misuse of

18   sensitive and confidential information" or an intrusion into the "making [of] intimate decisions or

19   conducting personal activities."  *Hill*, 7 Cal. 4th at 35.  Plaintiff, however, does not allege that his

20   Tesla cameras recorded any images of him or his family, as opposed to roadways for which he has

21   no expectation of privacy.  In fact, Plaintiff does not allege that Tesla improperly obtained or shared

22   internally any of **his** data from **his** vehicle.  *See, e.g.*, *Lopez*, 519 F. Supp. 3d at 691 (applying

23   principle to dismiss privacy claims because "Plaintiffs have not alleged specific circumstances to

24   show that Apple intercepted their confidential communications").

25         Even those allegations would be legally insufficient to show "highly offensive" conduct and

26   an "egregious breach of social norms."  Plaintiff purchased a Tesla vehicle with cameras and

27   understood that some camera data might be captured and used by Tesla.  (Privacy Policy, ECF No.

28   1-1, at 5; Compl. ¶ 14 (alleging that Tesla discloses that it collects data from vehicles that will be

1    used to enhance development of products and services).)  Plaintiff does not and cannot allege any

2    facts to show that Tesla shared any camera data from his vehicle with a ***third party***.  Nor does

3    Plaintiff allege that any recording from his Tesla vehicle contained highly sensitive or embarrassing

4    personal information or any likelihood of serious harm to him.[5]

5          Given that a company's alleged unauthorized disclosure of a customer's personal

6    information to a third party (without more) does not give rise to a constitutional violation or an

7    intrusion upon seclusion claim under California law, Plaintiff's allegations here are woefully

8    insufficient.  The alleged internal sharing by Tesla employees of unidentified short clips of Tesla

9    camera recordings—with no alleged connection to Plaintiff's vehicle—does not state a claim.  *See,*

10   *e.g., Del Llano v. Vivint Solar Inc.*, No. 17-CV-1429-AJB-MDD, 2018 WL 656094, at *6 (S.D.

11   Cal. Feb. 1, 2018) (dismissing invasion of privacy claim where plaintiff "has not sufficiently

12   asserted that his private information was disclosed" or pled facts to show "that the disclosure was

13   egregious"); *Bongiovanni v. State Farm Fin. Servs., F.S.B.*, No. CV1500566MWFSSX, 2015 WL

14   13916261, at *9 (C.D. Cal. July 22, 2015) (dismissing invasion of privacy claim where plaintiff

15   alleges her "home address and some inquiry about 'breast cancer' was shared with a few other

16   people whose relationship to Plaintiff is not clear.").[6]

17

18   _____

19   [5]     Plaintiff's Complaint does not allege any facts to support any of the relevant factors,
     including "the likelihood of serious harm to the victim, the degree and setting of the intrusion, the

20   intruder's motives and objectives, and whether countervailing interests or social norms render the
     intrusion inoffensive." *In re Facebook, Inc. Tracking Litig.*, 956 F.3d at 606; *see also*

21   *Hammerling*, 615 F. Supp. 3d at 1090.
     [6]     Plaintiff also cannot seek damages for an alleged violation of California's constitutional

22   right to privacy.  *See, e.g., Moore v. Rodriguez*, No. 20-CV-01481-BAS-BGS, 2021 WL
     2222590, at *20 (S.D. Cal. June 2, 2021) (quoting *Clausing v. San Francisco Unified Sch. Dist.*,

23   221 Cal. App. 3d 1224, 1237 (1990)) (holding that "California's 'constitutional provision
     protecting the right of privacy (Cal. Const., art. I, § 1) . . . supports a cause of action for an

24   injunction,' but it does not confer on a litigant a private right of action for damages"); *Shorter v.*
     *Cnty. of Los Angeles*, No. CV 21-3347-CJC (KK), 2022 WL 3636687, at *9 (C.D. Cal. July 12,

25   2022) (same), *report and recommendation adopted,* No. CV 21-3347-CJC (KK), 2022 WL
     3636333 (C.D. Cal. Aug. 23, 2022), *appeal dismissed*, No. 22-55803, 2022 WL 18830974 (9th

26   Cir. Sept. 23, 2022); *Blanco v. Cnty. of Kings*, 142 F. Supp. 3d 986, 1001 (E.D. Cal. 2015)
     (dismissing claim because "the California Constitutional right to privacy contained in article I,

27   section I does not give rise to a cause of action for money damages").  Thus, Plaintiff's request
     for damages in Count II must be dismissed, too.

