MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Brian M. Ercole
(*pro hac vice* motion forthcoming)
brian.ercole@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL  33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY YEH on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.,<br><br>Defendant. | Case No. 3:23-cv-01704-JCS<br><br>**DEFENDANT TESLA, INC.'S ADMINISTRATIVE MOTION PURSUANT TO RULE 7-11 TO STAY THE CASE MANAGEMENT DEADLINES AND CONTINUE THE JULY 21, 2023 INITIAL CASE MANAGEMENT CONFERENCE PENDING A RULING ON ITS PENDING MOTION TO COMPEL ARBITRATION AND ITS ALTERNATIVE MOTION TO DISMISS PLAINTIFF'S CLAIMS**<br><br>Compl. Filed:       April 7, 2023 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TESLA'S ADMINISTRATIVE MOTION TO STAY THE CASE MANAGEMENT DEADLINES AND
CONTINUE INITIAL CASE MANAGEMENT CONFERENCE

1  Pursuant to Civil L.R. 7-11, Defendant Tesla, Inc. ("Tesla") requests that the Court (a) stay the current case management deadlines, including any discovery, and (b) continue the July 21, 2023 case management conference[1] pending a ruling on Tesla's Motion to Compel Arbitration and its Motion to Dismiss (the "Motions").

## I. INTRODUCTION

Tesla has moved to compel arbitration on an individual basis, based upon two separate arbitration agreements that Plaintiff signed with Tesla in connection with the purchase and finance of his Tesla vehicle. Alternatively, Tesla has moved to dismiss Plaintiff's claims for lack of standing and failure to plead a claim. If granted, either Motion will end this case.

The Court's initial case management orders require the parties to discuss discovery and settlement issues, submit case management and discovery reports, exchange initial disclosures (or objections), and then appear for a case management conference on July 21. Given the pending Motions, the Court should stay or continue these deadlines. Tesla's Motions are now set for hearing on July 21 and, if granted, either Motion will dispose of the case in its entirety. No discovery is needed to resolve those Motions. A short stay will not prejudice Plaintiff. And principles of fairness and economy warrant a stay, so that Tesla gets the benefit of its arbitration agreements with Plaintiff and the parties do not waste time and money litigating Plaintiff's improperly-filed class claims in an improper forum.

## II. BACKGROUND

On April 7, 2023, Plaintiff filed this action. Dkt. No. 1. On April 10, 2023, the Court entered a standard Order (the "Order") setting initial case management deadlines. Dkt. No. 5. That Order was modified on June 9, 2023. Dkt. No. 24. Currently, the parties must: (1) meet and confer by June 30, 2023 to discuss initial disclosures, early settlement, the ADR process selection, and a discovery plan; (2) file a Rule 26(f) Report, complete initial disclosures (or object to them), and file a Case Management Statement by July 14, 2023; and (3) attend an initial Case Management Conference on July 21, 2023. Dkt. Nos. 5, 24.

---

[1] Tesla does not seek to continue the motion hearing set for July 21, 2023.

After the filing of this action (and the Court's Order), Tesla's counsel met and conferred with Plaintiff's counsel about arbitration. Tesla's counsel explained that Plaintiff's lawsuit was improper because Plaintiff agreed, in two separate agreements with Tesla, to forego class claims and to arbitrate his dispute against Tesla on an individual basis. Tesla provided copies of those agreements. Plaintiff ultimately refused to dismiss his lawsuit. As a result, Tesla was forced to file its Motion to Compel Arbitration on an individual basis on June 2, 2023. Dkt. No. 22. Alternatively, Tesla filed a Motion to Dismiss pursuant to Rule 12(b)(1), Rule 12(b)(6), and Rule 9(b). Dkt. No. 23. Both Motions were noticed to be heard on July 7, 2023. *See* Dkt. Nos. 22-23. They were recently re-set for a hearing on July 21, 2023  Dkt. No. 24.

In connection with the filing of its Motions, counsel for Tesla contacted Plaintiff's counsel to see if Plaintiff will agree to a short stay of the initial case management deadlines and conference pending the resolution of Tesla's Motions. *See* Declaration of Mark A. Feller ¶ 2. Plaintiff refused to do so, but acknowledged that it was appropriate for Tesla to seek such relief through an administrative motion. *Id.* ¶ 3. As a result, Tesla filed this motion.

### III.     LEGAL ARGUMENT

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (recognizing court's power to "order a stay of the action pursuant to its power to control its docket").

Courts in this District apply a two-prong test to determine whether a stay of discovery-related issues is appropriate: (1) whether the pending motion is "potentially dispositive of the entire case"; and (2) whether "the pending motion can be decided absent discovery." *California Crane Sch., Inc. v. Google LLC*, No. 21-CV-10001-HSG, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022) (quoting *In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017)). In applying this two-factor test, a "preliminary peek" at the merits of the pending motions is necessary. *See Reveal Chat Holdco, LLC v. Facebook,*

2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TESLA'S ADMINISTRATIVE MOTION TO STAY THE CASE MANAGEMENT DEADLINES AND
CONTINUE INITIAL CASE MANAGEMENT CONFERENCE

*Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) (citing cases). Under this test, courts "routinely grant stays" of pretrial scheduling issues and discovery when a motion to compel arbitration is pending. *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017); *see also Galaxia Elecs. Co. v. Luxmax, U.S.A.*, No. LACV1605144JAKGJSX, 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017) ("courts in this Circuit routinely grant motions to stay discovery under similar circumstances [where motion to compel arbitration is pending]"); *Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (applying rule).

