**FITZGERALD JOSEPH LLP**
JACK FITZGERALD (SBN 257370)
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH (SBN 287057)
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER (SBN 275423)
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@fitzgeraldjoseph.com*
CAROLINE S. EMHARDT (SBN 321222)
*caroline@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

**BLOOD HURST & O'REARDON, LLP**
TIMOTHY G. BLOOD (SBN 149343)
*tblood@bholaw.com*
THOMAS J. O'REARDON II (SBN 247952)
*toreardon@bholaw.com*
JAMES M. DAVIS (SBN 301636)
*jdavis@bholaw.com*
501 West Broadway, Suite 1490
San Diego, CA 92101
Phone: (619) 338-1100

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY YEH, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Case No. 23-cv-1704-JCS<br><br>**PLAINTIFF'S OPPOSITION TO TESLA'S ADMINISTRATIVE MOTION TO STAY CASE MANAGEMENT DEADLINES & CONTINUE INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Judge:   Hon. Joseph C. Spero |

# INTRODUCTION

The Initial Case Management Conference in this case is set for July 21 (Dkt. No. 24). Accordingly, the parties' current obligation is to conduct their Rule 26(f) conference by July 7, and to file their Joint Discovery Planning Report by July 14. As a result, Tesla will not have to respond to any written discovery before the initial CMC, since the earliest Plaintiff can serve such discovery with Tesla's deadline to respond 30 days later is just 2 weeks before the CMC. Tesla will not even have to serve initial disclosures before then. *See* Fed. R. Civ. P. 26(a)(1)(C) (requiring a party to serve initial disclosures 14 days after the Rule 26(f) conference and permitting the party to object instead). As such, other than the minimal time necessary to engage in the Rule 26(f) conference itself, Tesla will suffer no burden if the case management deadlines are not stayed. Its present motion is thus unnecessary and premature.[1]

# ARGUMENT

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884, at *1 (N.D. Cal. Dec. 9, 2021) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)). "'Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.'" *Id.* (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Indeed, Rule 26(f) requires that the parties "confer *as soon as practicable*—and in any event at least 21 days before a scheduling conference is to be held . . . ." Fed. R. Civ. P. 26(f)(1) (emphasis added).

"Courts in this district [ ] appl[y] a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion[:]" "[f]irst, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed[,]" and "[s]econd, the court must determine whether the pending motion can be decided absent discovery." *Id.* (citations omitted). "If the Court answers the[ ] two questions in the affirmative, a protective order *may* issue." *Id.* (internal quotation

---

[1] Tesla's motion notes that Plaintiff's counsel agreed an Administrative Motion was a proper vehicle for seeking a stay but ignored counsel's point during that conversation: that no discovery would occur before the initial case management conference, and that if, following the 26(f) conference Tesla still believed a stay was necessary, it could note that it could quickly move for relief at that time by filing an Administrative Motion and avoiding the long turnaround on a regularly-noticed motion.

1 and citations omitted) (emphasis added). In other words, a protective order staying discovery is not automatic, even if the two-pronged test is met. *See id*. "However, if either prong of this test is not established, discovery proceeds." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010) (quoting *The Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)).

While "[c]ourts do stay discovery sometimes when potentially dispositive motions are pending. . . . [w]hether a stay is appropriate depends on the circumstances of the motion, including the nature of the motion, whether it might resolve the case as a matter of law, the posture of the litigation, and what kind of discovery is sought." *Brown v. Hain Celestial Grp., Inc.*, 2013 WL 5800566, at *6 (N.D. Cal. Oct. 28, 2013) (citing *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)). Overall, "[a] district court has broad discretion" in deciding whether to stay discovery pending the disposition of a dispositive motion. *Trevino v. Dotson*, 2017 WL 550234, at *1 (N.D. Cal. Feb. 10, 2017) (citations omitted).

Here, the Court should deny Tesla's motion. Courts have found that a motion to compel arbitration is *not* dispositive. *See Dist. Council 16 Int'l Union of Painters & Allied Trades, Painters Local No. 3 v. LML Enters., Inc.*, 2013 WL 3802837, at *2 (N.D. Cal. June 14, 2013) ("District courts are divided as to whether a motion to compel arbitration is dispositive" and some "have found that a motion to compel arbitration is not a dispositive motion" (citing *Herko v. Metropolitan Life Ins. Co.*, 978 F. Supp. 141, 142 n.1 (W.D.N.Y. 1997) (concluding that a motion to compel arbitration is not dispositive because "the FAA provides that there is no final exercise of Article III power until after arbitration is complete and the arbitrator's decision is either affirmed, modified, or vacated by the district court judge where the actions remain lodged"))).

In any event, Plaintiff has not yet sought any discovery from Tesla, and Tesla should not be relieved of the minimal burden of engaging in a Rule 26(f) conference. By the time that is due, Plaintiff may well have amended his Complaint, mooting Tesla's Rule 12 motion, and even potentially its Motion to Compel Arbitration. So the landscape could be quite different by the time the current Rule 26(f) conference is due.

If, following the Rule 26(f) conference, Tesla still believes there is a need for a stay, it can argue for that during the initial CMC, if necessary, or file a motion for a stay then. But the purpose of the Rule 26(f) conference is to "'informally explore the nature and basis of the issues, and discuss how discovery can be conducted most efficiently and economically.'" *Archer v. Carnival Corp. & PLC*, 2021 WL 4798701, at *2

(C.D. Cal. May 30, 2021) (quoting 1993 Adv. Comm. Notes to Fed. R. Civ. P. 26(f)). The conference "is the time to 'discuss whether . . . information is reasonably accessible to the party that has it, including the burden or cost of retrieving and reviewing the information.'" *Id.* (same). And whether this case proceeds here or in arbitration, that discussion is something the parties and case can and should benefit from.

## CONCLUSION

The Court should deny Tesla's Administrative Motion to Stay the Case Management Deadlines.

Dated: June 13, 2023

Respectfully Submitted,

/s/  Jack Fitzgerald

**FITZGERALD JOSEPH LLP**
JACK FITZGERALD
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN
*trevor@fitzgeraldjoseph.com*
CAROLINE S. EMHARDT
*caroline@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

**BLOOD HURST & O'REARDON, LLP**
TIMOTHY G. BLOOD
*tblood@bholaw.com*
THOMAS J. O'REARDON II
*toreardon@bholaw.com*
JAMES M. DAVIS
*jdavis@bholaw.com*
501 West Broadway, Suite 1490
San Diego, CA 92101
Phone: (619) 338-1100

*Counsel for Plaintiff*