**FITZGERALD JOSEPH LLP**
JACK FITZGERALD (SBN 257370)
*jack@fitzgeraldjoseph.com*
PAUL K. JOSEPH (SBN 287057)
*paul@fitzgeraldjoseph.com*
MELANIE PERSINGER (SBN 275423)
*melanie@fitzgeraldjoseph.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@fitzgeraldjoseph.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

**BLOOD HURST & O'REARDON, LLP**
TIMOTHY G. BLOOD (SBN 149343)
*tblood@bholaw.com*
THOMAS J. O'REARDON II (SBN 247952)
*toreardon@bholaw.com*
JAMES M. DAVIS (SBN 301636)
*jdavis@bholaw.com*
501 West Broadway, Suite 1490
San Diego, CA 92101
Phone: (619) 338-1100

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY YEH and G.Y., a minor by and through his guardian Henry Yeh, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Case No: 23-cv-1704-JCS<br><br>**DECLARATION OF JACK FITZGERALD IN OPPOSITION TO TESLA'S MOTION TO COMPEL ARBITRATION AND TO DISMISS THE ACTION (DKT. NO. 38)**<br><br>Date:   September 15, 2023<br>Time:   9:30 a.m.<br>Court:  F, 15th Floor<br>Judge:  Hon. Joseph C. Spero |

I, Jack Fitzgerald, declare:

1. I am a member in good standing of the State Bars of California and New York; and of the United States District Courts for the Northern, Central and Southern Districts of California, the Southern and Eastern Districts of New York, and the Western District of Wisconsin; and of the United States Courts of Appeal for the Second, Eighth, and Ninth Circuits. I make this declaration based on my own personal knowledge, in support of Plaintiffs' Opposition to Defendant Tesla, Inc.'s Motion to Compel Arbitration and to Dismiss the Action.

2. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from a motion to compel arbitration filed by Tesla as Dkt. No. 44 in *Lee, et al. v. Tesla, Inc.*, No. 20-cv-570-JVS (C.D. Cal.) ["*Lee*"].

3. Attached hereto as **Exhibit 2** is a true and accurate copy of the Tesla Motor Vehicle Order Agreement Tesla filed as Dkt. No. 44-31 in *Lee*.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 21st day of August, 2023, in San Diego, California.

By:   /s/ Jack Fitzgerald
      Jack Fitzgerald

# Exhibit 1

COOLEY LLP
MICHAEL G. RHODES (116127)
rhodesmg@cooley.com
WHITTY SOMVICHIAN (194463)
wsomvichian@cooley.com
DANIELLE C. PIERRE (300567)
dpierre@cooley.com
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INKIE LEE, WAYNE SALLURDAY; LORI SALLURDAY; ANANDHI BHARADWAJ; SARGON DANIEL; STEPHANIE GLEASON; LAVERNE JACKSON; SANDY XIA; NISSIM AHRONEE; SANJAY CHOPRA; EDWIN ARROYAVE; MICHAEL CURLEY; WILLIAM DOYLE; ROBERT GUCWA; JAVIER GUZMAN; SUSAN HUTCHESON; MACE RAKESTRAW; RODRIGO RODRIGUEZ; HASNIN SYED; YUFEI WU; WENDY HENSEL; JOSEPH TYSON; and YUXIANG ZHANG; on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TESLA, INC. and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. 2:20-cv-00570-JVS-KES <br><br> **TESLA'S NOTICE OF MOTION AND MOTION TO COMPEL CERTAIN PLAINTIFFS TO INDIVIDUAL ARBITRATION AND DISMISS CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: September 21, 2020 <br> Time: 1:30 p.m. <br> Courtroom: 10C |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TESLA'S MOTION TO COMPEL INDIVIDUAL ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

Plaintiffs all executed agreements that require them to arbitrate any disputes with Tesla regarding their vehicles (collectively, the "Arbitration Agreements").

