MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel: +1.213.612.2500
Fax 1.213.612.2501

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Brian M. Ercole
(admitted *pro hac vice*)
brian.ercole@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL  33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY YEH and G.Y., a minor and through his guardian Henry Yeh, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.,<br><br>Defendant. | Case No. 3:23-cv-01704-JCS<br><br>**DEFENDANT TESLA INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND TO STRIKE THE CLASS ALLEGATIONS**<br><br>Hearing Date:  October 20, 2023<br>Time:  9:30 a.m.<br>Ctrm:  F, 15th Floor<br>Judge:  Hon. Joseph C. Spero<br>Compl. Filed:  April 7, 2023 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ........................................................................................... 1

II.   PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED ......................... 1

    A.    All Claims (Counts I-IX) Fail Because There Are No Facts That Tesla Improperly Accessed And Shared Any Camera Data From Yeh's Vehicle. .......... 1

    B.    All Claims (Counts I-X) Fail Because Neither Yeh Nor G.Y. Alleges That He Suffered Any Cognizable And Particularized Injury. ...................................... 2

    C.    Plaintiffs' Request For Injunctive Relief Must Be Dismissed. .............................. 4

    D.    Plaintiffs' Individual Claims Fail For Additional Reasons. ................................... 5

        1.    Plaintiffs' Intrusion Upon Seclusion (Count I) And Constitutional Right To Privacy (Count II) Claims Are Fundamentally Flawed. .............. 5

        2.    Plaintiffs' Statutory Claim For A Violation Of The Right To Publicity Under Cal. Civ. Code § 3344(a) (Count III) Is Frivolous. .......... 7

        3.    Plaintiffs' Equitable Claims (Counts IV, V, And X) Fail. ........................ 7

        4.    Yeh's Intentional And Negligent Misrepresentation Claims (Counts VIII-IX) Must Be Dismissed For Several Reasons. ................................... 9

        5.    Plaintiffs' Negligence (Count VI) And Negligent Misrepresentation (Count VIII) Claims Are Barred By The Economic Loss Rule. ............... 11

        6.    Plaintiffs' UCL And CLRA Claims (Counts IV And V) Are Flawed. ..................................................................................... 11

        7.    There Is No Basis For The Unjust Enrichment Claim (Count X). ........... 13

        8.    Yeh Does Not State A Breach Of Contract Claim (Count VII). ............... 14

III.  THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS ................................. 15

IV.   CONCLUSION ............................................................................................. 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

C<small>ASES</small>

4

*Abuelhawa v. Santa Clara Univ.*,
5        529 F. Supp. 3d 1059 (N.D. Cal. 2021) ................................................................. 13

*Aguilera v. Pirelli Armstrong Tire Corp.*,
6        223 F.3d 1010 (9th Cir. 2000)................................................................................ 14

7

*Aleksick v. 7-Eleven, Inc.*,
        205 Cal. App. 4th 1176 (2012)............................................................................... 12
8

*Ashwander v. Tenn. Valley Auth.*,
9        297 U.S. 288 (1936).................................................................................................. 3

10

*Astiana v. Hain Celestial Grp., Inc.*,
        783 F.3d 753 (9th Cir. 2015).................................................................................... 9
11

*Barrett v. Optimum Nutrition*,
12        2022 WL 2035959 (C.D. Cal. Jan. 12, 2022) ......................................................... 8

13

*Beyer v. Symantec Corp.*,
        2019 WL 935135 (N.D. Cal. Feb. 26, 2019)............................................................ 1
14

*Birdsong v. Apple, Inc.*,
15        590 F.3d 955 (9th Cir. 2009).................................................................................... 4

16

*Brown v. Google LLC*,
        2023 WL 5029899 (N.D. Cal. Aug. 7, 2023) .......................................................... 8
17

*Browne v. McCain*,
18        611 F. Supp. 2d 1062 (C.D. Cal. 2009)................................................................... 7

19

*Bruton v. Gerber Prod. Co.*,
        703 F. App'x 468 (9th Cir. 2017) .......................................................................... 13
20

*Byton N. Am. Co. v. Breitfeld*,
21        2020 WL 3802700 (C.D. Cal. Apr. 28, 2020) ......................................................... 9

22

*Cent. Delta Water Agency v. United States*,
        306 F.3d 938 (9th Cir. 2002).................................................................................... 3
23

*City of Los Angeles v. Lyons*,
24        461 U.S. 95 (1983).................................................................................................... 3

25

*Davidson v. Kimberly-Clark Corp.*,
        889 F.3d 956 (9th Cir. 2018).................................................................................... 5
26

*Doe v. John F Kennedy Univ.*,
27        2013 WL 4565061 (N.D. Cal. Aug. 27, 2013)....................................................... 10

28

DEFENDANT TESLA INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS AND
STRIKE CLASS ALLEGATIONS

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
   2016 WL 6523428 (S.D. Cal. Nov. 3, 2016) .................................................................. 11

*Erceg v. LendingClub Corp.*,
   475 F. Supp. 3d 1071 (N.D. Cal. 2020) ...................................................................... 15

*Forrett v. Gourmet Nut, Inc.*,
   634 F. Supp. 3d 761 (N.D. Cal. 2022) .......................................................................... 5

*Freeman v. Indochino Apparel, Inc.*,
   443 F. Supp. 3d 1107 (N.D. Cal. 2020) ........................................................................ 9

*Freund v. HP, Inc.*,
   2023 WL 187506 (N.D. Cal. Jan. 13, 2023) .................................................................. 9

*In re Google Assistant Privacy Litigation*,
   546 F. Supp. 3d 945 (N.D. Cal. 2021) ........................................................................ 14

*Graves v. Sw. & Pac. Specialty Fin., Inc.*,
   2013 WL 5945851 (N.D. Cal. Nov. 4, 2013) ............................................................... 15

*Haas v. Travelex Ins. Servs. Inc.*,
   555 F. Supp. 3d 970 (C.D. Cal. 2021) .......................................................................... 9

*Hayden v. Retail Equation, Inc.*,
   2022 WL 3137446 (C.D. Cal. July 22, 2022) ............................................................... 8

