MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Brian M. Ercole
(*admitted pro hac vice*)
brian.ercole@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL  33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000
Fax: +1.415.442.1001

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY YEH on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.,<br><br>Defendant. | Case No. 3:23-cv-01704-JCS<br><br>**REPLY IN SUPPORT OF DEFENDANT TESLA, INC.'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS ON AN INDIVIDUAL BASIS AND TO DISMISS THE ACTION**<br><br>Hearing Date: October 20, 2023<br>Time: 9:30 a.m.<br>Ctrm: F, 15th Floor<br>Judge: Hon. Joseph C. Spero<br><br>Compl. Filed: April 7, 2023 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF TESLA'S MOTION TO COMPEL ARBITRATION OF
PLAINTIFF'S CLAIMS ON AN INDIVIDUAL BASIS  AND TO DISMISS THE ACTION

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. PLAINTIFF YEH'S CLAIMS MUST BE SENT TO ARBITRATION. ........................... 2

    A. Yeh's Unconscionability Arguments Must Be Decided By The Arbitrator Pursuant To Delegation Clauses He Does Not Challenge. ..................................... 2

    B. Even If The Court Were To Address Plaintiffs' Unconscionability Arguments, The Order Agreement Is Not Unconscionable. .................................. 3

        1. The Agreement Is Not Procedurally Unconscionable ............................... 4

        2. The Agreement Is Not Substantively Unconscionable. ............................. 5

            a. The Order Agreement Permits Public Injunctive Relief. ............... 5

            b. Even if Plaintiffs Were Correct, The Order Agreement Requires Severance Of Any Unenforceable Provision. ................. 8

    C. The Sale Agreement's Arbitration Provision Must Be Enforced, If The Arbitration Provision In The Order Agreement Does Not Govern. ........................ 9

III. PLAINTIFF G.Y.'S CLAIMS MUST BE ARBITRATED AS WELL. ......................... 10

    A. Equitable Estoppel Principles As To Minors Are Not Limited To Medical Care Contracts. .................................................................................................... 10

    B. Plaintiffs Cannot Try To Hide Behind A "Knowingly" Standard For Yeh's Fabricated Claims On Behalf Of His One-Year Old Son. ................................... 12

    C. G.Y. Cannot Avoid Arbitration Under Equitable Estoppel Principles By Trying To Disaffirm The Order Agreement. ....................................................... 13

IV. CONCLUSION ................................................................................................................ 15

i

REPLY IN SUPPORT OF TESLA'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS ON AN INDIVIDUAL BASIS AND TO DISMISS THE ACTION

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.D. v. Credit One Bank, N.A.*,
  885 F.3d 1054 (7th Cir. 2018) ................................................................................................ 11

*Alkutkar v. Bumble Inc.*,
  2022 WL 4112360 (N.D. Cal. Sept. 8, 2022), *reconsideration denied*, 2022
  WL 16973253 (N.D. Cal. Nov. 16, 2022) ................................................................................ 4

*Am. Exp. Co. v. Italian Colors Res.*,
  570 U.S. 228 (2013) ................................................................................................................ 10

*B.F. v. Amazon.com Inc.*,
  858 F. App'x 218 (9th Cir. 2021) ..................................................................................... 12, 13

*Brennan v. Opus Bank*,
  796 F.3d 1125 (9th Cir. 2015) .................................................................................................. 2

*Brown v. Madison Reed, Inc.*,
  2021 WL 3861457 (N.D. Cal. Aug. 30, 2021) ...................................................................... 7, 9

*Burris v. Discover Bank*,
  2019 WL 9516076 (C.D. Cal. Sept. 20, 2019) ......................................................................... 5

*Caremark, LLC v. Chickasaw Nation*,
  43 F.4th 1021 (9th Cir. 2022) ................................................................................................... 3

*Chan v. Charter Commc'ns Holding Co.*,
  2015 WL 12655701 (C.D. Cal. Aug. 6, 2015) ............................................................. 10, 11, 12

*Chien v. Bumble Inc.*,
  2022 WL 17069842 (S.D. Cal. Nov. 17, 2022) ........................................................................ 3

*Cir. City Stores, Inc. v. Ahmed*,
  283 F.3d 1198 (9th Cir. 2002) .................................................................................................. 4

*Coughenour v. Del Taco, LLC*,
  57 Cal. App. 5th 740 (2020) ................................................................................................... 15

*E.K.D. ex rel. Dawes v. Facebook, Inc.*,
  885 F. Supp. 2d 894 (S.D. Ill. 2012) ...................................................................................... 14

*DiCarlo v. MoneyLion, Inc.*,
  988 F.3d 1148 (9th Cir. 2021) .................................................................................................. 6

*Doe v. Epic Games, Inc.*,
  435 F. Supp. 3d 1024 (N.D. Cal. 2020) ............................................................................ 14, 15

*Doe v. Steele*,
  2021 WL 927363 (S.D. Cal. Mar. 11, 2021) ............................................................................ 4

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

ii
REPLY IN SUPPORT OF TESLA'S MOTION TO COMPEL ARBITRATION OF
PLAINTIFF'S CLAIMS ON AN INDIVIDUAL BASIS AND TO DISMISS THE ACTION

*Doyle v. Giuliucci*,
    62 Cal. 2d 606 (1965) .................................................................................................. 13

*Hill v. BBVA USA*,
    2021 WL 2206477 (S.D. Cal. June 1, 2021) ................................................................. 7

*Hodges v. Comcast Cable Commc'ns, LLC*,
    21 F.4th 535 (9th Cir. 2021) ...................................................................................... 6, 7