28

1            **2.**       **Plaintiff's Equitable Claims (Counts III, IV, And IX) Fail Because**

2                     **Plaintiff Alleges An Adequate Remedy At Law.**

3            Plaintiff's UCL, CLRA, and unjust enrichment claims are equitable claims that seek

4 equitable relief. (Compl. ¶ 63 (seeking "compensatory restitution"); ¶ 70 (stating that Plaintiff does

5 not "currently seek damages" for CLRA claim); ¶ 96 (alleging Tesla has been "unjustly enriched"

6 based upon equitable principles).) Under Ninth Circuit precedent, a plaintiff cannot seek equitable

7 relief in federal court where legal relief in the form of compensatory damages would make the

8 plaintiff whole. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). In

9 *Sonner*, the Ninth Court dismissed plaintiff's UCL and CLRA claims for equitable relief since there

10 was no showing that the plaintiff "lack[ed] an adequate remedy at law." *Id.* The Court reached

11 this decision even though no legal claims remained in the action, because the plaintiff intentionally

12 "drop[ped] the CLRA damages claim" to obtain a class award of "$32,000,000 as restitution, rather

13 than having to persuade a jury to award this amount as damages." *Id.* at 838.

14            Following *Sonner*, this Court and others routinely dismiss claims for equitable relief where

15 damages would be an adequate remedy to address the plaintiff's alleged harm, including alleged

16 harm from vehicles and other products. *See, e.g.*, *Freund v. HP, Inc.*, No. 22-CV-03794-BLF, 2023

17 WL 187506, at *6 (N.D. Cal. Jan. 13, 2023) (dismissing UCL, unjust enrichment, and other

18 statutory claims for equitable restitution because plaintiffs pled legal claims for damages and do

19 not allege why they are inadequate); *Hamm v. Mercedes-Benz USA, LLC*, No. 5:16-CV-03370-

20 EJD, 2022 WL 913192, at *2 (N.D. Cal. Mar. 29, 2022) (applying rule to dismiss UCL and CLRA

21 claims for equitable relief); *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 908-09 (N.D. Cal.

22 2021) (dismissing UCL, CLRA equitable relief, and unjust enrichment claims in light of CLRA

23 damages claim stemming from brake sensor defect in vehicle); *Watkins v. MGA Ent., Inc.*, 550 F.

24 Supp. 3d 815, 837 (N.D. Cal. 2021) (Spero, J.) (dismissing UCL and CLRA claims because

25 "Plaintiffs have not alleged any facts establishing that their remedies at law are inadequate");

26 *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV2000769CJCGJSX, 2020 WL 5492990, at *3-

27 4 (C.D. Cal. Sept. 9, 2020) (dismissing UCL and CLRA equitable relief claims in light of legal

28 remedy for alleged improper warranty limitations). This Court also has recognized that "[w]hile in

1    *Sonner* this issue arose at a late stage of the case, numerous courts in the wake of that decision have

2    concluded that its reasoning applies at the pleading stage as well."  *Watkins*, 550 F. Supp. 3d at

3    837.

4         Here, Plaintiff does not even attempt to allege that he lacks an adequate remedy at law.  Nor

5    can he, given that Plaintiff has brought numerous legal claims.  For instance, Plaintiff seeks

6    "compensatory and punitive damages" for his intrusion upon seclusion claim.  (Compl. ¶ 43.)