Here, the Court should stay the case management deadlines set forth in its Order, including any discovery, and continue the case management conference for several reasons.

***First***, application of the two-prong test warrants a stay. Both Motions are potentially dispositive. If the Court grants the Motion to Compel Arbitration, the case will be sent to arbitration and either dismissed or stayed. Dkt. No. 22-4 (proposed order); *see California Crane Sch., Inc.*, 2022 WL 1271010, at *1 (granting stay in part because motions to compel arbitration and related motion to dismiss "may dispose of at least some Defendants, if not Plaintiff's entire case"); *Nguyen v. BMW of N. Am., LLC.*, No. 20CV2432-JLS(BLM), 2021 WL 2284113, at *3 (S.D. Cal. June 4, 2021) (granting stay because motion to compel arbitration is "potentially dispositive of the entire case"). Likewise, if the Rule 12(b) motion is granted, this case will end. Dkt. No. 23-2 (proposed order); *see Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *2 (staying discovery because dismissal arguments regarding lack of standing and failure to state a claim are "potentially dispositive of the entire case"); *In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *2 (staying discovery because resolution of dismissal motions may be "potentially dispositive" of entire case or may limit discovery and focus issues).

Moreover, discovery is not needed to resolve either Motion. The Court can and should decide the Motion to Compel Arbitration without any discovery; there can be no dispute that Mr. Yeh entered into the agreements to arbitrate. *See, e.g., California Crane Sch., Inc.*, 2022 WL 1271010, at *1 (staying case because "no additional discovery" needed to resolve motion to

TESLA'S ADMINISTRATIVE MOTION TO STAY THE CASE MANAGEMENT DEADLINES AND CONTINUE INITIAL CASE MANAGEMENT CONFERENCE

compel arbitration); *Nguyen*, 2021 WL 2284113, at *4 (same). Nor is discovery needed to resolve Tesla's Motion to Dismiss, because it challenges the legal sufficiency of Plaintiff's allegations. *See, e.g.*, *Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *3 (granting stay because motion to dismiss challenges sufficiency of allegations in complaint).

**Second**, courts in this District routinely stay discovery and case management obligations pending the resolution of motions to compel arbitration and/or motions to dismiss under Rule 12(b). *See, e.g., California Crane Sch., Inc.*, 2022 WL 1271010, at *1 (applying principle); *Reveal Chat Holdco, LLC*, 2020 WL 2843369, at *2 (same); *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-CV-01315, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (same); *In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *2 (same); *Mahamedi IP L., LLP*, 2017 WL 2727874, at *1 (same). In fact, it is "common practice" to stay "initial scheduling obligations and discovery pending the determination of the motion to compel arbitration." *Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (staying parties' obligations under order setting initial case management conference due to pending motion to compel arbitration because, if motion is granted, case will proceed in arbitration, arbitrators will be responsible for any discovery, and a stay will "conserve the resources of the parties").[2]

**Lastly**, principles of judicial economy and fairness warrant a stay. The parties agreed to arbitrate the disputes between them on multiple occasions and delegated any issue of arbitrability to the arbitrator to decide. *See* Dkt. No. 22, at 4-7, 11-17. Requiring the parties to conduct case management and discovery-related tasks in this forum, including holding a Rule 26(f) conference and exchanging initial disclosures, would gut the parties' arbitration agreements, which, as matter of law, the Court must "'rigorously enforce' . . . according to their terms." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 238 (2013) (internal citation omitted). Courts recognize that "requiring Defendant to engage in discovery that may not be permitted or accepted later if the matter is sent to arbitration would be prejudicial to Defendant." *Nguyen*, 2021 WL 2284113, at *4. So, too, here. Discovery is expensive, and Tesla should not have to litigate a putative class

---

[2] *See also Nguyen*, 2021 WL 2284113, at *4; *Arik v. Meyers*, No. 219CV01908JADNJK, 2020 WL 515843, at *1 (D. Nev. Jan. 31, 2020); *Galaxia Elecs. Co.*, 2017 WL 11566394, at *2.

action that Plaintiff agreed not to file and "lose the key advantages of arbitration—speed and economy." *Okada v. Nevada Prop. 1, LLC*, No. 2:14-CV-01601-LDG, 2014 WL 6634446, at *2 (D. Nev. Nov. 21, 2014) (applying principle to stay action pending ruling on motion to compel arbitration).

By contrast, Plaintiff will not be prejudiced by any stay, given that this case is in its infancy, Plaintiff agreed to arbitrate his claims against Tesla on an individual basis, and a motion hearing is set for July 21. A "stay also will allow the Court to avoid any potentially unnecessary judicial expenditures such as discovery disputes that may or may not be relevant if the matter is remanded or sent to arbitration." *Nguyen*, 2021 WL 2284113, at *4. Accordingly, Tesla's motion should be granted.

## IV.  CONCLUSION

For the reasons set forth above, Tesla requests that the Court stay the case management deadlines set forth in the Court's April 10, 2023 Order and continue the July 21, 2023 case management conference.

Dated: June 9, 2023

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader
Brian M. Ercole
Mark A. Feller

By  */s/ David L. Schrader*
　　 David L. Schrader

*Attorneys for Defendant Tesla, Inc.*