### A. The Order Agreement & Arbitration Agreement.

Plaintiffs Lee, Bharadwaj, Guzman, Ahronee, Gucwa, Rodriguez, Xia, Daniel, Gleason, Rakestraw, Hutcheson, Wayne Sallurday, Hensel, and Zhang agreed to arbitrate when they placed an online order for their Tesla vehicles. At the end of the online order process, an Order Payment screen is shown that includes an "Order"/"Place Order" button that must be clicked to complete the process. Directly above or below this button, the Order Payment screen advises that "By placing this order you agree to the [**Model S, Model 3, or Model X**] **Order Agreement** and the Customer Privacy Policy," or a slight variation of this language. (Declaration of Victor Barclay in Support of Tesla's Motion to Compel Arbitration ("Barclay Decl.") ¶¶ 3-4.) An example of the Order Payment screen is shown below:

> By placing this order you agree to allow Tesla to save your credit card to pay for future services as described in the payment terms.
>
> Due Today - $2,500
>
> PLACE ORDER
>
> By clicking "Place Order" I agree to the Model X Order Agreement, Supercharger Fair Use Policy, the Customer Privacy Agreement, and consent to be contacted at the number provided with more information or offers about Tesla products. I understand these calls or texts may use automated dialing or pre-recorded messages. I understand my consent to be contacted is not a condition of purchase.
>
> View additional information

(Barclay Decl., Ex. 2 at 9.)

At all relevant times, the text "Model S Order Agreement," "Model 3 Order

Agreement," and/or "Model X Order Agreement" was a direct hyperlink to an online copy of the referenced Order Agreement[1] as indicated by the bolded, colored, and/or underlined font. (Barclay Decl. ¶¶ 3-4.) Tesla's records confirm that Plaintiffs Lee, Bharadwaj, Guzman, Rakestraw, Ahronee, Gucwa, Rodriguez, Xia, Daniel, Gleason, Hutcheson, Mr. Sallurday, Hensel, and Zhang each placed an online order through the process described above and thus accepted the referenced Order Agreement as part of their purchase.

The Order Agreement for these Plaintiffs was either three or four pages. The arbitration clause is prominently displayed in a standalone text box and includes the following provisions, including the right to opt out of arbitration within 30 days:

> **Agreement to Arbitrate.**[2] Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together, "Tesla").
>
> \*\*\*
>
> [Y]ou agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules.
>
> \*\*\*
>
> The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitration cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action.
>
> \*\*\*

---

[1] The full title of the Order Agreements applicable to Plaintiffs' orders were either "Motor Vehicle Order Agreement" or "Motor Vehicle Purchase Agreement" and these agreements are referenced collectively herein as an "Order Agreement." (Ahluwalia Decl. ¶ 3.)

[2] There have been slight variations to this form over time, but the pertinent terms appeared in the Order Agreement for each of the relevant Plaintiffs, as detailed in the Ahluwalia Declaration at ¶ 4.

> You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to [a designated address].

(*See, e.g.*, Ahluwalia Decl. ¶ 4; Ex. 1 at 15.) As noted, Plaintiffs all had the opportunity to review the Order Agreement before completing the online order process. In addition, Tesla provided a copy of the Order Agreement directly to Plaintiffs through their personal Tesla Accounts (historically referred to as a "MyTesla account"). (Ahluwalia Decl. ¶ 5.)

As shown, each Plaintiff who agreed to an Order Agreement had 30 days to review and opt out of the arbitration provision if they preferred to bring potential disputes to court. None of the Plaintiffs did so. To the contrary, they reiterated their agreement to arbitrate in multiple ways. Plaintiffs Lee, Bharadwaj, and Gucwa signed physical copies of their Order Agreements in addition to their agreements via the online ordering process. (*Id.* ¶¶ 11, 13, & 29.) In addition, Plaintiffs Bharadwaj, Xia, and Daniel signed a "Delivery Declaration" that states "BY SIGNING BELOW, YOU AGREE THAT YOU HAVE TAKEN DELIVERY OF YOUR [VEHICLE] ON OR BEFORE [DATE OF DELIVERY] AND THAT YOU AGREE WITH YOUR FINAL MOTOR VEHICLE PURCHASE AGREEMENT, WHICH HAS BEEN UPLOADED TO AND IS AVAILABLE IN YOUR MYTESLA ACCOUNT." (Ahluwalia Decl. ¶¶ 15, 36, & 39, Exs. 6, 21, & 23.) The "Motor Vehicle Purchase Agreement" referenced in the Delivery Declarations refers to the specific form of Order Agreement that these Plaintiffs agreed to when they placed their orders.[3] (*Id.* ¶¶ 15, 36, & 39.)