*Heeger v. Facebook, Inc.*,
   509 F. Supp. 3d 1182 (N.D. Cal. 2020) .................................................................. 9, 10

*Hernandez v. Hillsides, Inc.*,
   47 Cal. 4th 272 (2009) .................................................................................................. 6

*Khorrami v. Lexmark Int'l Inc.*,
   2007 WL 8031909 (C.D. Cal. Sept. 13, 2007) ............................................................ 15

*Krottner v. Starbucks Corp.*,
   628 F.3d 1139 (9th Cir. 2010) ....................................................................................... 3

*Kwikset Corp. v. Superior Ct.*,
   51 Cal. 4th 310 (2011) ................................................................................................ 12

*Lopez v. Apple, Inc.*,
   519 F. Supp. 3d 672 (N.D. Cal. 2021) ...................................................................... 2, 6

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 (N.D. Cal 2012) ........................................................................ 5

*McGee v. S-L Snacks Nat'l*,
   982 F.3d 700 (9th Cir. 2020) ........................................................................................ 4

*Moulton v. Gjerde*,
   2020 WL 3078182 (N.D. Cal. June 10, 2020) .............................................................. 4

iv

DEFENDANT TESLA INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS AND
STRIKE CLASS ALLEGATIONS

*Newcombe v. Adolf Coors Co.*,
  157 F.3d 686 (9th Cir. 1998) ............................................................................................ 7

*Opperman v. Path, Inc.*,
  87 F. Supp. 3d 1018 (N.D. Cal. 2014) ............................................................................ 11

*Phillips v. Apple Inc.*,
  2016 WL 1579693 (N.D. Cal. Apr. 19, 2016) ................................................................ 10

*Pirozzi v. Apple Inc.*,
  913 F. Supp. 2d 840 (N.D. Cal. 2012) ......................................................................... 1, 3

*Qureshi v. Countrywide Home Loans, Inc.*,
  2010 WL 841669 (N.D. Cal. Mar. 10, 2010) ................................................................. 15

*Ramirez v. Ghilotti Bros. Inc.*,
  941 F. Supp. 2d 1197 (N.D. Cal. 2013) ......................................................................... 15

*Robinson Helicopter Co. v. Dana Corp.*,
  34 Cal. 4th 979 (2004) ................................................................................................... 10

*Saroya v. Univ. of the Pac.*,
  2021 WL 2400986 (N.D. Cal. June 11, 2021) ............................................................... 14

*Sharma v. Volkswagen AG*,
  524 F. Supp. 3d 891 (N.D. Cal. 2021) ............................................................................. 9

*Shuman v. SquareTrade Inc.*,
  2020 WL 7458001 (N.D. Cal. Dec. 18, 2020) (Spero, J.) ............................................. 13

*Solano v. Am's Servicing Co.*,
  2011 WL 4500874 (E.D. Cal. Sept. 27, 2011) .............................................................. 14

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ........................................................................................ 8, 9

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016), *as revised* (May 24, 2016) ........................................................... 2

*Summit Est., Inc. v. Cigna Healthcare of Calif., Inc.*,
  2017 WL 4517111 (N.D. Cal. Oct. 10, 2017) ............................................................... 10

*Summit Est., Inc. v. United Healthcare Ins. Co.*,
  2020 WL 5436655 (N.D. Cal. Sept. 10, 2020) ................................................................ 9

*Sutcliffe v. Wells Fargo Bank, N.A.*,
  2012 WL 4835325 (N.D. Cal. Oct. 9, 2012) (Spero, J.) ............................................... 15

*Watkins v. MGA Ent., Inc.*,
  550 F. Supp. 3d 815 (N.D. Cal. 2021) (Spero, J.) ...................................................... 9, 12

*Wining v. Stockpile Invs., Inc.*,
  2021 WL 4812956 (C.D. Cal. July 2, 2021) .................................................................... 3

v

DEFENDANT TESLA INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS AND
STRIKE CLASS ALLEGATIONS

*Wu v. iTalk Glob. Commc'ns, Inc.*,
    2021 WL 5176799 (C.D. Cal. Feb. 2, 2021) ........................................................................... 8

*Yarber v. Kia Am., Inc.*,
    2023 WL 2654186 (N.D. Cal. Mar. 27, 2023) ................................................................. 7, 10

**STATUTES**

Cal. Civ. Code § 3344(a) ........................................................................................................... 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ............................................................................................................ 9, 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT TESLA INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS AND
STRIKE CLASS ALLEGATIONS

1  **I.      INTRODUCTION**

2          Plaintiffs' Opposition to Tesla's Motion to Dismiss underscores why this hastily-filed

3  action must be dismissed.  Plaintiffs acknowledge that they have ***not*** alleged that Tesla "'accessed,

4  viewed, and shared camera recordings' of them without their consent." (Opp'n 4.)  Instead, this

5  lawsuit rests upon speculation from a news article about camera recordings from other unidentified

6  Tesla vehicles, and an assumed "potential . . . intrusion." (Am. Compl. ¶ 74.).  A "potential"

7  violation is not actionable.  This well-settled legal rule requires dismissal of all claims.

8          In addition, each of Plaintiffs' claims fail for many other reasons.  Rather than meaningfully

9  address Tesla's dispositive arguments, the Opposition ignores many of them, fails to address key

10 cases, relies on cases that contradict Plaintiffs' positions, and makes arguments that rely upon

11 nothing more than unsupported legal conclusions.  Because these defects cannot be cured, the

12 Amended Complaint should be dismissed with prejudice and the class allegations stricken.

13 **II.     PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED**

14         **A.      All Claims (Counts I-IX) Fail Because There Are No Facts That Tesla**

15                 **Improperly Accessed And Shared Any Camera Data From Yeh's Vehicle.**

16         Plaintiffs concede that they do not allege that Tesla has any camera recordings from Yeh's

17 vehicle, let alone that Tesla improperly obtained them or shared them internally or with others.

18 (Opp'n 4.)  Because each claim rests upon this theory (Mot. 7 & n.4.), they all fail.