*Houtchens v. Google LLC*,
    2023 WL 122393 (N.D. Cal. Jan. 6, 2023) ................................................................... 3

*James v. Drivetime of Fresno*,
    2021 WL 389661 (E.D. Cal. Feb. 4, 2021), *report and recommendation
    adopted*, 2021 WL 780829 (E.D. Cal. Mar. 1, 2021) ................................................ 8, 9

*Jeong v. Nexo Cap. Inc.*,
    2023 WL 2717255 (N.D. Cal. Mar. 29, 2023) ........................................................... 8, 9

*In re Juul Labs, Inc., Antitrust Litig.*,
    555 F. Supp. 3d 932 (N.D. Cal. 2021) .......................................................................... 6

*Lee v. Postmates Inc.*,
    2018 WL 4961802 (N.D. Cal. Oct. 15, 2018) (Spero, J.) ............................................. 6

*Marron v. HealthSource Glob. Staffing, Inc.*,
    2019 WL 4384287 (N.D. Cal. Sept. 13, 2019) ............................................................. 7

*Marselian v. Wells Fargo & Co.*,
    514 F. Supp. 3d 1166 (N.D. Cal. 2021) ........................................................................ 3

*McGill v. Citibank, N.A.*,
    2 Cal. 5th 945 (2017) ............................................................................................ *passim*

*Nguyen v. Tesla, Inc.*,
    2020 WL 2114937 (C.D. Cal. Apr. 6, 2020) ............................................................. 7, 9

*Pereyra v. Guaranteed Rate, Inc.*,
    2019 WL 2716519 (N.D. Cal. June 28, 2019) .............................................................. 8

*Poublon v. C.H. Robinson Co.*,
    846 F.3d 1251 (9th Cir. 2017) ...................................................................................... 8

*Regis Metro Assocs., Inc. v. NBR Co., LLC*,
    2022 WL 267443 (N.D. Cal. Jan. 28, 2022) ................................................................. 7

*Rent-A-Ctr., W., Inc. v. Jackson*,
    561 U.S. 63 (2010) ........................................................................................................ 3

*In re Ring LLC Privacy Litigation*,
    2021 WL 4557222 (C.D. Cal. Sept. 3, 2021) .............................................................. 12

*S.S. by & through Stern v. Peloton Interactive, Inc.*,
    566 F. Supp. 3d 1019 (S.D. Cal. 2021) ....................................................................... 14

*Saperstein v. Thomas P. Gohagan & Co.*,
   476 F. Supp. 3d 965 (N.D. Cal. 2020) (Spero, J.) .......................................................... 3, 4, 5, 7

*Sparks v. Sparks*,
   101 Cal.App.2d 129 (1950) ............................................................................................... 13

*Trout v. Comcast Cable Commc'ns, LLC*,
   2018 WL 4638705 (N.D. Cal. Mar. 15, 2018) ..................................................................... 4

*Vaughn v. Tesla, Inc.*,
   87 Cal. App. 5th 208 ............................................................................................................ 7

**Statutes**

Cal. Civ. Code § 1641 ..................................................................................................................... 7

Cal. Fam. Code § 6710 ................................................................................................................. 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

Defendant Tesla, Inc. ("Tesla") submits this reply in support of its motion to compel arbitration the claims asserted by Plaintiffs Henry Yeh and G.Y. on an individual basis and to dismiss the action.

## I. INTRODUCTION

Yeh admits he purchased a Tesla vehicle to benefit his infant son G.Y. He admits he entered into two agreements with Tesla—both of which contain arbitration provisions with class waivers. And he does not dispute that these provisions unambiguously delegate any disputes over arbitrability to arbitrator to decide—not the Court. Thus, all of his claims, and his dependent son's intertwined and derivative claims, belong in arbitration. No further analysis is required.

Despite these agreed-upon facts, Plaintiffs' Opposition makes a variety of arguments to try to avoid arbitration. Each of them fails.

*First,* Plaintiffs claim that the Order Agreement is unconscionable. But the Order Agreement's delegation clause makes this an issue for the arbitrator to decide. Plaintiffs do not challenge that delegation clause, thereby ending the Court's analysis.

Regardless, the Order Agreement is not procedurally unconscionable, because it gave Yeh the opportunity to opt out of the arbitration clause if he wanted; he chose not to. Nor is the Order Agreement substantively unconscionable. It does not violate the *McGill* rule prohibiting arbitration agreements that bar injunctive relief, because Plaintiffs can pursue any claim for injunctive relief in arbitration under the plain terms of the Order Agreement and the AAA Consumer Arbitration rules incorporated into the agreement. At a minimum, any supposed violation of the *McGill* rule can be cured through the Order Agreement's unchallenged severance clause by sending all other claims and requests for relief to arbitration, striking the class allegations, and staying this proceeding pending the outcome of arbitration.

*Second,* Plaintiffs' argument that the Sale Agreement cannot be a basis to compel their claims to arbitration is similarly flawed. Plaintiffs seek to invalidate the arbitration provision in the Order Agreement as unconscionable. As explained below, Plaintiffs are wrong; thus, the Order Agreement's arbitration provision governs and the Court need not evaluate whether

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1
REPLY IN SUPPORT OF TESLA'S MOTION TO COMPEL ARBITRATION OF
PLAINTIFF'S CLAIMS ON AN INDIVIDUAL BASIS  AND TO DISMISS THE ACTION

arbitration must be compelled under the Sale Agreement.  But if Plaintiffs were correct, the arbitration provision in the Sale Agreement would govern.  Plaintiffs do not and cannot make any unconscionability challenges to the Sale Agreement.  In the alternative, therefore, their claims must be arbitrated under the Sale Agreement.