7    Plaintiff likewise seeks "damages" for his breach of contract, negligence, intentional

8    misrepresentation, and negligent misrepresentation claims.  (*Id.* ¶¶ 74, 77, 85, 91.)  In fact, Plaintiff

9    claims that as a result of Tesla's conduct, he has suffered economic losses "in the amount of the

10    Tesla vehicle['}s purchase or lease price[]."  (*Id.* ¶¶ 85, 91.)  Plaintiff makes no showing that this

11    relief would not address his alleged injuries adequately, if they could be proven.  Accordingly,

12    because Plaintiff does not and cannot allege that he lacks an adequate remedy at law (and asserts

13    the opposite), his equitable relief claims fail under *Sonner*.  *See, e.g., Sharma*, 524 F. Supp. 3d at

14    909 ("Because they have not shown that legal remedies are unavailable or inadequate as to either

15    past or future injury, Plaintiffs' CLRA, UCL, and unjust enrichment claims must be dismissed.").

16            **3.**     **Plaintiff's Intentional And Negligent Misrepresentation Claims**

17                 **(Counts VII-VIII) Fail For Several Reasons.**

18         Under California law, the "essential elements of a count for intentional misrepresentation

19    are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and

20    justifiable reliance, and (5) resulting damage."  *Chapman*, 220 Cal. App. 4th at 230–31 (citing

21    *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996)).  The elements of a negligent misrepresentation

22    claim "are the same except that it does not require knowledge of falsity but instead requires a

23    misrepresentation of fact by a person who has no reasonable grounds for believing it to be true."

24    *Chapman*, 220 Cal. App. 4th at 231.  For both claims, "the plaintiff must have acted in reliance

25    upon the truth of the representation and . . . must have been justified in relying upon the

26    representation." *Christiansen v. Roddy*, 186 Cal. App. 3d 780, 786 (1986); *see also Holden*, 2020

27    WL 6822914, at *11 (recognizing principle and dismissing misrepresentation-based claims because

28

"Plaintiffs have not alleged any justifiable reliance on the allegedly deceptive emails that resulted in actual damage.").

Here, Plaintiff's claims are based upon allegedly "false information" provided "when [customers] were making their purchase or lease decisions regarding Tesla vehicles." (Compl. ¶ 81; *see also* Compl. ¶¶ 87-90.) Such claims sound in fraud and must satisfy Rule 9(b). *Holden*, 2020 WL 6822914, at *8 (applying Rule 9(b) to negligent misrepresentation and intentional misrepresentation claims); *Najarian Holdings LLC v. Corevest Am. Fin. Lender LLC*, No. 20-CV-00799-PJH, 2020 WL 5993225, at *5 (N.D. Cal. Oct. 9, 2020) (same as to negligent misrepresentation claim).

Plaintiff's allegations do not satisfy Rule 9(b) or otherwise support a fraud-based claim for at least two reasons.

***First***, Plaintiff does not allege any specific statements that he received and then relied upon when purchasing his Tesla vehicle. For instance, he does not allege a single fact about his purchase of the vehicle, including what materials he looked at, when he did so, or even what he relied upon in making his purchase. Instead, the only fact pled is that Plaintiff "owns a 2022 Tesla Model Y, which he ordered in November 2021 and took delivery in February 2022." (Compl. ¶ 9.) Nothing more. Accordingly, his claims fail. *See, e.g., Yarber v. Kia Am., Inc.*, No. 22-CV-03411-HSG, 2023 WL 2654186, at *4 (N.D. Cal. Mar. 27, 2023) (dismissing fraud claim because "Plaintiff's allegations on this point are vague recitations of the requirements for pleading reliance in a vehicle defect case" and did not allege "how she purchased her vehicle or what pre-purchase materials she reviewed"); *Phillips v. Apple Inc.*, No. 15-CV-04879-LHK, 2016 WL 1579693, at *7 (N.D. Cal. Apr. 19, 2016) (dismissing misrepresentation and other fraud-based claims because "Plaintiffs do not assert that they read or relied on this statement when choosing to download iOS 9 or use Wi–Fi Assist."); *Yastrab v. Apple Inc.*, No. 5:14-CV-01974-EJD, 2015 WL 1307163, at *4, 7 (N.D. Cal. Mar. 23, 2015) (dismissing fraud-based claims because "the misrepresentation allegations . . . do not describe even one specific item that Plaintiff allegedly viewed or where and when he viewed it" or facts to show reliance).