---

[3] Each of these Plaintiffs had weeks between the time they placed their online order (and accepted the Order Agreement) and the time they took delivery of their vehicles and signed Delivery Declarations confirming their agreement. Plaintiff Bharadwaj had 58 days between her online order and her delivery (Ahluwalia Decl. ¶¶ 12-15); Plaintiff Xia had 67 days (*id.* ¶¶ 33, 35-36); and Plaintiff Daniel had 48 days (*id.* at ¶¶ 37, 39). Thus, Plaintiffs each had ample time and opportunity to read and understand their Order Agreement and its implications.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TESLA'S MOTION TO COMPEL INDIVIDUAL
ARBITRATION
CASE NO. 2:20-CV-00570-JVS-KES

### B. The Retail Installment Contract & Arbitration Agreement.

In addition, Plaintiffs Rodriguez, Arroyave, Curley, Xia, and Tyson entered into a Retail Installment Contract in connection with their purchase, by physically signing the agreements.[4] (Ahluwalia Decl. ¶¶ 17, 24, 32, 35, & 50.) The Retail Installment Contract for each Plaintiff was between six and nine pages, and the Arbitration Agreement itself is marked off by a separate section with the bolded heading "**Arbitration Provision**" followed by the admonition (in bold capitalized text) to "**PLEASE READ CAREFULLY!**" or "**PLEASE REVIEW-IMPORTANT-AFFECTS YOUR LEGAL RIGHTS.**" (*Id.*, Exs. 8 at 46, 13 at 69, 18 at 100, 20 at 115, & 30 at 156.) The Retail Installment Contract informs the customer at the outset that:

- "**EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN [US] DECIDED BY ARBITRATION, AND NOT [BY A] COURT OR BY JURY TRIAL.**"
- "**YOU [WILL] GIVE UP [ANY] RIGHT [TO] PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER. . .**"

The arbitration provision allows either party to elect arbitration of "any claim" arising from or relating to, among other things, the "purchase" or "condition" of their vehicles, the "Contract," or any related "transaction" or "relationship." (Ahluwalia Decl., Exs. 8 at 46, 13 at 69, 18 at 100, 20 at 115, & 30 at 156.) The text of the arbitration provision reiterates the class action waiver set forth in the initial bolded/capitalized text, stating that all claims will be arbitrated on an "individual" basis, and not as a "class" action. (*Id.*)

Certain Plaintiffs' Retail Installment Contracts also provided them with an opportunity to opt out of arbitration, and still complete their purchases. (*Id.* ¶¶ 17, 24, & 50.) Specifically, the contracts that Plaintiffs Arroyave, Curley, and Tyson

---

[4] Where a Plaintiff agreed to both an Order Agreement and Retail Installment Contract, the Order Agreement provides that its arbitration terms govern. (*See, e.g.*, Ahluwalia Decl., Ex. 1 at 15.) Plaintiffs Arroyave, Curley, and Tyson are bound to the terms of the Retail Installment Contract because they did not agree to an Order Agreement with an arbitration provision.

# Exhibit 2

# Exhibit 1

Exhibit 1
Page 012



# Motor Vehicle Order Agreement

## Vehicle Configuration

**Customer**

Joe Lee

La Canada, CA 91011

| | |
|---|---|
| **Order Number** | RN109439651 |
| **Order payment** | $2,500 |
| **Order placed with electronically accepted terms** | 7/14/2019 |

Price indicated does not include taxes and governmental fees, which will be calculated as your delivery date nears. You will be responsible for these additional taxes and fees.

| Description | Price (USD) |
|---|---|
| Model X | $81,000 |
| Model X Standard Range | Included |
| Pearl White Multi-Coat | $2,000 |
| 20" Silver Wheels | Included |
| All Black Premium Interior with Figured Ash Wood Décor | Included |
| Six Seat Interior | $6,000 |
| Autopilot | Included |
| **Subtotal** | **$89,000** |
| Destination and Documentation Fee | $1,200 |
| **Total** | **$90,200** |

Motor Vehicle Order Agreement (v. 20190523 en_US)
Tesla, Inc. ©2019

Page 1 of 4

TESLA_0268

Exhibit 1
Page 013



## Motor Vehicle Order Agreement
### Terms & Conditions

**Documentation.** Your Motor Vehicle Order Agreement (the "Agreement") is made up of the following documents:

1. <u>Vehicle Configuration:</u>  The Vehicle Configuration describes the vehicle that you configured and ordered, including pricing (excluding taxes and official or government fees).

2. <u>Final Price Sheet:</u>  The Final Price Sheet will be provided to you as your delivery date nears. It will include final pricing based on your final Vehicle Configuration and will include taxes and official or governmental fees.

3. <u>Terms & Conditions:</u>  These Terms & Conditions are effective as of the date you place your order and make your Order Payment (the "Order Date").