19         Remarkably, Plaintiffs now insist that they "Do Not Need to Allege that Tesla

20 Surreptitiously Recorded Them" and can assert claims based on allegations of Tesla's actions

21 relating to other unidentified customers according to a *Reuters* article.  (Opp'n 4.)  Plaintiffs are

22 wrong.  Plaintiffs cannot base their claims on alleged wrongdoing to "other members of the putative

23 class." *Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 846 (N.D. Cal. 2012).  Plaintiffs must establish

24 that ***they*** experienced the alleged "problem[]" and harm.  *Beyer v. Symantec Corp.*, 2019 WL

25 935135, at *4 (N.D. Cal. Feb. 26, 2019) (applying rule to dismiss claims).

26         Plaintiffs contend that they allege a threat "of future injury to ***their*** privacy interests."

27 (Opp'n 4 (emphasis added).)  But Plaintiffs must allege an actual violation—not some abstract

28 injury untethered to any actionable conduct by Tesla towards them.  Nor does Plaintiffs' speculation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT TESLA INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS AND
STRIKE CLASS ALLEGATIONS

about abstract future injury make sense, given that Plaintiffs claim the alleged misconduct over unidentified camera recordings from unidentified vehicles occurred "[b]etween 2019 and 2022." (Am. Compl. ¶ 34.)  The *Reuters* article even disclosed that it had *no* information that sharing of videos "continues today."  (*Reuters* Article, ECF No. 39-1, Ex. A at 3.)[1]

The Opposition also does not address that Plaintiffs' own allegations *foreclose* their legal theory.  (Mot. 8; Opp'n 4–5.)  Plaintiffs allege that their privacy concerns stem from Yeh's activation of "Sentry Mode" (Am. Compl. ¶ 52), but Plaintiffs allege no facts that Tesla ever had access to "Sentry Mode" images.  (Mot. 8.)  According to their own exhibits, this data is *not* transmitted or uploaded to Tesla.  (Privacy Policy, ECF No. 32-1, at 6.)  And Plaintiffs allege no facts to show that Tesla had access to any other recordings from Yeh's vehicle, let alone shared them.  Thus, Plaintiffs have not alleged any actionable conduct to support their claims.

Plaintiffs argue that California courts "have found a privacy interest" in not being surreptitiously recorded in certain settings, citing *Trujillo v. City of Ontario*.  (Opp'n 4.)  This does not compensate for the lack of any actionable wrongdoing by Tesla towards them.  In *Trujillo*, plaintiffs presented evidence that a video camera secretly installed in a locker room where police officers regularly showered and used toilets actually "recorded Plaintiffs in various states of undress."  428 F. Supp. 2d 1094, 1104 (C.D. Cal. 2006), *aff'd sub nom. Bernhard v. City of Ontario*, 270 F. App'x 518 (9th Cir. 2008).[2]  Here, Plaintiffs do not allege that Tesla recorded, much less shared, sensitive images *of them*.  Plaintiffs do not cite a single case holding that *the potential* for a privacy violation gives rise to a claim—it does not.  *See, e.g.*, *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 679, 681 (N.D. Cal. 2021) (dismissing lawsuit despite new article because "[p]laintiffs allege no facts to suggest that their own private communications were intercepted").

## B.   All Claims (Counts I-X) Fail Because Neither Yeh Nor G.Y. Alleges That He Suffered Any Cognizable And Particularized Injury.

To have Article III standing, Plaintiffs must have experienced an "actual" injury of fact "traceable" to Tesla's conduct.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May

---

[1]   There is no dispute the Court can take judicial notice of the *Reuters* article.  (Mot. 5 n.2.)
[2]   Plaintiffs argue that an unidentified Tesla vehicle recorded a naked man approaching a vehicle (Opp'n 4–5), but Plaintiffs must allege that *their* rights were violated.  They do not.

24, 2016); Mot. 8–9; Opp'n 5. Critically, "[i]n the class action context, the named plaintiff must show that []he personally has suffered an injury, not just that other members of the putative class suffered the injury." *Pirozzi*, 913 F. Supp. 2d at 846.  Plaintiffs do not allege that Tesla improperly recorded, much less shared, any sensitive images of their family.  Thus, Plaintiffs cannot show *they* experienced any injury traceable to Tesla's conduct.

Nevertheless, Plaintiffs contend that Article III standing is satisfied because:  (1) they face a threat of future injury from a future potential privacy violation; and (2) they have pled an economic "benefit-of-the-bargain" theory.  (Opp'n 5–6.)  Both arguments fail.

As an initial matter, Plaintiffs' "future injury" theory fails because they do not allege "a credible threat of harm," *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 950 (9th Cir. 2002), that is "both real and immediate, not conjectural or hypothetical," *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quotations omitted).  Rather than providing any meaningful standing analysis, Plaintiffs merely cite to an "example" from an inapposite data breach case, *Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010).  In *Krottner*, the plaintiffs alleged that the defendants acted negligently by allowing a laptop to be stolen with plaintiffs' unencrypted personal data.  *Id.* at 1142–43.  The court distinguished those allegations, which amounted to a credible threat of real and immediate harm, from non-actionable claims where "no laptop had been stolen" and there was a "risk that it would be stolen at some point in the future. *Id.* at 1143.

Here, Plaintiffs' allegations are akin to the "no laptop had been stolen" example.  Plaintiffs concede that they do not allege that any sensitive videos of their family were recorded, accessed, or shared by Tesla employees.  Nor can Plaintiffs show any future threat, given that the alleged misconduct (as to others) took place "between 2019 and 2022." (Am. Compl. ¶ 34.)  Any supposed threat of harm to Plaintiffs from some future recording of them is nothing more than a non-actionable "'assumed potential invasion[]' of rights." *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 324–25 (1936).  Accordingly, Plaintiffs lack standing.  *See Wining v. Stockpile Invs., Inc.*, 2021 WL 4812956, at *1 (C.D. Cal. July 2, 2021) (no standing where plaintiff alleges his data was "potentially affected" by alleged breach).