*Third,* G.Y.'s claims must be arbitrated under equitable estoppel principles.  Yeh does not dispute that he purchased his Tesla vehicle and entered into the Agreements for his son's direct benefit of having safe transportation; his allegations and claims are intertwined with those of G.Y.; he necessarily seeks to control G.Y.'s claims as his guardian; given that G.Y. lacks the capacity to participate in this case; and G.Y. relies on aspects of the Tesla Privacy Policy—which is incorporated into Order Agreement—to form the basis of his claims.  Yeh cannot use his one-year-old son as a pawn to try to avoid arbitration.  Under equitable estoppel principles (which cannot be disaffirmed), the Court must compel G.Y.'s claims to arbitration, too.

## II.   PLAINTIFF YEH'S CLAIMS MUST BE SENT TO ARBITRATION.

Yeh agrees that he entered into two valid Agreements that contain mandatory arbitration provisions.  Nonetheless, Yeh claims that:  (1) the Order Agreement's arbitration provision is unconscionable; and (2) the Sale Agreement is rendered irrelevant by the arbitration provision in the Order Agreement.  (Opp'n 1-2.)  Neither argument prevents arbitration of Yeh's claims. The Court should compel arbitration for multiple independent reasons.

### A.   Yeh's Unconscionability Arguments Must Be Decided By The Arbitrator Pursuant To Delegation Clauses He Does Not Challenge.

Both the Order Agreement and the Sale Agreement clearly and unmistakably delegate gateway issues of arbitrability to the arbitrator.  *See* Mot. at 16-18.  The Order Agreement's incorporation of the AAA rules constitutes an effective delegation clause. (Ahluwalia Decl. ¶ 3, ECF No. 38-2, Ex. 1 at 3); *Brennan v. Opus Bank*, 796 F.3d 1125, 1133 (9th Cir. 2015).  The Sale Agreement also has explicit language delegating threshold issues, too. (Ahluwalia Decl. ¶ 9-10, ECF No. 38-2, Ex. 2 at 7.)

Plaintiffs claim that the arbitration provision in the Order Agreement is procedurally and substantively unconscionable.  (Opp'n at 4-7.)  However, Plaintiffs make *no* unconscionability

challenge *to the delegation clause* of the Order Agreement. This is fatal. The Supreme Court, the Ninth Circuit, and this Court has held that if an arbitration agreement was formed and there is no challenge to the enforceability of the delegation clause, "all arguments going to the scope or enforceability of the arbitration provision are for the arbitrator to decide in the first instance." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022); *see also Rent-A-Ctr., W., Inc. v. Jackson,* 561 U.S. 63, 72 (2010) ("unless Jackson challenged the delegation provision specifically, we must treat it as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator"); *Saperstein v. Thomas P. Gohagan & Co.*, 476 F. Supp. 3d 965, 976-77 (N.D. Cal. 2020) (Spero, J.) ("a valid agreement exists . . . at least to arbitrate gateway issues of arbitrability . . . Whether any other provision of the parties' agreement might be unconscionable is for an arbitrator to decide.").

Applying this rule, courts routinely hold that where a party does not challenge an arbitration clause, all threshold issues regarding arbitrability, including all unconscionability challenges under the *McGill* rule, must be decided by the arbitrator. *See, e.g.*, *Houtchens v. Google LLC*, 2023 WL 122393, at *7 (N.D. Cal. Jan. 6, 2023) (" the issue of whether an arbitration provision is unenforceable under McGill is a matter regarding the validity of the arbitration provision and therefore delegated to the arbitrator to decide" (citation omitted)); *Marselian v. Wells Fargo & Co.*, 514 F. Supp. 3d 1166, 1176 (N.D. Cal. 2021) (collecting cases); *Chien v. Bumble Inc.*, 2022 WL 17069842, at *16 (S.D. Cal. Nov. 17, 2022) (compelling privacy claims to arbitration pursuant to delegation clause and lack of delegation-specific challenge).

That rule applies here. Plaintiffs do not challenge the delegation clause of either Agreement. In fact, they do not address this issue at all, and therefore concede it. Consistent with this controlling case law, Yeh's unconscionability challenges to the Order Agreement (and all of his claims) must be decided by the arbitrator. No further analysis is required.

**B.     Even If The Court Were To Address Plaintiffs' Unconscionability Arguments, <u>The Order Agreement Is Not Unconscionable</u>.**

Even if the Court were to address Plaintiffs' unconscionability arguments, the Order Agreement is not unconscionable. Under California law, "plaintiffs seeking to invalidate a

contractual provision as unconscionable must prove **both** procedural and substantive unconscionability." *Alkutkar v. Bumble Inc.*, 2022 WL 4112360, at *9 (N.D. Cal. Sept. 8, 2022) (emphasis added), *reconsideration denied*, 2022 WL 16973253 (N.D. Cal. Nov. 16, 2022); *see also Saperstein*, 476 F. Supp. 3d at 978. Plaintiffs cannot establish either.

### 1. The Agreement Is Not Procedurally Unconscionable.

There is no evidence of procedural unconscionability. Plaintiffs' sole procedural unconscionability argument is that the Order Agreement is a "contract of adhesion" and presented on a "take it or leave it" basis. (Opp'n at 4-5.) But this argument is foreclosed because the Order Agreement permits Yeh to opt-out within 30 days. (Ahluwalia Decl., ECF No. 38-2, Ex. 1 at 3.)