1    Plaintiff vaguely alleges that "Plaintiff and other Class Members reasonably and justifiably

2    relied on Tesla's misrepresentations when purchasing or leasing Tesla vehicles" (Compl. ¶ 84; *see*

3    *also id.* ¶ 90), but Plaintiff does not identify any such misrepresentations that he saw or relied upon.

4    Plaintiff's assertion is nothing more than a formulaic recitation of the legal elements that fails to

5    state a claim.  *See, e.g.*, *Yarber*, 2023 WL 2654186, at *4 (dismissing fraud claims because

6    "allegations on this point are vague recitations of the requirements for pleading reliance in a vehicle

7    defect case"); *In re Apple Processor Litig.*, No. 18-CV-00147-EJD, 2022 WL 2064975, at *10

8    (N.D. Cal. June 8, 2022) (dismissing fraud-based claims despite allegation that "had [plaintiffs]

9    known of concealed facts, they would not have purchased the iDevices or would have paid less for

10   the iDevices" because "Plaintiffs do not allege that they regularly view Apple's YouTube videos

11   or follow Apple's press releases, much less relied on any such representations when purchasing

12   their next smartphone or tablet.").[7]

13       **Second**, under California law, a tort claim cannot be merely duplicative of a breach of

14   contract claim.  *See, e.g., Snapkeys, Ltd. v. Google LLC*, 442 F. Supp. 3d 1196, 1211 (N.D. Cal.

15   2020) (dismissing tort claim because plaintiff's allegation that defendant induced disclosure of

16   confidential information through bad faith and fraudulent means is "the exact allegation at the heart

17   of [plaintiff's] breach of contract claim").  The rule is that where "the allegations do not go beyond

18   the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same

19   damages or other relief already claimed in a companion contract cause of action, they may be

20   disregarded as superfluous as no additional claim is actually stated."  *Careau & Co. v. Sec. Pac.*

21   *Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).

22       Here, Plaintiff's misrepresentation claims allege that Tesla told customers that their

23   "privacy is protected" and that the "data and information obtained through Tesla vehicles' cameras

24   would be protected and remain private."  (Compl. ¶¶ 79, 87.)  This is the exact same factual

25   ───────────────────

26   [7]    Plaintiff also makes references to "Tesla's website" (Compl. ¶¶ 83, 89), but does not
     identify particular statements on the website that he viewed prior to ordering his vehicle or why
27   they were false with respect to him.  *See, e.g., Damner v. Facebook Inc.*, No. 20-CV-05117-JCS,
     2020 WL 7862706, at *8 (N.D. Cal. Dec. 31, 2020) (Spero, J.) (dismissing misrepresentation
28   claims in part because "vague statement" about protecting privacy "is not a representation of
     material fact about Facebook's commitment to protecting user's privacy.").

predicate for his breach of contract claim—that Tesla breached its Privacy Policy because it did not protect privacy or limit the use of data captured by Tesla vehicle cameras.  (*Id.* ¶ 76.)  For both sets of claims, Plaintiff seeks damages.  (*Id.* ¶¶ 77, 85, 91.)  Because Plaintiff's misrepresentation claims duplicate his breach of contract claim, they should be dismissed.

### 4.   Plaintiff's Negligence (Count V) And Negligent Misrepresentation (Count VII) Claims Are Barred By The Economic Loss Rule.

As a general rule, "purely economic losses are not recoverable in tort." *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1038 (N.D. Cal. 2021) (internal quotations omitted); *see also Seely v. White Motor Co.*, 63 Cal. 2d 9, 18 (1965).  The economic loss rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations unless he can demonstrate harm above and beyond the broken contractual promise." *Robinson Helicopter Co., v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).  This Court has recognized that "[t]ort damages have been permitted in contract cases" under California law only in limited situations, such as "where a breach of duty directly causes physical injury, for breach of the covenant of good faith and fair dealing in insurance contracts, for wrongful discharge in violation of public policy, and where the contract was fraudulently induced."  *Missud v. Oakland Coliseum Joint Venture*, No. 12-02967 JCS, 2013 WL 812428, at *20 (N.D. Cal. Mar. 5, 2013) (Spero, J.) (citing *Erlich v. Menezes*, 21 Cal. 4th 543, 551-52 (1999)).