**Agreement to Purchase.**  You agree to purchase the vehicle (the "Vehicle") described in your Vehicle Configuration from Tesla, Inc. or its affiliate ("we," "us" or "our"), pursuant to the terms and conditions of this Agreement. Your Vehicle is priced and configured based on features and options available at the time of order and you can confirm availability with a Tesla representative. Options, features or hardware released after you place your order may not be included in or available for your Vehicle. If you are purchasing a used Vehicle, it may exhibit signs of normal wear and tear in line with its respective age and mileage.

**Purchase Price, Taxes and Official Fees.**  The purchase price of the Vehicle is indicated in your Vehicle Configuration. This purchase price does not include taxes and official or government fees, which could amount to up to 10% or more of the Vehicle purchase price. Because these taxes and fees are constantly changing and will depend on many factors, such as where you register the Vehicle, they will be calculated closer to the time of delivery and indicated on your Final Price Sheet. You are responsible for paying these additional taxes and fees. If you present a check for any payment, we may process the payment as a normal check transaction, or we may use information from your check to make a one-time electronic fund transfer from your account, in which case your bank account will reflect this transaction as an Electronic Fund Transfer.

**Order Process; Changes.**  After you submit your completed order, we will, if you are purchasing a Customer Ordered Vehicle, begin the process of producing your vehicle or matching your order to a vehicle, as applicable, and begin preparing and coordinating your Vehicle delivery. If you are purchasing a Vehicle from our inventory that is not custom ordered by you, we will, after you submit your completed order, begin the process of preparing and coordinating your Vehicle delivery. **Until your Vehicle is delivered to you, you may cancel your order at any time, in which case you will receive a full refund of your Order Payment. Until your Custom Ordered Vehicle enters into production or is matched to a vehicle, as applicable, you may make changes to your Vehicle Configuration.** If you make changes to your order, you may be subject to potential price increases for any pricing adjustments made since your original Order Date. Any changes made by you to your Vehicle Configuration, including changes to the delivery location or estimated delivery date, will be reflected in a subsequent Vehicle Configuration that will form part of this Agreement. When you take delivery of the Vehicle, we will provide a credit to the final order price of your Vehicle equivalent to the amount of the Order Payment you paid. This Order Payment and this Agreement are not made or entered into in anticipation of or pending any conditional sale contract.

**Delivery.**  If you are picking up your Vehicle in a state where we are licensed to sell the Vehicle, we will notify you of when we expect your Vehicle to be ready for delivery at your local Tesla Delivery Center, or other location as we may agree to. You agree to schedule and take delivery of your Vehicle within one week of this date. If you are unable to take delivery within the specified period, your Vehicle may be made available for sale to other customers.

If you wish to pick up your Vehicle in a state where we are not licensed to sell the Vehicle, or if you and Tesla otherwise agree, Tesla will, on your behalf, coordinate the shipment of your Vehicle to you from our factory in California or another state where we are licensed to sell the Vehicle. In such a case, you agree that this is a shipment contract under which Tesla will coordinate the shipping of the Vehicle to you via a third-party common carrier. You agree that delivery of the Vehicle, including the transfer of title and risk of loss to you, will occur at the time your Vehicle is loaded onto the common carrier's transport (i.e., FOB shipping point). The carrier will insure your Vehicle while in transit and you will be the beneficiary of any claims for damage to the Vehicle or losses occurring while the Vehicle is in the possession of a common carrier.

The estimated delivery date of your Vehicle, if provided, is only an estimate as we do not guarantee when your Vehicle will actually be delivered. Your actual delivery date is dependent on many factors, including your Vehicle's configuration and manufacturing availability. To secure your final payment and performance under the terms of this Agreement, we will retain a security interest in the Vehicle and all proceeds therefrom until your obligations have been fulfilled.

**Privacy Policy; Payment Terms for Services; Supercharger Fair Use Policy.**  Tesla's Customer Privacy Policy; Payment Terms for Services and Supercharger Fair Use Policy are incorporated into this Agreement and can be viewed at www.tesla.com/about/legal.

Motor Vehicle Order Agreement (v. 20190523 en_US)
Tesla, Inc. ©2019

Page 2 of 4

TESLA_0269

Exhibit 1
Page 014



**Agreement to Arbitrate.** Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together "Tesla").

If you have a concern or dispute, please send a written notice describing it and your desired resolution to resolutions@tesla.com.

If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.