Yeh also argues that he has standing under an economic benefit-of-the-bargain theory. (Opp'n 5.)  This theory makes even less sense.  Yeh ordered a Tesla vehicle with a camera suite and got exactly that.  The Ninth Circuit has made clear that Article III standing requires that Plaintiff "must do more than allege she 'did not receive the benefit **_thought_** she was obtaining.'"  *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706 (9th Cir. 2020) (emphasis added); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009) (applying rule to affirm dismissal where plaintiffs purchased iPods and received iPods that worked as advertised).

Yeh claims that he would have paid less for his Tesla vehicle had he known that "its camera systems 'were capable of surreptitiously recording him and his family and that those recordings could be accessed by Tesla employees for personal, non-business reasons.'"  (Opp'n 5 (quoting Am. Compl. ¶ 57).)  But he offers no facts to support this theory.  Yeh does not allege anything about the negotiation for his vehicle.  He does not allege that any videos of him or his family were surreptitiously taken and accessed by Tesla employees.  And Tesla delivered the very product Yeh bargained for.  Moreover, Tesla did not represent to Yeh that the cameras in his vehicle would avoid recording him or his family.  To the contrary, Tesla informed Yeh that his vehicle comes with a camera system that records certain information automatically (in the event of a Safety Event); no other camera recordings are transmitted to Tesla unless Yeh consents to data sharing; and he can disable data sharing at any time.  (Mot. 10–11; Privacy Policy, ECF No. 32-1, at 1, 4, 5, 10.)  Yeh does not dispute this.  Accordingly, Yeh has not suffered any actual injury and lacks standing.

### C.    Plaintiffs' Request For Injunctive Relief Must Be Dismissed.

Plaintiffs acknowledge that their request for injunctive relief requires a threat of actual and imminent injury Opp'n 7), but they do not even try to explain how they have alleged such a threat.  As described above, they cannot, given that Tesla only purportedly shared camera recordings through some unspecified time in 2022, Plaintiffs deactivated Sentry Mode (which was the vehicle feature that supposedly caused their privacy concerns), Sentry Mode data is not transmitted to Tesla, and Yeh can enable or disable data sharing at any time.  (Mot. 11–12.)  Plaintiffs' request for injunctive relief must be denied because there is no risk of future harm.  *Moulton v. Gjerde*, 2020 WL 3078182, at *1 (N.D. Cal. June 10, 2020).

Plaintiffs argue that "disabling the cameras" is the "only way to currently prevent Tesla's invasions of privacy," which "would likely void Mr. Yeh's warranty." (Opp'n 8.) But Plaintiffs do not allege that ***their*** privacy has been or will be invaded. And there are no allegations about the terms of Mr. Yeh's warranty or any warranty claim.

Plaintiffs also argue that they can seek injunctive relief to address purported misrepresentations or omissions by Tesla, even without alleging that they intend to purchase another Tesla vehicle in the future. (Opp'n 17.) They are wrong. As a matter of law, injunctive relief is not available where the plaintiff "has not specifically alleged a desire to purchase the Product in the future." *Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761, 768 (N.D. Cal. 2022); *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970-71 (9th Cir. 2018). Plaintiffs argue that they have not explicitly "disclaim[ed]" an interest in purchasing Tesla vehicles in the Amended Complaint, but the lone case they cite in no way suggests that is sufficient. (Opp'n 8.) In *Ries v. Ariz. Beverages USA LLC*, based on evidence at summary judgment, the Court held that the plaintiff had standing because she asserted her "intent to purchase [the product] in the future" and "the record is devoid of any grounds to discount" that evidence. 287 F.R.D. 523, 533 (N.D. Cal. 2012). Here, Plaintiffs have not alleged that they intend to purchase Tesla vehicles in the future.

Lastly, Plaintiffs' afterthought argument that they can seek injunctive relief ordering Tesla to destroy data obtained in violation of state law does not pass muster. (Opp'n 8.) Plaintiffs have not alleged that Tesla has any unlawful data involving Plaintiffs. Given that Plaintiffs do not identify a single fact to support this conclusory theory, it also fails. (*Id.*)

**D.**   **Plaintiffs' Individual Claims Fail For Additional Reasons.**

**1.**   **Plaintiffs' Intrusion Upon Seclusion (Count I) And Constitutional Right To Privacy (Count II) Claims Are Fundamentally Flawed.**

Plaintiffs acknowledge that not every alleged privacy violation supports a claim for intrusion upon seclusion or amounts to a constitutional violation. (Opp'n 9; Mot. 13.) Instead, Plaintiffs must plead conduct that is so "highly offensive" that it constitutes an "egregious breach of the social norms." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal 2012). There

must be such a "serious invasion" of privacy that even an unauthorized disclosure of personal information to a third party does not give rise to a claim as a matter of law. (Mot. 13-15.)

Plaintiffs argue that they no longer claim Tesla violated their privacy by improperly disseminating any information about them. (Opp'n 9.) Plaintiffs claim instead that Tesla violated their "autonomy privacy" (*id.*), which is one's interest in "making intimate personal decisions or conducting personal activities without observation, intrusion, or interference." *Lopez*, 519 F. Supp. 3d at 690-91 (citation omitted). Regardless of how Plaintiffs spin their claims, they fail. Plaintiffs do not allege that Tesla improperly observed, intruded on, or interfered with their personal activities, since they do not allege that Tesla received any camera recordings from Yeh's vehicle— much less describe any such recordings or explain how they contravene the Privacy Policy.

Once again, the case on which Plaintiffs primarily rely demonstrates why they have no claim. In *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272 (2009) the California Supreme Court **rejected** an invasion of privacy claim based on allegations that an employer "secretly installed a hidden video camera" aimed at an employee's desk and computer. *Id.* at 294, 296 (2009). The Court held that the plaintiffs could not show an egregious breach of social norms because, among other reasons, defendants did not capture plaintiffs on camera. *Id.* at 295. So too, here. Plaintiffs do not allege that Tesla cameras secretly and improperly recorded them. *See Lopez*, 519 F. Supp. 3d at 691 (finding no intrusion on "autonomy privacy" because "Plaintiffs have not alleged specific circumstances to show that Apple intercepted their confidential communications.").