Absent exceptional circumstances, an arbitration provision with a 30-day opt-out clause is not a contract of adhesion or otherwise procedurally unconscionable. *Cir. City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199–200 (9th Cir. 2002) (plaintiff failed to establish establish procedural unconscionability of arbitration provision because he was given the opportunity to opt-out of the arbitration provision "by mailing in a simple one-page form" within 30 days); *Alkutkar*, 2022 WL 4112360, at *9 ("The existence of a meaningful opportunity to opt out of arbitration necessarily renders the Arbitration Agreement and its delegation clause procedurally conscionable as a matter of law."); *Trout v. Comcast Cable Commc'ns, LLC*, 2018 WL 4638705, at *5 (N.D. Cal. Mar. 15, 2018) (finding no procedural unconscionability because [a]lthough [plaintiff] insists this was a contract of adhesion, the opt-out opportunity means it was not").

Yeh claims that the agreement was "foisted" onto him without any meaningful chance to negotiate it (Opp'n 4-5), but he offers no declaration or other evidence to support this assertion. Yeh acknowledges he was able to opt out yet chose not to. (Opp'n 5; *see also* Ahluwalia Decl. ¶ 8, ECF No. 38-2 (Yeh did not opt out of arbitration provision)). This defeats his procedural unconscionability challenge. *See, e.g., Alkutkar*, 2022 WL 4112360, at *9; *Doe v. Steele*, 2021 WL 927363, at *6 (S.D. Cal. Mar. 11, 2021) (no unconscionability and compelling claims to arbitration because "[i]nstead of relying on evidence, Plaintiff rests upon on her allegations, attorney argument in her opposition brief, and conclusory statements").

Plaintiff suggests that the Order Agreement's opt-out provision is "illusory" because he

chose to finance his vehicle with Tesla and to enter into a separate Sale Agreement with no opt-out provision. (Opp'n 5.) This argument is nonsense, given Plaintiffs' position that the arbitration provision in the Order Agreement overrides that in the Sale Agreement. (*Id.* at 1-2.) Under Plaintiffs' own analysis, the Sale Agreement's lack of an opt-out provision is immaterial to the Order Agreement's conscionability. At any rate, the Sale Agreement contains different terms, is a separate contract about the financing of Yeh's vehicle purchase and was signed ***three months after*** he agreed to the Order Agreement. (Ahluwalia Decl. ¶ 4, ECF No. 38-2 (Yeh entered into Order Agreement on November 6, 2021), ¶ 9 (Yeh signed the Sale Agreement on February 26, 2022)). There is nothing illusory about the Order Agreement's opt-out provision.

Because Yeh fails to satisfy even the procedural unconscionability prong, the "[Court] need not reach [his] arguments that the agreement is substantively unconscionable." *Burris v. Discover Bank*, 2019 WL 9516076, at *5 (C.D. Cal. Sept. 20, 2019) (citation omitted) (declining to consider substantive unconscionability arguments because Plaintiff failed to present evidence of procedural unconscionability); *see also Saperstein*, 476 F. Supp. 3d at 978 (declining to address procedural unconscionability arguments because plaintiff failed to make his necessary showing of substantive unconscionability). Yeh's claims must be arbitrated.

## 2.     The Agreement Is Not Substantively Unconscionable.

Plaintiffs argue that the arbitration provision of the Order Agreement is unconscionable because "it is contrary to California's public policy of prohibiting waiver of public injunctive relief," as embodied by the *McGill* rule. (Opp'n 6.) Putting aside the delegation clause, this argument fails because the arbitration provision does not prohibit public injunctive relief. Even if it did, the proper remedy would be to sever any offending provision, strike the class allegations, compel arbitration of all other claims and requests for relief, and stay this proceeding.

### a.     The Order Agreement Permits Public Injunctive Relief.

Despite their rhetoric and conclusory labels, Plaintiffs do not seek public injunctive relief.[1] Nonetheless, even if they did, the arbitration provision in the Order Agreement does not

---

[1] Under binding Ninth Circuit precedent, "public injunctive relief within the meaning of *McGill* is limited to forward-looking injunctions that seek to prevent future violations of law for the benefit of the general public as a whole, as opposed to a particular class of persons, and that

5
REPLY ISO TESLA'S MOTION TO COMPEL ARBITRATION

bar such relief.  Arbitration provisions which merely preclude parties from arbitrating "collective," "class," or "representative" actions do not violate the *McGill* rule. *Lee v. Postmates Inc.*, 2018 WL 4961802, at *9 (N.D. Cal. Oct. 15, 2018) (Spero, J.) (compelling claims to arbitration and holding that class action waiver which "waive[d] their right to have any dispute or claim brought, heard or arbitrated as a class and/or collective action" or "representative action," did not preclude the recovery of public injunctive relief); *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1150-51, 1153 (9th Cir. 2021) (language which "authorize[d]' the arbitrator to 'award all [injunctive] remedies available in an individual lawsuit under [California] law'" did not run afoul the *McGill rule*); *In re Juul Labs, Inc., Antitrust Litig.*, 555 F. Supp. 3d 932, 956 (N.D. Cal. 2021) (compelling consumer claims to arbitration, noting that nothing in the Agreement or JAMS Optional Expedited Rules violated the *McGill* rule and noting that "public injunctive relief" is generally available in arbitration).