Here, Plaintiff's negligence claims seek damages based upon the conclusory assertion that Tesla transmitted, stored, and permitted access to vehicle camera recordings and made false promises that customer privacy is protected.  (Compl. ¶¶ 73, 79.)  But these are the same allegations at the heart of Plaintiff's breach of contract claim (*id.* ¶¶ 76-77), and Plaintiff does not allege any harm above and beyond what he claims for his alleged breach of contact.  Accordingly, the economic loss rule bars Plaintiff's negligence claims.  *See, e.g., Costa v. Reliance Vitamin Co.*, No. 3:22-CV-04679-WHO, 2023 WL 2989039, at *6 (N.D. Cal. Apr. 18, 2023) (citing *Sheen v. Wells Fargo Bank, N.A.*, 505 P.3d 625, 632-33 (2022) (economic loss doctrine bars negligent misrepresentation claim because "claim and injury arise from the underlying 'contract'—the purchase of the allegedly deceptive product"); *Sinatro v. Mrs. Gooch's Nat. Food Markets, Inc.*,

No. 22-CV-03603-TLT, 2023 WL 2324291, at *15 (N.D. Cal. Feb. 16, 2023) (same); *Freund*, 2023 WL 187506, at *4 (dismissing negligent misrepresentation claim because that "claim and breach of warranty claims rely on substantially similar allegations"); *Missud*, 2013 WL 812428, at *21 (same); *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1064 (dismissing negligence claim based upon alleged breach of duty leading to exposure of highly sensitive information, because "[p]urely economic damages to a plaintiff which stem from disappointed expectations from a commercial transaction must be addressed through contract law").

### 5.     <u>Plaintiff's UCL And CLRA Claims (Counts III And IV) Are Flawed</u>.

Plaintiff's UCL and CLRA claims likewise fail.[8]

***First***, Plaintiff's UCL and CLRA claims are grounded in fraud, based upon alleged misrepresentations by Tesla about its vehicles.  (Compl. ¶¶ 55-59 (basing UCL claim on fraudulent and deceptive "acts, omissions, misrepresentations, practices, and non-disclosures"); *id.* ¶¶ 66, 67 (basing CLRA claim on "false and misleading labeling" and "false[]" and "deceptive[]" advertising).)  Thus, Plaintiff's claims must satisfy the heightened pleading standards of Rule 9(b), *see Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1010, 1014 (N.D. Cal. 2014), including "the who, what, when, where, and how" of the allegedly fraudulent conduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  In addition, because Plaintiff's claims "under the UCL and the CLRA sound in fraud, [he] must allege specific facts showing that [he] relied on the alleged misrepresentations or omissions." *Watkins*, 550 F. Supp. 3d at 833; *Tabler v. Panera LLC*, No. 19-CV-01646-LHK, 2020 WL 3544988, at *6 (N.D. Cal. June 30, 2020) ("rule applies regardless of whether the statements at issue are misleading because they are affirmative misrepresentations or because they contain material omissions").[9]

Here, apart from legal conclusions, Plaintiff does not identify a single false statement or omission forming the basis for his UCL and CLRA claims.  (Compl. ¶¶ 54-71 (failing to identify a

---

[8]     Plaintiff "does not currently seek damages for has [sic] claims under the CLRA."  (Compl. ¶ 70.)

[9]     This Court has held that "under any prong, a UCL claim that is based in fraud must be supported by allegations of reliance in order to properly be pled." *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 959 (N.D. Cal. 2012) (Spero, J.); *Watkins*, 550 F. Supp. 3d at 833–34 (same).