We will pay all AAA fees for any arbitration, which will be held in the city or county of your residence. To learn more about the Rules and how to begin an arbitration, you may call any AAA office or go to www.adr.org.

The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitrator cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action. If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court.

You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to: Tesla, Inc.; P.O. Box 15430; Fremont, CA 94539-7970, stating your name, Vehicle Identification Number, and intent to opt out of the arbitration provision. If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract.

**Warranty.** You will receive the Tesla New Vehicle Limited Warranty or the Tesla Used Vehicle Limited Warranty, as applicable, at or prior to the time of Vehicle delivery or pickup. You may also obtain a written copy of your warranty from us upon request or from our website.

**Limitation of Liability.** We are not liable for any incidental, special or consequential damages arising out of this Agreement. Your sole and exclusive remedy under this Agreement will be limited to reimbursement of your Order Payment.

**No Resellers; Discontinuation; Cancellation.** Tesla and its affiliates sell cars directly to end-consumers, and we may unilaterally cancel any order that we believe has been made with a view toward resale of the Vehicle or that has otherwise been made in bad faith. We may also cancel your order and refund your Order Payment if we discontinue a product, feature or option after the time you place your order or if we determine that you are acting in bad faith.

**Governing Law; Integration; Assignment.** The terms of this Agreement are governed by, and to be interpreted according to, the laws of the State in which we are licensed to sell motor vehicles that is nearest to your address indicated on your Vehicle Configuration. Prior agreements, oral statements, negotiations, communications or representations about the Vehicle sold under this Agreement are superseded by this Agreement. Terms relating to the purchase not expressly contained herein are not binding. We may assign this Agreement at our discretion to one of our affiliated entities.

**State-Specific Provisions.** You acknowledge that you have read and understand the provisions applicable to you in the State-Specific Provisions attachment to this Agreement.

This Agreement is entered into and effective as of the date you accept this Agreement, by electronic means or otherwise. By confirming and accepting this Agreement, you agree to the terms and conditions of this Agreement.



**State Specific Provisions**

---

For **NEW YORK** residents: If the Vehicle is not delivered in accordance with the Agreement within 30 days following the estimated delivery date, you have the right to cancel the Agreement and receive a full refund, unless the delay in delivery is attributable to you.

For **MASSACHUSETTS** residents: ATTENTION PURCHASER: All vehicles are WARRANTED as a matter of state law. They must be fit to be driven safely on the roads and must remain in good running condition for a reasonable period of time. If you have significant problems with the Vehicle or if it will not pass a Massachusetts inspection, you should notify us immediately. We may be required to fix the car or refund your money. THIS WARRANTY IS IN ADDITION TO ANY OTHER WARRANTY GIVEN BY US.

For **WASHINGTON, D.C.** residents:

<u>NOTICE TO PURCHASER</u>

IF, AFTER A REASONABLE NUMBER OF ATTEMPTS, THE MANUFACTURER, ITS AGENT, OR AUTHORIZED DEALER IS UNABLE TO REPAIR OR CORRECT ANY NON-CONFORMITY, DEFECT, OR CONDITION WHICH RESULTS IN SIGNIFICANT IMPAIRMENT OF THE MOTOR VEHICLE, THE MANUFACTURER, AT THE OPTION OF THE CONSUMER, SHALL REPLACE THE MOTOR VEHICLE WITH A COMPARABLE MOTOR VEHICLE, OR ACCEPT RETURN OF THE MOTOR VEHICLE FROM THE CONSUMER AND REFUND TO THE CONSUMER THE FULL PURCHASE PRICE, INCLUDING ALL SALES TAX, LICENSE FEES, REGISTRATION FEES, AND ANY SIMILAR GOVERNMENT CHARGES. IF YOU HAVE ANY QUESTIONS CONCERNING YOUR RIGHTS, YOU MAY CONTACT THE DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS.

Seller certifies that the information contained in the itemization of the purchase price, including the Vehicle Configuration, and required by Chapter 3 (Buying, Selling and Financing Motor Vehicles) of Title 16 of the Code of D.C. Municipal Regulations, is true to the best of our knowledge.

For **RHODE ISLAND** residents: Rhode Island law requires that all motor vehicles sold at retail must be in such condition as to pass a State safety inspection at the time of sale so as to protect consumers.

Motor Vehicle Order Agreement (v. 20190523 en_US)
Tesla, Inc. ©2019

Page 4 of 4

TESLA_0271

Exhibit 1
Page 016