In addition, as explained in *Hernandez*, notice of the potential for being videotaped inhibits a reasonable expectation of privacy. 47 Cal. 4th at 293. Here, Plaintiffs do not dispute that Yeh purchased a Tesla vehicle with cameras and understood that some camera data might be captured and used by Tesla, such as for Safety Events. (Mot. 14.)

Lastly, Plaintiffs fail to address any of the cases cited by Tesla demonstrating that Plaintiffs' claims do not constitute a "serious invasion" of privacy as a matter of law. (*Id.* at 13–15.) The alleged **internal** sharing by Tesla employees of unidentified short clips of Tesla camera recordings—with **no** alleged connection to Yeh's vehicle—simply does not state a constitutional violation or intrusion upon seclusion claim.

**2.     Plaintiffs' Statutory Claim For A Violation Of The Right To Publicity Under Cal. Civ. Code § 3344(a) (Count III) Is Frivolous.**

For their statutory misappropriation of likeness claim, Plaintiffs must allege facts to show that Tesla knowingly took and used images of Yeh and his son for certain commercial purposes. (Mot. 15–16); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th Cir. 1998).  Plaintiffs contend that their lone conclusory allegation that "Tesla knowingly used Plaintiffs' and other Class Members' images" is sufficient (Opp'n 11 (quoting Am. Compl. ¶ 82)), but that allegation lacks any factual support.  It is a legal conclusion that must be discarded under *Iqbal* and *Twombly*.

Plaintiffs, in fact, concede that Tesla did ***not*** use any images of Yeh or his son to advertise or sell Tesla products; they claim they need only show that Tesla generally benefited from the images.  (Opp'n 11.)  That is not the law.  The statute requires that the images be used for "advertising or selling."  Cal. Civ. Code § 3344(a); *see also Newcombe*, 157 F.3d at 692 (defendant must knowingly use name or likeness "for purposes of advertising").  Because Plaintiffs do not and cannot allege that Tesla used their image for advertising or selling vehicles, the claim fails.

The two cases cited by Plaintiffs do not support their position.  (Opp'n 11.)  In *White v. Samsung Elecs. Am., Inc.*, the Ninth Circuit addressed the requirement as to "*how* the defendant has appropriated the plaintiff's identity"—it did not analyze the requirement that the plaintiff's name or likeness must be used for purposes of advertising.  971 F.2d 1395, 1398 (9th Cir. 1992), *as amended* (Aug. 19, 1992).  Likewise, in *Browne v. McCain*, 611 F. Supp. 2d 1062 (C.D. Cal. 2009), the defendant abandoned its argument that the alleged improper use of its song in a video for Senator McCain's campaign did not give rise to a right of publicity claim because it was not used for "commercial" purposes, and the Court did not consider it.  *Id.* at 1070 n.6.

Regardless, Plaintiffs have not alleged facts to meet their invented "any commercial purpose" standard.  The Opposition does not identify any non-conclusory allegations that Tesla benefited from images of Plaintiffs.  There are none.  The claim must be dismissed.

**3.     Plaintiffs' Equitable Claims (Counts IV, V, And X) Fail.**

Under controlling Ninth Circuit law, a plaintiff cannot seek equitable relief in federal court where legal relief in the form of compensatory damages would make the plaintiff whole.  *See, e.g.*,

1   *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  This rule bars their UCL

2   claims, unjust enrichment claims, and CLRA claims for equitable restitution, given that Plaintiffs

3   assert legal claims and seek "statutory . . . actual, compensatory, and punitive damages" for them.

4   (Am. Compl. ¶ 129(c).)  Plaintiffs do not even address *Sonner* (Opp'n 12–13), and they ignore

5   nearly every case cited in the Motion following *Sonner* and dismissing UCL, CLRA, and unjust

6   enrichment claims where legal claims are available.  (*See* Mot. 16–17; Opp'n 12–13.)

7          In contravention of *Sonner*, Plaintiffs contend that they can seek equitable relief because

8   the remedies afforded by the CLRA and UCL are in addition to available legal remedies.  (Opp'n

9   12.)  As the Ninth Circuit explained, however, "state law cannot circumscribe a federal court's

10  equitable powers even when state law affords the rule of decision."  *Sonner*, 971 F.3d at 843.

11  Accordingly, "the traditional principles governing equitable remedies in federal courts, including

12  the requisite inadequacy of legal remedies, apply" to UCL and CLRA claims.  *Id.* at 844; *see, e.g.*,

13  *Barrett v. Optimum Nutrition*, 2022 WL 2035959, at *5 (C.D. Cal. Jan. 12, 2022) (dismissing

14  CLRA and UCL claims under *Sonner*); *Wu v. iTalk Glob. Commc'ns, Inc.*, 2021 WL 5176799, at

15  *4 (C.D. Cal. Feb. 2, 2021) (same).

16         Plaintiffs also argue that money damages are inadequate because they seek an injunction to

17  prevent Tesla from recording Plaintiffs and using the recordings in an unauthorized manner.

18  (Opp'n 12.)  They cite *Hayden v. Retail Equation, Inc.*, 2022 WL 3137446 (C.D. Cal. July 22,

19  2022), but the court there ***dismissed*** the plaintiffs' UCL claim because they did not allege facts

20  showing that legal remedies were inadequate.  *Id.* at *4.  So too, here.  As discussed, Plaintiffs have

21  not alleged facts showing a threat of future harm.  *Infra* § II.C.[3]  Nor do they even attempt to show

22  why the variety of legal damages they seek would not be adequate if Plaintiffs could plead and

23  show some alleged violation.