Here, while the language of the Order Agreement precludes class and representative actions, it does not bar public injunctive relief.  The Order Agreement's arbitration clause states that an arbitrator "cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles." (Ahluwalia Decl. ¶ 3, ECF No. 38-2, Ex. 1 at 3.)  It says nothing about precluding a plaintiff from seeking injunctive relief or public injunctive relief.  In fact, the Ninth Circuit has made clear that a "request for public injunctive relief 'does ***not*** constitute the pursuit of representative claims or relief **on behalf of others**,' nor does it involve 'prosecut[ing] actions on behalf of the general public.'" *Hodges*, 21 F.4th at 542 (emphasis added) (quoting *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017)).  Given this controlling definition of public injunctive relief, the Order Agreement does not come close to prohibiting such relief.  It merely prohibits class, representative, and other actions "on behalf of others." Plaintiffs' argument fails.

---

do so without the need to consider the individual claims of any non-party." *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 542 (9th Cir. 2021).  Plaintiffs request substantively private injunctions that affect only discrete classes of individuals.  (Am. Compl. ¶ 129(e)-(g).)  The *McGill* rule is inapplicable.  Nonetheless, the Court need not resolve this issue in order to compel arbitration of Plaintiffs' claims for all the many reasons stated herein.

Plaintiffs also selectively ignore the language of the arbitration agreement as a whole—violating a cardinal rule of contract construction. *See Regis Metro Assocs., Inc. v. NBR Co., LLC*, 2022 WL 267443, at *8-9 (N.D. Cal. Jan. 28, 2022) (court must construe contract "as a whole"); Cal. Civ. Code § 1641 (same). The very next sentence—after the clause which Plaintiffs focus on (Opp'n 4)— clarifies what is being prohibited: **"In other words,** you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any *class or representative action*." (Ahlwualia Decl., Ex. 1 at 3 (emphasis added).) This clarifying provision reiterates that the Order Agreement only prohibits Plaintiffs from bringing class or representative actions. It says nothing about public injunctive relief.

In addition, the Order Agreement does not violate the *McGill* rule for another reason. It incorporates the AAA Consumer Arbitration Rules. (Ahluwalia Decl. ¶ 4, ECF No. 38-2, Ex. 1 at 3.) These rules permit litigants to seek public injunctive relief. *Hill v. BBVA USA*, 2021 WL 2206477, at *4 (S.D. Cal. June 1, 2021) ("[the agreement] incorporates the AAA Rules, [] which permit arbitrators to award any 'remedy' or 'relief' available to a litigant in court." [citing AAA, Consumer Arbitration Rules, Rule 44(a)]); *Marron v. HealthSource Glob. Staffing, Inc.*, 2019 WL 4384287, at *9 (N.D. Cal. Sept. 13, 2019) (finding similarly phrased AAA Employment Arbitration rules permitted recovery of public injunctive relief). In other words, Plaintiffs are permitted by the applicable arbitration rules to seek the very relief they complain is unavailable to them. They just must do so in arbitration. *See Saperstein*, 476 F. Supp. 3d at 977 (". . . claims for public injunctive relief may be decided by an arbitrator if an arbitration agreement so provides").

Plaintiffs rely upon *Vaughn v. Tesla, Inc.*, 87 Cal. App. 5th 208 (2023, *Brown v. Madison Reed, Inc.*, 2021 WL 3861457 (N.D. Cal. Aug. 30, 2021), and *Nguyen v. Tesla, Inc.*, 2020 WL 2114937 (C.D. Cal. Apr. 6, 2020), but these cases are inapposite. None of these cases analyzed whether the agreements at issue incorporated the AAA rules and to what extent that impacted the *McGill* rule. Both *Brown* and *Nguyen* were decided before the Ninth Circuit's controlling decision in *Hodges* clarified the concept of public injunctive relief. And *Vaughn* and *Brown* involved totally different language than the arbitration provision in the Order Agreement.

The Order Agreement is not substantively unconscionable because even if Plaintiffs had

properly pled a request for public injunctive relief, Plaintiffs could seek such relief in arbitration.

### b. Even if Plaintiffs Were Correct, The Order Agreement Requires Severance Of Any Unenforceable Provision.

Even if some portion of the Order Agreement could be construed to prohibit public injunctive relief in contravention of the *McGill* rule (and it cannot), the proper remedy under the plain terms of the Order Agreement would be to refer all other claims and requests for relief to arbitration, strike the class allegations, and stay any request for public injunctive relief until the outcome of the arbitration proceeding.

California law has a "very liberal" view of severability. *Jeong v. Nexo Cap. Inc.*, 2023 WL 2717255, at *10 (N.D. Cal. Mar. 29, 2023). California courts regularly sever a component of an arbitration agreement that deviates from the *McGill* rule, while enforcing the underlying agreement to arbitrate. *Id.* at *9-10 (severing the phrase which stated that "any relief awarded cannot affect other clients" to cure *McGill* violation, compelling all other claims to arbitration, and staying the public injunctive relief claim pending the resolution arbitration); *see also James v. Drivetime of Fresno*, 2021 WL 389661, at *8 (E.D. Cal. Feb. 4, 2021) (severing PAGA claims, referring damages claims to arbitrator, and staying action), *report and recommendation adopted*, 2021 WL 780829 (E.D. Cal. Mar. 1, 2021). In determining whether severance of the offending provision is appropriate, "the dispositive question is whether 'the central purpose of the contract' is so tainted with illegality that there is no lawful object of the contract to enforce." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1273 (9th Cir. 2017)

The Order Agreement specifically states "[i]f a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated." (Ahluwalia Decl. ¶ 4, ECF No. 38-2, Ex. 1 at 3.) This severance clause requires that—to the extent Plaintiffs' challenges have any merit (and they do not)—everything except Plaintiffs' request for public injunctive relief must go to arbitration and all class allegations must be stricken. *See Pereyra v. Guaranteed Rate, Inc.*, 2019 WL 2716519, at *10 (N.D. Cal. June 28, 2019) ("Severability 'clauses evidence the parties' intent that, to the

extent possible, the valid provisions of the contracts be given effect, even if some provision is found to be invalid or unlawful." (internal citation and quotation marks omitted)).