1    single misrepresentation of fact).)   Nor does he identify a statement that he relied upon in

2    connection with the purchase of his Tesla vehicle.  Plaintiff, for instance, does not identify what

3    materials he reviewed when purchasing his vehicle, what statement, if any, he relied upon, or why

4    he believes any specific statement was false as to him.  Plaintiff merely parrots the legal elements

5    of these claims.  *See, e.g., Watkins*, 550 F. Supp. 3d at 834 (dismissing claim in part because

6    "Plaintiffs have not alleged with particularity the misrepresentations and omissions that are the

7    basis for its UCL and CLRA claims" or facts to show reliance); *Stark v. Patreon, Inc.*, No. 22-CV-

8    03131-JCS, 2023 WL 2090979, at *15 (N.D. Cal. Feb. 17, 2023) (Spero, J.) (dismissing CLRA and

9    UCL claims due to misrepresentations in privacy policy because "Plaintiffs have not alleged either

10   that they reviewed the terms of use and similar documents, or that they relied on the potentially

11   misleading statements contained therein."); *In re Apple Processor Litig.*, 2022 WL 2064975, at *11

12   (same); *Phillips*, 2016 WL 1579693, at *7 (same); *Yastrab*, 2015 WL 1307163, at *4-6 (same); *In*

13   *re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 982-85 (N.D. Cal. 2014) (same).[10]

14        **Second**, to bring a UCL claim, Plaintiff must allege that he "suffered injury in fact and has

15   lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.

16   This requires "some form of economic injury." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323

17   (2011).  As set forth above, Plaintiff alleges no facts to show that he incurred any loss of money or

18   property.  Any camera recordings by Tesla did not cause any economic harm to Plaintiff, and he

19   does not and cannot allege that his vehicle is somehow worth less than what he paid for it.  The

20   claim fails for this additional reason.

21        **6.    Plaintiff Has No Basis For His Unjust Enrichment Claim (Count IX).**

22        In addition to requiring dismissal under *Sonner* (and the other reasons stated above),

23   Plaintiff's unjust enrichment claim fails for two additional reasons:  (1) California law does not

---

[10]      In addition, Plaintiff's "unlawful" UCL claim fails because Plaintiff cannot rely upon a
violation of common law theories, *see, e.g., Stearns v. Select Comfort Retail Corp.*, No. 08-2746
JF, 2009 WL 1635931, at *16 (N.D. Cal. June 5, 2009), and, as set forth above, the California
constitutional right to privacy and CLRA claims fail as a matter of law. *Aleksick v. 7-Eleven,
Inc.*, 205 Cal. App. 4th 1176, 1185 (2012) ("[w]hen a statutory claim fails, a derivative UCL
claim also fails"); *see also Avila v. Countrywide Home Loans*, No. 10-CV- 05485-LHK, 2011
WL 1192999, at *6 (N.D. Cal. Mar. 29, 2011) (dismissing UCL claim premised on violation of
underlying law for which plaintiff failed to state claim).

1  recognize a stand-alone unjust enrichment claim and Plaintiff provides no factual basis for

2  "restitution"; and (2) Plaintiff alleges the existence of a legal contract.

3        Under California law, "there is not a standalone cause of action for 'unjust enrichment,'

4  which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762

5  (9th Cir. 2015); *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870, 230 Cal. Rptr. 3d

6  625, 646 (2018) ("Unjust enrichment is not a cause of action." (internal citations omitted)); *In re*

7  *ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1114 (C.D. Cal. 2012) ("under California law, a cause

8  of action for unjust enrichment is not cognizable. Rather, unjust enrichment is a theory that permits

9  recovery on other recognized causes of action"). This alone is a basis for dismissal. *See Low*, 900

10  F. Supp. 2d at 1031.

11        But even if the Court were to construe Plaintiff's claim as one for restitution, Plaintiff's

12  theory is non-sensical. Plaintiff alleges that he conveyed a benefit on Tesla by purchasing his

13  vehicle (Compl. ¶ 93), but Plaintiff does not allege facts to show why it would be inequitable for

14  Tesla to keep what Plaintiff paid for his vehicle. Plaintiff ordered a Model Y vehicle with a suite

15  of cameras used for a host of advanced driver assistance and safety features, including Autopilot,

16  and he received that vehicle. Nor does Plaintiff allege that Tesla received any money from any

17  camera recording from his vehicle. It did not. Thus, there is nothing for Tesla to pay back.