24         Plaintiffs contend that they may bring their claims for equitable relief in the alternative.

25  (Opp'n 12.)  They did not plead these claims in the alternative.  Moreover, this Court and others

26

---

27  [3]      Plaintiffs also cite *Brown v. Google LLC*, 2023 WL 5029899 (N.D. Cal. Aug. 7, 2023) to
    no avail.  There, the court held that "[i]njunctive relief is necessary to address Google's ongoing"

28  violations."  *Id.* at *21.  Here, Plaintiffs alleged that Tesla shared videos through 2022, and do not
    allege a threat that Tesla will record or share videos as to Plaintiffs in the future.  *See Infra* § II.C.

have rejected that argument.  *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 837–38 (N.D. Cal. 2021) (Spero, J.) (rejecting argument that plaintiffs adequately pled equitable relief in the alternative because "Plaintiffs have not alleged any facts establishing that their remedies at law are inadequate"); *see also Freund v. HP, Inc.*, 2023 WL 187506, at *6 (N.D. Cal. Jan. 13, 2023) (same); *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) (same).[4]  Plaintiffs' equitable claims fail because they do not allege the inadequacy of a legal remedy.

### 4.      Yeh's Intentional And Negligent Misrepresentation Claims (Counts VIII-IX) Must Be Dismissed For Several Reasons.

Tesla has demonstrated that Yeh's intentional and negligent misrepresentation claims should be dismissed for two independent reasons:  (1) Yeh fails to satisfy Rule 9(b), including pleading facts to show an actional misrepresentation as to him or his reliance upon it when purchasing his vehicle; and (2) they merely duplicate his breach of contract claims.  (Mot. 17–18.)

Yeh acknowledges that his intentional and negligent misrepresentation claims must be pled with particularity under Rule 9(b), yet Yeh still fails to identify any specific statements that he received and relied on when purchasing his Tesla vehicle.  (Opp'n 13.)  Yeh appears to base his claims on Tesla's Privacy Policy, but he does not show that Tesla made any misstatements to him.  As described above, Yeh does not allege that his privacy has been violated whatsoever, so he cannot show that any privacy-related statements were false as to him or his vehicle.

In addition, Yeh does not allege that he viewed or relied on the Privacy Policy when purchasing his vehicle.  That also is dispositive.  (Mot. 18–19 (citing cases).)  The case Plaintiffs cite concurs.  In *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182 (N.D. Cal. 2020), the court

---

[4]      The cases cited by Plaintiffs (Opp'n 12–13) either pre-date *Sonner*, do not address *Sonner*, or involved complaints that alleged equitable relief in the alternative and facts showing an inadequate legal remedy under the circumstances there.  *See Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1114 (N.D. Cal. 2020) (pre-dating *Sonner*); *Summit Est., Inc. v. United Healthcare Ins. Co.*, 2020 WL 5436655, at *9 (N.D. Cal. Sept. 10, 2020) (does not address *Sonner*); *Byton N. Am. Co. v. Breitfeld*, 2020 WL 3802700, at *9 (C.D. Cal. Apr. 28, 2020) (pre-dating *Sonner*); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762-63 (9th Cir. 2015) (pre-dating *Sonner*); *Haas v. Travelex Ins. Servs. Inc.*, 555 F. Supp. 3d 970, 980 (C.D. Cal. 2021) (plaintiff's "claim of a lack of adequate legal remedy is plausible").

1   dismissed misrepresentation claims because the plaintiffs could not allege that they relied on

2   statements in Facebook's data policy.  *Id.* at 1194.  The same result should follow here.

3          Yeh also argues that his vehicle's display screen stated that "Sentry Mode" images would

4   not leave the car's data storage systems.  (Opp'n 14.)  Putting aside that the statement is true, Yeh

5   viewed it "*[a]fter* taking delivery of the vehicle."  (Am. Compl. ¶ 52 (emphasis added).)  It cannot

6   support Yeh's claim that Tesla provided "false information when [customers] were making their

7   purchase or lease decisions regarding Tesla vehicles."  (Am. Compl. ¶ 113; *see also id.* ¶¶ 111,

8   120–22.).  The only other allegation Yeh points to is a legal conclusion.  (Opp'n 14 (quoting Am.

9   Compl. ¶ 116 ("Mr. Yeh and other Nationwide Vehicle Owner Subclass and California Vehicle

10  Owner Subclass Members reasonably and justifiably relied on Tesla's misrepresentations and

11  omissions when purchasing or leasing Tesla vehicles").)  This conclusory allegation fails to state a

12  claim.  *See, e.g.*, *Yarber v. Kia Am., Inc.*, 2023 WL 2654186, at *4 (N.D. Cal. Mar. 27, 2023)

13  (dismissing fraud claim because "Plaintiff's allegations on this point are vague recitations of the

14  requirements for pleading reliance" and did not allege "what pre-purchase materials she

15  reviewed"); *Phillips v. Apple Inc.*, 2016 WL 1579693, at *7 (N.D. Cal. Apr. 19, 2016) (same).

16         Lastly, the claims also fail because they duplicate Plaintiffs' breach of contract claim.

17  Plaintiffs do not dispute that their fraud-based claims and their contract claims rely on the same

18  factual predicate—a supposed breach of Tesla's Privacy Policy.  (Mot. 19; Opp'n 14.)  Nor do

19  Plaintiffs address Tesla's cases holding that fraud claims duplicating breach of contract claims must

20  be dismissed.  (Mot. 19.)  Even in the cases cited by Plaintiffs, no fraud-based claims survived

21  dismissal that relied on the same facts as the breach of contract claims.  *See Summit Est., Inc. v.*

22  *Cigna Healthcare of Calif., Inc.*, 2017 WL 4517111, at *4 (N.D. Cal. Oct. 10, 2017) (permitting

23  plaintiff "to alternatively plead both an express contract claim and an implied contract claim even

24  though they are inconsistent theories[,]" but dismissing fraud-based claims); *Robinson Helicopter*

25  *Co. v. Dana Corp.*, 34 Cal. 4th 979, 991 (2004) (fraud claims not barred because "tortious conduct

26  was separate from the breach itself"); *Doe v. John F Kennedy Univ.*, 2013 WL 4565061, at *10

27  (N.D. Cal. Aug. 27, 2013) (dismissing misrepresentation claim).  Because Yeh's misrepresentation

28  claims duplicate his breach of contract claim, they should be dismissed.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5.     **Plaintiffs' Negligence (Count VI) And Negligent Misrepresentation (Count VIII) Claims Are Barred By The Economic Loss Rule.**

Plaintiffs do not dispute that they allege no harm beyond what is sought for their breach of contact claim.  (Mot. 20; Opp'n 15.)  Instead, Plaintiffs argue that an exception to the economic loss rule for "personal injury" applies based on alleged "injury to Plaintiffs' privacy."  (Opp'n 15.)  But Plaintiffs have not alleged facts showing that Tesla violated their privacy.  Moreover, courts routinely dismiss negligence claims as barred by the economic loss rule where plaintiffs do not allege facts showing ***that they were personally harmed***, including in cases where plaintiffs allege a privacy violation.  *See Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016) (applying rule despite allegations that defendants did not safeguard personal information resulting in theft of credit card data); *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1055 (N.D. Cal. 2014) (applying rule despite allegations that plaintiffs suffered "invasions of their privacy"). This Court should do the same.