Plaintiffs mistakenly contend that if there is a *McGill* issue, they may pursue all claims seeking injunctive relief in this Court. (*See* Opp'n 8.) This is not the law. Just the public injunctive relief aspect of a claim would remain here, while all other claims and requests for relief would be sent to arbitration. *See, e.g., Jeong*, 2023 WL 2717255, at *10; *James*, 2021 WL 389661, at *8. Plaintiffs' own cited cases confirm this. There, the courts there found that the offending arbitration clause could be severed from the rest of the agreement and compelled the remainder of the action to arbitration, including all other remedies associated with UCL, FAL, and CLRA claims. *Nguyen*, 2020 WL 2114937, at *5; *Brown*, 2021 WL 3861457, at *9. Those courts also struck the class allegations and stayed any non-arbitrable requests for public injunctive relief pending the outcome of the arbitration proceedings. *Id.*

The Court here need never reach this issue, given the delegation clause in the Order Agreement and the absence of any evidence of procedural or substantive unconscionability. Nonetheless, if the Court does find that some aspect of the arbitration provision is impacted by the *McGill* rule, it should strike the class allegations, send all other claims and requests for relief to arbitration, and stay the request for public injunctive relief until those proceedings conclude.

C. **The Sale Agreement's Arbitration Provision Must Be Enforced, If The Arbitration Provision In The Order Agreement Does Not Govern.**

The arbitration provision in the Sale Agreement provides an alternative basis to compel the arbitration of Yeh's claims. Unlike the Order Agreement, Yeh does not contend the Sale Agreement's arbitration provision is unenforceable. (Opp'n 2.) Thus, if the arbitration provision in the Order Agreement is found to be invalid for some reason (and it is not), the Sale Agreement requires arbitration of Yeh's claims.

As Yeh correctly notes, the arbitration provision of the Order Agreement states that it overrides other arbitration provisions between a customer and Tesla. (Ahluwalia Decl. ¶ 4, ECF No. 38-2, Ex. 1 at 3 ("If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance

contract.")) But the Order Agreement's arbitration provision does not override anything if it is held invalid or unenforceable, as Plaintiffs seek the Court to do. Plaintiffs cite no authority for the nonsensical proposition that an invalid arbitration provision can displace a valid one. To do so would conflict with the Supreme Court's mandate that under the FAA, "courts must 'rigorously enforce' arbitration agreements according to their terms." *Am. Exp. Co. v. Italian Colors Res.*, 570 U.S. 228, 233 (2013) (internal citation omitted).

It is undisputed that Yeh entered into the Sale Agreement. Yeh does not challenge the Sale Agreement's mandatory arbitration provision, including its class waiver. Thus, in the event the Order Agreement's arbitration provision were to be held invalid, the Court still must compel Yeh's claims to arbitration on an individual basis.

### III. PLAINTIFF G.Y.'S CLAIMS MUST BE ARBITRATED AS WELL.

California law permits a nonsignatory to be compelled to arbitrate where "a preexisting relationship existed between the nonsignatory and one of the parties to the arbitration agreement, making it equitable to compel the nonsignatory to also be bound to arbitrate his or her claim." *Chan v. Charter Commc'ns Holding Co.*, 2015 WL 12655701, at *5 (C.D. Cal. Aug. 6, 2015) (quoting *Crowley Mar. Corp. v. Bos. Old Colony Ins. Co.*, 158 Cal. App. 4th 1061, 1069-70 (2008) and collecting authority). It is equitable here. Yeh is G.Y.'s father and guardian; Yeh entered into the Order Agreement in part for G.Y.'s benefit; Yeh's claims are intertwined with those of his father; and Yeh only added his one-year-one-old infant son as a plaintiff after Tesla moved to compel arbitration of Yeh's claims. (Mot. 22.) Under these unique factual circumstances, principles of equitable estoppel require arbitration of G.Y.'s claims. (*Id.* at 23.)

To try to avoid arbitration, G.Y. asserts three arguments: (1) the Order Agreement is not a contract for medical necessity; (2) G.Y. did not knowingly exploit the Order Agreement; and (3) Plaintiff G.Y. exercised his right to disaffirm the Agreements. (*See* Opp'n 8-12.) Plaintiffs are wrong on all three accounts.

#### A. Equitable Estoppel Principles As To Minors Are Not Limited To Medical Care Contracts.

Plaintiff G.Y. does not dispute that a minor can be bound by a contract signed by his or

her parent. (Opp'n at 9.) Plaintiff Yeh even alleges that he entered into the Order Agreement for G.Y.'s benefit. (Am. Compl. ¶¶ 50-51 (he chose Tesla vehicle to protect "his family's privacy" and to give "safe and reliable" transportation to his family).) Nonetheless, Plaintiffs argue that minors may only be bound as nonsignatories by agreements for medical care or other contracts of necessities. (*See* Opp'n 11, n.4 (citing *In re Ring LLC Priv. Litig.*, 2021 WL 2621197, at *8 (C.D. Cal. June 24, 2021, *Am. Acad. of Pediatrics v. Lungren*, 16 Cal. 4th 307, 315 (1997) and *Cnty. of Contra Costa v. Kaiser Found. Health Plan, Inc.*, 47 Cal. App. 4th 237, 243 (1996)).) There is no such limitation. The doctrine focuses on the relationship between the signatory and non-signatory and the equitable circumstances at issue. *See Chan*, 2015 WL 12655701, at *5; *Cnty. of Contra Costa.*, 47 Cal. App. 4th at 242-43. That standard is clearly met here.