18        In addition, this Court and the Ninth Circuit have recognized that "[a]n action based on

19  quasi-contract cannot lie where a valid express contract covering the same subject matter exists

20  between the parties." *Shuman v. SquareTrade Inc.*, No. 20-CV-02725-JCS, 2020 WL 7458001, at

21  *7 (N.D. Cal. Dec. 18, 2020) (Spero, J.) (quoting *Gerlinger v. Amazon.Com, Inc.*, 311 F. Supp. 2d

22  838, 856 (N.D. Cal. 2004)); *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th

23  Cir. 1996) ("unjust enrichment is an action in quasi-contract, which does not lie when an

24  enforceable, binding agreement exists defining the rights of the parties"). That is the case here.

25  Plaintiff alleges that the Privacy Policy is a binding contract between the parties and addresses the

26  very subject matter (*i.e.*, the collection, storage, and use of camera data) that forms the basis for the

27  unjust enrichment claim. *Compare* Compl. ¶ 76 (breach of contract) *with* ¶¶ 93-94 (unjust

28

enrichment).  Thus, this claim fails.  *See, e.g., Freund*, 2023 WL 187506, at *6 (dismissing unjust enrichment claim where "Plaintiffs have alleged that HP has issued a valid warranty").

### 7.   Plaintiff Does Not State A Breach Of Contract Claim (Count VI).

Plaintiff's breach of contract claim also fails for two additional reasons.

*First*, Plaintiff predicates his contract claim on an alleged breach of the Privacy Policy, but he does not address the specific content of the Privacy Policy or identify any specific provision that Tesla supposedly breached.  Instead, the Complaint makes a few vague references to cherry-picked language about protecting customer privacy without any page citations or context.  (Compl. ¶ 76.) This is insufficient to state a breach of contract claim.  *See, e.g., Damner*, 2020 WL 7862706, at *7 ("Plaintiff fails to state a viable claim for breach of contract, however, because he does not point to any specific provision that was breached.").

Nor has Plaintiff pled any breach.  Plaintiff states that Tesla "did not limit [the use of] data captured by these cameras, as it promised in the contract" (Compl. ¶ 76), but Plaintiff does not allege any facts to show that Tesla collected any data from *his* cameras (either through Security Event Recordings or Fleet Learning Recordings) or, if it was collected, that its use was not limited as set forth in the Privacy Policy.  For this reason alone, the claim should be dismissed.

*Second*, "[u]nder California law, a breach of contract claim requires a showing of appreciable and actual damage." *Aguilera*, 223 F.3d at 1015.  Courts "have found damages based on allegations of [the improper] collection of personal information [] insufficient to state a claim for breach of contract." *Yunker*, 2013 WL 1282980, at *13 (dismissing breach of contract claim because plaintiff "fails [to] allege actual and appreciable damage based on the collection and dissemination of his PII [personally identifiable information]," including his age, gender, and location, by Pandora App); *Low*, 900 F. Supp. 2d at 1028 (dismissing breach of contract claim because "unauthorized collection of personal information does not create an economic loss"); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 717 (N.D. Cal. 2011), *aff'd*, 572 F. App'x 494 (9th Cir. 2014) (same).

Plaintiff's claim is even more deficient here.  Even if Plaintiff could allege a breach of the Privacy Policy by the unauthorized collection or use of any images captured by his vehicle's

cameras (and he has not), he does not allege facts showing that he appears in those images or that they contain any personal and sensitive information.  Nor does Plaintiff allege facts showing that he experienced any appreciable and actual damage from such conduct.  He did not.  Accordingly, his claim should be dismissed.

## IV.   <u>CONCLUSION</u>

The Court should compel Plaintiff to arbitrate his claims for the reasons set forth in Tesla's Motion to Compel.  In the alternative, for the reasons set forth above, the Court should dismiss Plaintiff's Complaint because it fails to state a claim under Rule 12(b)(1), 12(b)(6), and Rule 9(b).

Dated: June 2, 2023                MORGAN, LEWIS & BOCKIUS LLP
                                   David L. Schrader
                                   Brian M. Ercole
                                   Mark A. Feller


                                   By   */s/ David L. Schrader*
                                        David L. Schrader

                                   *Attorneys for Defendant Tesla, Inc.*