6.     **Plaintiffs' UCL And CLRA Claims (Counts IV And V) Are Flawed.**

Plaintiffs' UCL and CLRA claims fail because:  (1) Plaintiffs do not satisfy the heightened pleading standard of Rule 9(b); (2) Plaintiffs do not allege that they relied on any false statement or omission; and (3) Plaintiffs do not allege a cognizable injury.  (Mot. 20–22.)

First, Plaintiffs concede that they must plead their UCL and CLRA claims with particularity under Rule 9(b) (Opp'n 17), but, again, Plaintiffs do not identify a single false statement that Tesla made about Yeh's vehicle or privacy.  Nor does Yeh identify any materials he reviewed when purchasing his vehicle, any Tesla statement he relied on at that time, or why such a statement was false as to him.  (*Id.*)  The Opposition, in fact, confirms that Plaintiffs cannot allege fraud as to them; they claim, for instance, that the "when" is any time "during the class period."  (*Id.*)

Plaintiffs contend that their claims are based in part on omissions, which entails a "somewhat relaxed" Rule 9(b) standard.  (*Id.*)  But the allegations Plaintiffs cite do not identify any omission from Tesla.  (Opp'n 18 (citing Am. Compl. ¶¶ 54–55).)  Moreover, the case Plaintiffs cite exemplifies why any such omission claims must be dismissed.  In *Buller v. Sutter Health*, the court affirmed dismissal of a UCL claim because "[a]bsent a duty to disclose, the failure to do so does

not support a claim under the fraudulent prong of the UCL." 160 Cal. App. 4th 981, 987 (2008). Here, Plaintiffs have not alleged that Tesla had a duty to disclose information to Yeh. Nor does the Amended Complaint identify what specific information Tesla purportedly had a duty to disclose to Yeh (but did not) or how that supposedly impacted his purchase.

Second, because Plaintiffs' claims "under the UCL and the CLRA sound in fraud, [they] must allege specific facts showing that [they] relied on the alleged misrepresentations or omissions." *Watkins*, 550 F. Supp. 3d at 833. Plaintiffs do not. They refer to Tesla's Privacy Policy, but do not allege that Yeh read it or relied on it in purchasing his vehicle. (Opp'n 17.) Indeed, the Opposition makes clear that Yeh did not rely on any false statement in making his purchase by contending that the "where" of the alleged fraud is "on the vehicle's display." (*Id.*) There are no allegations that Yeh accessed the display before purchase.

In addition, Plaintiffs do not even address that G.Y. could not have relied on any Tesla statement since he was not born when Yeh purchased his vehicle. Based on this concession, G.Y.'s UCL and CLRA claims must be dismissed with prejudice.

Third, Plaintiffs concede they must plead "economic injury" to bring UCL and CLRA claims. *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323 (2011). Yeh merely cites to a single conclusory allegation that he would not have purchased, or would have paid less for, his Tesla vehicle if he knew more information about the camera system (Opp'n 18)—without any facts to support it. Yeh's allegations cannot support that conclusion because he does not identify any misrepresentation or omission that impacted that purchase, anything about his negotiation process, or any facts to show he did not receive the vehicle he bargained for. Likewise, G.Y. argues that he suffered an "economic loss in the violation of his right to publicity" (*id.*), but he does not plead that his image was ever recorded, that it has any inherent value, or that Tesla ever used his recorded image. There is not a single allegation to show any economic harm to G.Y.[5]

---

[5]     Plaintiffs also argue that Tesla violated the UCL's "unlawful" and "unfair" prongs based on their other claims. (Opp'n 18.) Those other claims cannot salvage the UCL claim because they fail as a matter of law. *See Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012).

1

**7.**     <u>**There Is No Basis For The Unjust Enrichment Claim (Count X)**</u>.

2        The unjust enrichment claim fails because:  (1) it is not an independent cause of action; (2)

3 Plaintiffs offer no basis for restitution; and (3) an express contract governs. (Mot. 22–23.)

4        First, Plaintiffs argue that unjust enrichment is an independent cause of action under

5 California law, citing an unpublished Ninth Circuit opinion.  (Opp'n 19 (citing *Bruton v. Gerber*

6 *Prod. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017)).)  Before and after *Bruton*, however, California

7 Court of Appeal decisions have confirmed that unjust enrichment is not an independent cause of

8 action.  *See Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059, 1071 (N.D. Cal. 2021)

9 (collecting cases).  Because this Court "must follow the decision of the intermediate appellate

10 courts of [California] unless there is convincing evidence that the highest court of [California]

11 would decide differently," the unjust enrichment claim must be dismissed for this reason alone.  *Id.*

12 (quoting *Daniel V. Ford Motor Co.*, 806 F.3d 1217, 1222 (9th Cir. 2015).)

13        Second, even if the Court were to recognize a standalone unjust enrichment claim (it should

14 not), the Opposition does not identify any facts to show how it would be inequitable for Tesla to

15 keep Yeh's payment for his vehicle.  (Opp'n 19.)  There is nothing "unjust" about retaining payment

16 for a Tesla vehicle that Yeh received.  Restitution is not available merely because Yeh speculates

17 about a "potential" future violation.  Plaintiffs do not allege that Tesla improperly recorded their

18 images, shared their images, or commercialized their images.  The claim fails.