Even if there were a "contract of necessity" requirement, that standard is met here, too. A vehicle is essential in this day and age. Even Mr. Yeh agrees. As alleged, Mr. Yeh's Tesla vehicle was a critical product that he purchased—and entered into the Agreements—for the safety and privacy of his infant son, G.Y. (Am. Compl. ¶¶ 50-51.) Transportation is a fundamental necessity that a parent provides to an infant child who is completely dependent on his or her parent. Accordingly, Plaintiffs' own standard is met.

Plaintiffs rely on an out-of-circuit case involving a credit card agreement, *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054 (7th Cir. 2018), but *A.D.* is fundamentally different from the case at issue and does not involve the application of California law. There, a 15 year old plaintiff alone (her mother was not a named plaintiff) sued a credit card company because it made harassing calls to her cell phone number in violation of the TCPA to collect a debt relating to the mother's credit card. *Id.* at 1058. There were no allegations that the mother entered into the agreement for the benefit of the minor. *Id.* And, unlike here the minor was a teenager sufficiently competent to participate in the litigation. Importantly, applying Nevada law, the court found that equitable estoppel did not apply because the only benefit the child received from the agreement was "limited to following her mother's directions to pick up the smoothies that her mother had ordered previously." *Id.* at 1064.

Here, Mr. Yeh's purchase of a Tesla vehicle was a critical product that he admittedly

purchased for the direct benefit of G.Y.'s safety and privacy. Where, as in this case, a one-year old child receives the benefit of his father's agreement for the purchase of a vehicle and then is used by his father to bring derivative privacy-related claims arising out of the purchase, condition, and operation of that vehicle (alongside those of his father), it is only equitable that the infant be required to arbitrate his claims. *See Chan*, 2015 WL 12655701 at *5.

### B. Plaintiffs Cannot Try To Hide Behind A "Knowingly" Standard For Yeh's Fabricated Claims On Behalf Of His One-Year Old Son.

Plaintiffs also contend that a non-signatory minor may only be bound by an arbitration agreement, signed by his parent, if he or she "knowingly" exploits that agreement. (Opp'n 9.) Plaintiffs are incorrect. Under California law, a minor need not "knowingly" exploit a contract to be bound by it, so long as a special relationship exists between the nonsignatory and one of the parties to the arbitration agreement, thereby "making it equitable to compel the nonsignatory . . . to arbitrate his or her claim." *Cnty. of Contra Costa*, 47 Cal. App. 4th at 242-43. As discussed above, the focus is on the equitable circumstances, the nature of the parties' relationship, and claims at issue. *Id.*; *Chan*, 2015 WL 12655701 at *5 (applying principle to compel arbitration).

Regardless, that standard is met here. Yeh specifically alleges that he intended to confer a benefit to his son by purchasing a Tesla vehicle. (Am. Compl. ¶¶ 50-51.) And Plaintiff G.Y., through his father, seeks to affirmatively utilize the Order Agreement through his claims. G.Y. alleges that his "expectation of privacy" stems from Tesla's Privacy Policy, which he claims Tesla violated. (*Id.* ¶ 71 ("Their expectation of privacy in their vehicle stemmed from Tesla's clearly-stated [Privacy] [P]olicy that it would not misuse videos or images it captures"); *see also id.* ¶¶ 13-14, 31, 33-34 (discussing Privacy Policy and Tesla's alleged violation of it).) That Privacy Policy is expressly incorporated into and made part of Yeh's Order Agreement. (Ahluwalia Decl. ¶ 4, ECF No. 38-2, Ex. 1 at 3 ("Privacy Policy").) Because the Privacy Policy on which G.Y. bases his claims is linked to and incorporated into the Order Agreement, G.Y. cannot now avoid the arbitration provision that his father agreed to as part of that agreement.

Plaintiffs cite *In re Ring LLC Privacy Litigation*, 2021 WL 4557222 (C.D. Cal. Sept. 3, 2021) and *B.F. v. Amazon.com Inc.*, 858 F. App'x 218 (9th Cir. 2021), but they are inapposite.

*B.F.* applied Washington law—not California law. *B.F.*, 858 F. App'x at 220 ("The Washington Supreme Court's application of this rule . . . compels our conclusion."). And neither case involved, like here, a purchase of a critical product for the benefit of a minor who relies, in part, on the agreement (and its incorporated privacy policy) in connection with this claims.

In addition, the claims of Yeh and G.Y. are not just intertwined, but G.Y.'s claims will depend on both Yeh and his claims. Plaintiffs do not dispute that the Amended Complaint simply lumps G.Y. together with Yeh—without distinction—for each count asserted on behalf of G.Y. (Am. Compl. ¶¶ 70-84, 89, 94, 103-105, 124-128 (referring to "Plaintiffs" without distinction).) While Plaintiffs argue that "a factfinder could determine that Tesla violated G.Y.'s privacy rights, but not Mr. Yeh's" (Opp'n 10), they do not explain how. There is not a single factual allegation about G.Y. in the Complaint, and his claims necessarily rest upon his father's purchase of the vehicle, what his father relied upon at the time of purchase, what his father agreed to or did not agree to through the Tesla Privacy Policy, and ultimately his father's testimony and control since G.Y. is a one-year-old infant incompetent to testify – let alone participate in discovery.