19        Lastly, the unjust enrichment claims fail because "[a]n action based on quasi-contract

20 cannot lie where a valid express contract covering the same subject matter exists between the

21 parties." *Shuman v. SquareTrade Inc.*, 2020 WL 7458001, at *7 (N.D. Cal. Dec. 18, 2020) (Spero,

22 J.) (internal quotations omitted).  Plaintiffs contend that they can maintain a breach of contract

23 claim and an unjust enrichment claim because the "purchase price of the vehicle and commercial

24 value of Plaintiffs' images" are not at issue in the contract claim.  (Opp'n 19.)  Plaintiffs ignore

25 their own allegations.  Both claims rest upon the same alleged factual predicate regarding the

26 recording and use of camera images.  *Compare* Am. Compl. ¶ 108 (breach of contract) *with* ¶¶ 125–

27 26 (unjust enrichment).)  Nor do Plaintiffs plead a single fact showing that ***Yeh*** overpaid for his

28 vehicle or that Tesla benefited from any image of ***them***.

Plaintiffs' other arguments also fail.  Plaintiffs argue that they can plead unjust enrichment in the alternative, but they did not.  (Am. Compl. ¶¶ 124–28.)  They incorporated all their preceding allegations into their unjust enrichment count (*id.* ¶ 124), including the existence of a valid contract and adequate legal remedies.  In addition, Plaintiffs' argument that the Court cannot conclude that the Privacy Policy is a binding contract fails because Plaintiffs do not "allege[] that the parties do not have an enforceable contact." *Saroya v. Univ. of the Pac.*, 2021 WL 2400986, at *3 (N.D. Cal. June 11, 2021); *see also Solano v. Am's Servicing Co.*, 2011 WL 4500874, at *9 (E.D. Cal. Sept. 27, 2011) (applying rule to dismiss unjust enrichment claim).

## 8.   Yeh Does Not State A Breach Of Contract Claim (Count VII).

The breach of contract claim fails for two reasons:  (1) Yeh does not identify any specific provision of the Privacy Policy that Tesla supposedly breached with respect to him; and (2) Yeh fails to plead breach of contract damages.  (Mot. 23–24.)

In his Opposition, Yeh still does not identify any particular provision of the Privacy Policy that was breached as to him.  (Opp'n 20.)  To the extent Yeh's reference to general unidentified provisions about "protecting privacy" or "anonymous" data can be construed as contractual obligations, Plaintiffs have not alleged that Tesla did not protect his privacy or did not maintain the anonymity of any images from Yeh's vehicle.  This is dispositive.

The Opposition also fails to identify allegations showing that Yeh experienced "appreciable and actual damage." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000).  As a matter of law, allegations of improper collection of personal information do not establish breach of contract damages.  (Mot. 24 (citing cases).)  Yeh ignores the cases Tesla cited.  Instead, Yeh cites *In re Google Assistant Privacy Litigation*, 546 F. Supp. 3d 945, 966 (N.D. Cal. 2021), as support for his theory that he overpaid for his vehicle because Tesla did not abide by its Privacy Policy.  (Opp'n 20.)  In that case, however, the Court ***dismissed*** the contract claims of the plaintiffs who did not allege that Google recorded and revealed their private conversations.  546 F. Supp. 3d at 967.  Here, Yeh did not allege that Tesla recorded or shared images of him or his family.  Under the case law that he cites, Yeh has not pled any cognizable damages.

1   **III.   THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS**

2       Tesla has demonstrated that the class allegations should be stricken because:  (1) all claims

3   must be arbitrated; and (2) it is clear from the face of the Complaint that G.Y. is not a member of

4   the proposed class he seeks to represent, since he does not allege his image was captured by any

5   recording; G.Y. is not an adequate class representative, since he is a one-year-old infant; and Yeh

6   also is not a member of one of his proposed classes.  (Mot. 24–25.)

7       Plaintiffs do not challenge any of these arguments.  The Opposition even seems to concede

8   that Plaintiffs are not members of any class pertaining to "images captured by Tesla Vehicle

9   cameras" (Am. Compl. ¶ 61), since they make no such allegations and predicate their claims on

10  potential future injury from potential future violations.  As a result, the Court should strike the class

11  allegations, including those asserted by G.Y.  *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d

12  1197, 1210 (N.D. Cal. 2013) (party "concede[s]" issue by not addressing it in opposition); *Qureshi*

13  *v. Countrywide Home Loans, Inc.*, 2010 WL 841669, at *6 (N.D. Cal. Mar. 10, 2010) (same).

14      Rather than argue their merits, Plaintiffs ask the Court to wait to address these issues.  But

15  this Court has recognized that striking class allegations is appropriate "where i[t] is apparent from

16  the pleadings that a class cannot be maintained."  *Sutcliffe v. Wells Fargo Bank, N.A.*, 2012 WL

17  4835325, at *4 (N.D. Cal. Oct. 9, 2012) (Spero, J.).  The cases Plaintiffs cite do not hold otherwise.

18  *See Graves v. Sw. & Pac. Specialty Fin., Inc.*, 2013 WL 5945851, at *2 (N.D. Cal. Nov. 4, 2013)

19  ("A court may 'strike class allegations prior to discovery if the complaint demonstrates that a class

20  action cannot be maintained.'"); *Khorrami v. Lexmark Int'l Inc.*, 2007 WL 8031909, at *3 (C.D.

21  Cal. Sept. 13, 2007) (class allegations must be struck where "class allegations have 'no possible

22  bearing' on litigation"); *Erceg v. LendingClub Corp.*, 475 F. Supp. 3d 1071, 1079 (N.D. Cal. 2020)

23  ("class allegations should be stricken prior to certification" under certain circumstances).

24      Because Plaintiffs do not dispute that their allegations demonstrate that a class action cannot

25  be maintained, the class allegations should be stricken.

26  **IV.   CONCLUSION**

27      The Court should dismiss Plaintiff's Amended Complaint for the reasons stated in the

28  Motion and herein.  In the alternative, the Court should strike Plaintiffs' class allegations.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: August 31, 2023

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader
Brian M. Ercole
Mark A. Feller


By   /s/ David L. Schrader
     David L. Schrader

*Attorneys for Defendant Tesla, Inc.*