In short, G.Y. is an afterthought concocted to try to avoid sending this entire case to arbitration. Equitable circumstances warrant holding G.Y. to the Order Agreement that requires arbitration of his father's claims.

### C. G.Y. Cannot Avoid Arbitration Under Equitable Estoppel Principles By Trying To Disaffirm The Order Agreement.

G.Y. lastly argues that if he is bound by the Order Agreement, he disaffirms it. (Opp'n 12.) G.Y. misconstrues the law of disaffirmance—which is inapplicable here.

Under California law, the right to disaffirmance arises where a minor affirmatively enters into an agreement. *See* Cal. Fam. Code § 6710 (referring to "contract of a minor"); *Doyle v. Giuliucci*, 62 Cal. 2d 606, 610 (1965) (minor could not disaffirm medical service contract entered into by her father for her benefit). It reflects a policy of "shield[ing] minors from their lack of judgment and experience and confer[ring] upon them the right to avoid ***their contracts*** in order that they may be protected against their own improvidence and the designs and machinations of other people." *Sparks v. Sparks*, 101 Cal.App.2d 129, 137 (1950) (emphasis added). Even under

13
REPLY ISO TESLA'S MOTION TO COMPEL ARBITRATION

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

those circumstances, the doctrine may only be used as a shield—not a sword. *E.K.D. ex rel. Dawes v. Facebook, Inc.*, 885 F. Supp. 2d 894, 899 (S.D. Ill. 2012) (citing *Hastings v. Dollarhide*, 24 Cal. 195, 216 (1864)).

The disaffirmance principle has no applicability to whether a minor must arbitrate his or her claims under equitable estoppel principles. Courts have expressly noted that "infancy defense may not be used inequitably to retain the benefits of a contract while reneging on the obligations attached to that benefit." *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1036 (N.D. Cal. 2020) (citation omitted).

Disaffirmance does not apply in this case. Equitable principles bind G.Y. as a result of his relationship with his father, the nature of the agreement, and the claims asserted. This case does not involve a minor's ill-conceived decision to affirmatively enter into an agreement. The purpose of disaffirmance—to protect children from their lack of judgment—is not implicated in this case at all. Moreover, G.Y. has not fully rejected the benefits of the agreement; instead, he bases his claims on the Privacy Policy incorporated into his father's Order Agreement. (*See* Am. Compl. ¶ 71.) As a result, G.Y. cannot disaffirm his obligation to arbitrate.

None of the cases cited by Plaintiff hold otherwise. In *S.S. by & through Stern v. Peloton Interactive, Inc.*, 566 F. Supp. 3d 1019 (S.D. Cal. 2021), a three year-old brought personal injury claims that occurred while his father was using an exercise treadmill (which, of course, was never purchased for a toddler). *Id.* at 1035. The court rejected the company's attempt to compel the toddler's claim to arbitration pursuant to his father's arbitration agreement with Peloton. *Id.* at 1037. Notably, the court found that equitable estoppel principles did not apply because the toddler "never benefitted from the services provided by Peloton [but was] [i]nstead . . . harmed by [his father's] use of Peloton's products and services." *Id.* at 1036. While the court stated that the child could disaffirm the arbitration agreement, this was *dicta*, because the court found that equitable estoppel principles were inapplicable. The court further noted that the case was "unique." *Id.* At no point did the court announce a broad rule that a child could simply avoid equitable estoppel principles merely by having his guardian—who is bound to arbitrate—state that the non-signatory child wants to disaffirm arbitration, even where the claims of the parent

and child are factually and legally intertwined.

*Coughenour v. Del Taco, LLC,* 57 Cal. App. 5th 740 (2020) is also inapposite. There, a 16-year old signed an employment agreement with a fast food chain, quit shortly after her 18th birthday, and sued the chain for severe sexual harassment, battery, and labor code violations. *Id.* at 744. The Court refused to compel her claims to arbitration pursuant to the employment agreement because she disaffirmed the agreement via her lawsuit within a reasonable time of becoming of age. *Id.* at 750. No parent or parental claims were involved at all in the lawsuit. Equitable estoppel principles were not at issue.

Finally, in *Doe v. Epic Games, Inc.,* 435 F. Supp. 3d 1024 (N.D. Cal. 2020), a minor used his own phone and money to download a mobile video game and to make in-app purchases in the game. *Id.* at 1034. The minor plaintiff claimed that the video game maker improperly targeted minors for profit, and, in response, the video game maker sought to compel arbitration via the software agreement associated with the app. *Id.* at 1034-35. The court found that the minor validly disaffirmed a software agreement that contained an arbitration provision which he entered into because he filed a lawsuit, sent a disaffirming letter, and ceased playing the video game. *Id.* at 1037. The parent was not involved in the purchases and asserted no claims. Equitable estoppel principles were not at issue there either.

In short, Yeh cannot use his infant son to try to circumvent the arbitration process. G.Y.'s claims are subject to arbitration, just like his father's claims, and his attempt to "disaffirm" the Order Agreement is ineffective.

## IV.   CONCLUSION

The Court should order Plaintiffs to arbitrate all of their claims against Tesla on an individual basis and dismiss Plaintiffs' claims.

DATED: August 31, 2023                    Respectfully submitted,

                                          MORGAN, LEWIS & BOCKIUS LLP

                                          By   s/ *David L. Schrader*
                                               David L. Schrader

                                          *Attorneys for Defendant Tesla, Inc.*